| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____   Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's Name**  
   Bouchard Transportation Co., Inc.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   **13-4966190**

4. **Debtor's address**

   **Principal place of business**  
   **58 South Service Road**  
   Number    Street  
   **Suite 150**  
   **Melville,**         **New York**    **11747**  
   City            State     Zip Code  

   **Suffolk**  
   County  

   **Mailing address, if different from principal place of business**  
   Number    Street  
   P.O. Box  
   City       State    Zip Code  

   **Location of principal assets, if different from principal place of business**  
   Number    Street  

   City       State    Zip Code  

5. **Debtor's website** (URL)   https://www.bouchardtransport.com/

6. **Type of debtor**  
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

Debtor **Bouchard Transportation Co., Inc.**
      Name

Case number (if known) _____

| | | |
|---|---|---|
| 7. | Describe debtor's business | A. *Check One:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.<br>**4831** |
| 8. | Under which chapter of the Bankruptcy Code is the debtor filing?<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check One:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check all that apply:*<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years?<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes.  District _____ When _____ Case number _____<br>                                              MM/DD/YYYY<br>     District _____ When _____ Case number _____<br>                                              MM/DD/YYYY |

Debtor     **Bouchard Transportation Co., Inc.**          Case number *(if known)* _____
      Name

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor    **See Rider 1**<br>District   **Southern District of Texas**<br>Case number, if known _____ | Relationship   **Affiliate**<br>When   **09/28/2020**<br>      MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
    Number   Street

_____
City    State    Zip Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

| **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Debtor    **Bouchard Transportation Co., Inc.**                Case number *(if known)*
          Name

### 15. Estimated assets

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **09/28/2020**
               MM/ DD / YYYY

✗    **/s/ Morton S. Bouchard III**                    **Morton S. Bouchard III**
     Signature of authorized representative of debtor   Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

✗    **/s/ Matthew D. Cavenaugh**             Date    **09/28/2020**
     Signature of attorney for debtor                 MM/DD/YYYY

**Matthew D. Cavenaugh**

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number         Street

**Houston**                                    **Texas**        **77010**
City                                           State            ZIP Code

**(713) 752-4200**                             **mcavenaugh@jw.com**
Contact phone                                  Email address

**24062656**                  **Texas**
Bar number                    State

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Bouchard Transportation Co., Inc.

- Bouchard Transportation Co., Inc.
- B. No. 240 Corp.
- B. No. 295 Corp.
- Tug Barbara E. Bouchard Corp.
- Tug Bouchard Girls Corp.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., | Case No. 20-_____ (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Bouchard Transportation Co., Inc. | Trusts for the benefit of Morton S. Bouchard III or his family members | c/o BTC, 58 South Service Road, Suite 150, Melville, NY 11747 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC. | Case No. 20-_____ (___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

Bouchard Transportation Co., Inc. is owned 100% by trusts for the benefit of Morton S. Bouchard III or his family members.

**Fill in this information to identify the case:**

Debtor name: Bouchard Transportation Co., Inc., *et al.*

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number *(If known)*: _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | VT HALTER MARINE<br>900 BAYOU CASOTTE PKWY<br>PASCAGOULA, FL MS 39581 | (228) 696-6888 | Trade claim | Disputed | | | 17,350,000 |
| 2 | INTERNATIONAL SHIP REPAIR<br>1616 PENNY ST<br>TAMPA, FL 33602 | (813) 247-1118 | Trade claim | Disputed | | | 3,188,010 |
| 3 | MCALLISTER TOWING & TRANSPORTATION<br>17 BATTERY PLACE, SUITE 1200<br>NEW YORK, NY 10004 | BUCKLEY MCALLISTER<br>(212) 269-3200<br>MCALLISTER_BB@MCALLISTERTOWING.COM | Trade claim | | | | 2,204,261 |
| 4 | THE PORT AUTHORITY OF NY & NJ<br>P.O. BOX 95000<br>PHILADELPHIA, PA 19195-1517 | (718) 330-2975 | Government Claim | | | | 1,698,928 |
| 5 | PROVIDENCE STEAMBOAT<br>P.O.BOX 5506<br>CAROL STREAM, IL 60197-5506 | (401) 331-1930 | Trade claim | | | | 1,337,600 |
| 6 | CLEAN WATER OF NEW YORK, INC.<br>3249 RICHMOND TERRACE<br>STATEN ISLAND, NY 10303-0312 | (718) 981-4600 | Trade claim | | | | 765,973 |
| 7 | STEWART & STEVENSON<br>P.O. BOX 301063<br>DALLAS, TX 75303-1063 | (833) 385-0284 | Professional Services | | | | 551,909 |

Debtor   Bouchard Transportation Co., Inc., *et al.*     Case Number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | FREEHILL, HOGAN, & MAHAR LLP<br>80 PINE STREET<br>NEW YORK, NY 10005-1759 | 212-425-1900 | Professional Services | | | | 453,610 |
| 9 | ARMORICA SALES INC.<br>2589 RICHMOND TERRACE<br>STATEN ISLAND, NY 10310 | (718) 448-9201 | Trade Claim | | | | 453,505 |
| 10 | OWEN PETERSEN & COMPANY<br>399 ROUTE 109  SUITE 2<br>WEST BABYLON, NY 11704-6213 | (631) 321-9800 | Professional Services | | | | 370,000 |
| 11 | ROLLS-ROYCE PLC<br>HSBC BANK PLC<br>LONDON, UNITED KIGDOM SE1 9WP | (703) 834-1700 | Trade claim | Disputed | | | 365,655 |
| 12 | UNITEDHEALTHCARE INSURANCE COMPANY<br>22703 NETWORK PLACE<br>CHICAGO, IL 60673-1227 | (872) 241-1585 | Trade claim | | | | 345,851 |
| 13 | MURPHY, ROGERS, SLOSS & GAMBEL<br>ONE SHELL SQUARE<br>NEW ORLEANS, LA 70139-7909 | (985) 340-2007 | Professional Services | | | | 296,976 |
| 14 | NRE POWER SYSTEMS INCORPORATED<br>8440 SOLUTIONS CENTER<br>CHICAGO, IL 60677-8004 | (985) 872-5480 | Trade claim | Disputed | | | 250,000 |
| 15 | PLAZA MARINE, INCORPORATED / HARBOR PLAZA CONSOLIDATED<br>P.O. BOX 842610<br>BOSTON, MA 02284-02610 | (732) 223-7000 | Trade Claim | | | | 234,856 |
| 16 | NORTHEASTERN AIR MANAGEMENT CORP.<br>8200 REPUBLIC AIRPORT<br>FARMINGDALE, NY 11735 | (800) 234-0046 | Trade Claim | Disputed | | | 226,548 |
| 17 | GMD SHIPYARD CORP.<br>BROOKLYN NAVY YARD BLDG #595<br>BROOKLYN, NY 11205 | (718) 260-9200 | Trade claim | | | | 200,000 |
| 18 | ST ENGINEERING HALTER MARINE<br>PO BOX 1308<br>PASCAGOULA, MS 39568-1308 | (228) 762-0010 | Trade Claim | Disputed | | | 163,681 |

Debtor     Bouchard Transportation Co., Inc., *et al.*          Case Number (if known) _____
           Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | MARINE SYSTEMS INC. PO BOX 301284 DALLAS, TX 75303-1284 | (270) 538-2900 | Trade Claim | | | | 161,123 |
| 20 | GULF COPPER & MANUFACTURING 5700 PROCTER STREET EXT PORT ARTHUR, TX 77554 | (409) 983-1691 | Trade Claim | | | | 150,000 |
| 21 | CFGI, LLC C/O M&T LOCKBOX 8000159 AMHERST, NY 14228 | (646) 360-2850 | Professional Services | Disputed | | | 147,138 |
| 22 | MCA ASSOCIATES., INC. 8 SOUND SHORE DRIVE GREENWICH, CT 06830 | (203) 622-6878 | Trade Claim | | | | 136,057 |
| 23 | SKOUT MONITORING 270 SOUTH SERVICE ROAD MELVILE, NY 11747 | (631) 203-6600 | Trade Claim | Disputed | | | 126,005 |
| 24 | INTERCONTINENTAL P.O. BOX 9055 KANSAS CITY, MO 64168 | (816) 741-0700 X103 | Trade Claim | | | | 120,648 |
| 25 | METROPOLITAN MARINE TRANSPIRATION, INC. 2411 RICHMOND ROAD STATEN ISLAND, NY 10306 | (409) 989-0300 | Trade Claim | | | | 101,231 |
| 26 | PLATTS PO BOX 848093 DALLAS, TX 75284-8093 | (212) 904-4324 | Trade Claim | | | | 100,362 |
| 27 | ENGINE SYSTEMS DBA MARINE SYSTEMS PO BOX 301138 DALLAS, TX 75303-1138 | (985) 223-7100 | Trade Claim | | | | 97,094 |
| 28 | FLIGHT SAFETY INTERNATIONAL PO BOX 75691 CHARLOTTE, NC 28275 | (718) 565- 4100 | Trade Claim | | | | 94,971 |
| 29 | A.R.M. MARINE SUPPLY, LLC 1249 86TH STREET BROOKLYN, NY 11228 | (718) 833-8787 | Trade Claim | | | | 94,140 |
| 30 | L & R MIDLAND, INC. P.O. BOX 19458 HOUSTON, TEXAS 77224 | (713) 680-0909 | Trade Claim | | | | 92,470 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Bouchard Transportation Co., Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**09/28/2020**
MM/ DD/YYYY

☒ /s/ *Morton S. Bouchard III*
Signature of individual signing on behalf of debtor

**Morton S. Bouchard III**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

Official Form 202     Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF EACH OF THE COMPANIES
SET FORTH ON EXHIBIT A ATTACHED HERETO
IN LIEU OF A SPECIAL MEETING**

September 28, 2020

The undersigned are the requisite members of the board of directors (each, an "Authorizing Body" and collectively, the "Authorizing Bodies") of each subsidiary of Bouchard Transportation Co., Inc., a New York corporation (the "Corporation"), set forth on **Exhibit A** attached hereto (each a "Company," and together with the Corporation, the "Companies"), each organized and existing under the internal laws of the state of incorporation or formation, as applicable, set forth opposite each Subsidiary's name on **Exhibit A**. Each Authorizing Body, in lieu of holding a special meeting, hereby takes the following actions and adopts the following resolutions (the "Resolutions") by unanimous written consent pursuant to each Company's bylaws or such similar operating document and the applicable laws of the state of incorporation or formation, as applicable, of each Company.

*WHEREAS*, each Authorizing Body has reviewed and considered (i) the presentations by the Companies' management team and the recommendation by the Companies' management team that the Companies each file a Chapter 11 Case (as defined below), (ii) the presentations by the financial, legal, and other advisors of the Companies (the "Advisors") regarding the Companies' liabilities and liquidity, the strategic alternatives available to them, and the impact of the foregoing on the Companies' business, and (iii) the information and advice previously provided to and reviewed by each Authorizing Body; and

*WHEREAS*, each Authorizing Body has had the opportunity to consult with the Advisors and has fully considered each of the strategic alternatives reasonably available to the Companies; and

*WHEREAS*, in the judgment of each Authorizing Body, it is desirable and in the best interests of the Companies and their respective stockholders, creditors, and other parties in interest that each Company set forth on **Exhibit A** shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

1

**WHEREAS**, each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Prepetition Secured Lenders") party to:

a) that certain Loan Agreement, dated as of October 30, 2013 (as amended by that certain First Amendment to Loan Agreement, Note and Guaranty, dated as of February 4, 2015, that certain Second Amendment and Waiver, dated as of May 15, 2015, that certain Second Amendment to Loan Agreement, Note and Guaranty, dated as of October 30, 2018, that certain Third Amendment to Loan Agreement, dated as of April 29, 2019, that certain Fourth Amendment, Forbearance, Waiver and Joinder to Loan Agreement, dated as of November 5, 2019, and as further amended, modified, extended, restated, replaced, or supplemented from time to time), by and among the Corporation, the guarantors party thereto, and Wells Fargo Bank, N.A.; and

b) that certain Loan and Security Agreement (S/N 6302), dated as of March 10, 2020, by and between the Corporation, Fortress Credit Co. LLC, as a lender and as agent on behalf of the lenders, and the other lenders from time to time party thereto;

**WHEREAS**, in connection with filing voluntary petitions for relief under the Bankruptcy Code, the Companies propose to solicit proposals for, negotiate, and enter into debtor-in-possession financing (any such financing, "DIP Financing") and, with the consent of any applicable Prepetition Secured Lenders, use the Corporation's Cash Collateral; and

**WHEREAS**, the Corporation will obtain direct and indirect benefits from the incurrence of DIP Financing and consensual use of Cash Collateral; and

**WHEREAS**, each Authorizing Body has considered presentations by the Advisors regarding the retention of such Advisors by each Company; and

**WHEREAS**, each Authorizing Body desires to approve the following Resolutions:

**I.    Chapter 11 Filing**

***NOW, THEREFORE, BE IT RESOLVED***, that each Authorizing Body has determined that it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing chapter 11 cases for the Companies (such voluntary chapter 11 cases, the "Chapter 11 Cases"); and it is

***RESOLVED FURTHER***, that the Chief Executive Officer, the Chief Restructuring Officer, and/or any other duly authorized officer of the Companies (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business; and it is

## II. Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection

***RESOLVED FURTHER***, that the Companies will obtain benefits from the incurrence of DIP Financing, which is necessary and appropriate to the conduct, promotion, and attainment of the business of the Companies; and it is

***RESOLVED FURTHER***, that the Authorized Officers and the Advisors are authorized, empowered, and directed to solicit proposals for DIP Financing and to negotiate and finalize the form, terms, and provisions of any such DIP Financing; and it is

***RESOLVED FURTHER***, that the form, terms and provisions of any DIP Financing approved by one or more of the Authorized Officers, and each Company's incurrence and performance of its obligations under such DIP Financing, including any grant of security interests, guaranties of indebtedness, or borrowings of loans in such amounts as may be available from time to time thereunder and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects, authorized and approved; and it is

***RESOLVED FURTHER***, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized by its Authorizing Body to incur any and all related transactions contemplated by such DIP Financing (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Companies; and it is

***RESOLVED FURTHER***, that each of the Authorized Officers (and their designees and delegates) acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies, as debtors and debtors-in-possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Companies to incur and perform its obligations under, as the case may be, any DIP Financing and any Financing Transactions, and any loan documents contemplated thereby (including, without limitation, any amendments, waivers or other modifications of any of such loan documents) that

may be contemplated by, or required in connection with, any DIP Financing or Financing Transactions (collectively, the "DIP Financing Documents"); and it is

***RESOLVED FURTHER***, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Authorizing Bodies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Financing Documents, and to execute and file on behalf of the Companies all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof; and it is

***RESOLVED FURTHER***, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company be, and hereby is, authorized to provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") to be documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court; and it is

***RESOLVED FURTHER***, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order and the DIP Financing Documents (together with the DIP Order, collectively, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

***RESOLVED FURTHER***, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions"), including granting liens on its assets to secure such obligations; and it is

***RESOLVED FURTHER***, that the Authorized Officers of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession, to take such actions as in

their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and it is

*RESOLVED FURTHER*, that each of the Authorized Officers of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is

### III. Retention of Professionals

*RESOLVED FURTHER*, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland; and it is

*RESOLVED FURTHER*, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay

appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker; and it is

***RESOLVED FURTHER***, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies") as investment banker to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by each Authorizing Body, creditors, or other third parties, as requested by each Company, evaluating each Company's capital structure, responding to issues related to each Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each Company's assets; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and it is

***RESOLVED FURTHER***, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Portage Point Partners, LLC ("Portage Point"), as restructuring advisor, and to take any and all actions to advance each of each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage Point; and it is

***RESOLVED FURTHER***, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto; and it is

***RESOLVED FURTHER***, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

  ***RESOLVED FURTHER***, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case; and it is

IV. **General**

  ***RESOLVED FURTHER***, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

  ***RESOLVED FURTHER***, that each Authorizing Body, in its capacity as the governing body of each Company and the Authorizing Body have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and it is

  ***RESOLVED FURTHER***, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, each of the Authorizing Bodies and each of the Authorized Officers are hereby authorized to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the Companies, and under its corporate seal or otherwise pay all such fees and expenses, which shall in his or her business judgment may be necessary, proper, or advisable.

  ***RESOLVED FURTHER***, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the resolutions of the Authorizing Body.

*   *   *   *   *

This written consent in lieu of each Authorizing Body shall be effective as of the date first written above when executed by such Authorizing Body in the places designated for their signatures below.

_____
Morton S. Bouchard III

**BEING THE SOLE DIRECTOR OF THE AUTHORIZING BODIES, AS APPLICABLE, OF BOUCHARD TRANSPORTATION CO., INC.; B. NO. 240 CORP.; B. NO. 295 CORP.; TUG BARBARA E. BOUCHARD CORP.; AND TUG BOUCHARD GIRLS CORP.**

## **Exhibit A**

Subsidiaries

| Name | Jurisdiction |
|---|---|
| B. No. 240 Corp. | New York |
| B. No. 295 Corp. | New York |
| Tug Barbara E. Bouchard Corp. | New York |
| Tug Bouchard Girls Corp. | New York |