**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., | ) ) ) | Case No.  20-34682 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 13-4966190 | ) | |
| In re: | ) | Chapter 11 |
| B. NO. 240 CORP., | ) ) | Case No.  20-34680 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 11-3188260 | ) | |
| In re: | ) | Chapter 11 |
| B. NO 295 CORP., | ) ) | Case No.  20-34683 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 11-2991019 | ) | |
| In re: | ) | Chapter 11 |
| TUG BARBARA E. BOUCHARD CORP., | ) ) | Case No.  20-34681 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 11-3087889 | ) | |

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TUG BOUCHARD GIRLS CORP., | ) | Case No. 20-34684 (DRJ) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-2991231 | ) | |

## DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that emergency consideration is not warranted, you should file an immediate response.**
>
> **Relief is requested in less than 21 days.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (this "<u>Motion</u>"):[1]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") maintain one file and one docket for all of the jointly administered cases under the case of Bouchard Transportation Co., Inc., and that the cases be administered under a consolidated caption, as follows:

---

[1] Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion.

2

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) Case No. 20-34682 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bouchard Transportation Co., Inc. (6190); B. No. 240 Corp. (8260); B. No. 295 Corp. (1019); Tug Barbara E. Bouchard Corp. (7889); and Tug Bouchard Girls Corp. (1231). The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, NY 11747.

2.  The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Bouchard Transportation Co., Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Bouchard Transportation Co., Inc., Case No. 20-34682 (DRJ); B. No. 240 Corp., Case No. 20-34680 (DRJ); B. No. 295 Corp., Case No. 20-34683 (DRJ); Tug Barbara E. Bouchard Corp., Case No. 20-34681 (DRJ); and Tug Bouchard Girls Corp., Case No. 20-34684 (DRJ); **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-34682 (DRJ).**

**Jurisdiction and Venue**

3.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule(s) 1015(b) and 6003, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

6. The Debtors and their non-Debtor affiliates (collectively, "Bouchard") comprise the nation's largest independently-owned ocean-going petroleum barge company. Since their establishment over 100 years ago, Bouchard has expanded its fleet to encompass 25 barges and 26 tugs, all with state-of-the-art equipment and fuel-efficient technologies. Headquartered in Melville, New York, Bouchard's operations are extensive and span waterways connecting the United States, Canada, and the Caribbean.

7. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases will be set forth in a declaration (the "First Day Declaration") that the Debtors expect to file in the coming days.[2] The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Basis for Relief**

8. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtor entities that commenced chapter 11 cases

---

[2] The Debtors reserve the right to supplement the evidentiary basis for this Motion prior to the initial hearing in these chapter 11 cases.

4

are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court with authority to grant the relief requested herein. Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.

9. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

10. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

11. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative

burden and confusion only if granted before the applicable deadlines.  The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

12.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, and counsel thereto; (d) Fortress Credit Co, LLC, and counsel thereto; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

The Debtors respectfully request that the Court enter the Order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
September 28, 2020

/s/  *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve M. Graham (TX Bar No. 24085340) | Ryan Blaine Bennett, P.C. (*pro hac* vice pending) |
| 1401 McKinney Street, Suite 1900 | W. Benjamin Winger (*pro hac* vice pending) |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone: (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile: (713) 752-4221 | Telephone: (312) 862-2000 |
| Email: mcavenaugh@jw.com | Facsimile: (312) 862-2200 |
| ggraham@jw.com | Email: ryan.bennett@kirkland.com |
| | benjamin.winger@kirkland.com |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

**Certificate of Service**

    I certify that on September 28, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                          */s/ Matthew D. Cavenaugh*
                                          Matthew D. Cavenaugh