# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) Case No. 20-34682 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION
## FOR ENTRY OF AN ORDER (A) AUTHORIZING
## THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF
## CREDITORS AND A CONSOLIDATED LIST OF THE 30 LARGEST
## UNSECURED CREDITORS, AND (II) REDACT CERTAIN PERSONAL
## IDENTIFICATION INFORMATION AND (B) GRANTING RELATED RELIEF

> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that emergency consideration is not warranted, you should file an immediate response.**
>
> **Relief is requested in less than 21 days.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order") (a) authorizing the Debtors to (i) file a consolidated creditor matrix and list of the 30 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bouchard Transportation Co., Inc. (6190); B. No. 240 Corp. (8260); B. No. 295 Corp. (1019); Tug Barbara E. Bouchard Corp. (7889); and Tug Bouchard Girls Corp. (1231). The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, NY 11747.

[2] Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion.

KE 71303855

lists for each Debtor and (ii) redact certain personal identification information; and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107, and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2002, and 6003, and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## Background

5.      The Debtors and their non-Debtor affiliates (collectively, "Bouchard") comprise the nation's largest independently-owned ocean-going petroleum barge company. Since their establishment over 100 years ago, Bouchard has expanded its fleet to encompass 25 barges and 26 tugs, all with state-of-the-art equipment and fuel-efficient technologies. Headquartered in Melville, New York, Bouchard's operations are extensive and span waterways connecting the United States, Canada, and the Caribbean.

6.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases will be set forth in a declaration (the "First Day

Declaration") that the Debtors expect to file in the coming days.³ The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

## Basis for Relief

### I. Consolidated Creditor Matrix.

7. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.⁴ Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "Creditor Matrix") for all of the Debtors.

### II. Consolidated List of the 30 Largest General Unsecured Creditors.

8. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general

---

³ The Debtors reserve the right to supplement the evidentiary basis for this Motion prior to the initial hearing in these chapter 11 cases.

⁴ *See* Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

3

unsecured creditors (the "Top 30 List"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.[5]

### III. Redaction of Certain Confidential Information of Individuals Is Warranted.

9. Section 107(c) of the Bankruptcy Code provides that the Court:

for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(a) Any means of identification . . . contained in a paper filed, or to be filed in a case under the [Bankruptcy Code];

(b) Other information contained in a paper described in subparagraph (a).

11 U.S.C. § 107(c)(1).

10. Here, it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix and the schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"), (a) the home addresses of individual creditors—including the Debtors' employees, contract workers, and debtholders—and equity holders because such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[6]

---

[5] Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements") or substantively consolidate the Debtors.

[6] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in

11. The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and (b) upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases, any party in interest. In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

12. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the home addresses of individuals listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) would be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, and (b) could jeopardize the safety of employees, contract workers, and debtholders, and other individual creditors or equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**IV.    Service of the Notice of Commencement**

13. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code."

---

the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

5

Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).  Through Stretto, the Debtors' proposed noticing, claims, and balloting agent, the Debtors propose to serve the notice of commencement, substantially in the form attached as **Exhibit 1** to the Order hereto (the "Notice of Commencement"), on all parties listed on the Creditor Matrix.  Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.  Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

## Emergency Consideration

14. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines.  The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

15. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery,

to parties-in-interest, including: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, and counsel thereto; (d) Fortress Credit Co, LLC, and counsel thereto; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

The Debtors respectfully request that the Court enter the Order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
September 28, 2020

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve M. Graham (TX Bar No. 24085340) | Ryan Blaine Bennett, P.C. (*pro hac* vice pending) |
| 1401 McKinney Street, Suite 1900 | W. Benjamin Winger (*pro hac* vice pending) |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone: (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile: (713) 752-4221 | Telephone: (312) 862-2000 |
| Email: mcavenaugh@jw.com | Facsimile: (312) 862-2200 |
| ggraham@jw.com | Email: ryan.bennett@kirkland.com |
| | benjamin.winger@kirkland.com |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on September 28, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh
