ENTERED
11/24/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) Case No. 20-34682 (DRJ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) **Re: Docket No. 165** |

### ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF PORTAGE POINT PARTNERS, LLC AS RESTRUCTURING ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE, (B) DESIGNATING MATTHEW RAY AS CHIEF RESTRUCTURING OFFICER, AND (C) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), (a) authorizing the Debtors to retain and employ Portage Point Partners, LLC ("Portage Point") as restructuring advisor for the Debtors, effective as of the Petition Date, (b) designating Matthew Ray of Portage Point as chief restructuring officer ("CRO"), in each case in accordance with the terms and conditions of the Engagement Letter attached to the Application as **Exhibit A**, and (c) granting related relief, all as more fully set forth in the Application; and upon the First Day Declaration; and upon the Declaration of Matthew Ray in support of the Application (the "Ray Declaration"),

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, NY 11747.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

which is attached thereto as **Exhibit B**; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application is appropriate under the circumstances and no further notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to (a) retain Portage Point as restructuring advisor to the Debtors, effective as of the Petition Date, and (b) designate Matthew Ray as CRO, in each case on the terms set forth in the Engagement Letter, as modified by this Order.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions (as modified herein), are reasonable terms and conditions of employment and are hereby approved.

3. The designation of Matthew Ray as CRO is subject to, and will be effective only upon, the Debtors' compliance with section 7 of the General Terms and Conditions of the Engagement Letter, including as it relates to acceptable insurance coverage for Portage Point Personnel serving as directors or officers of the Debtors.

4. Portage Point shall file applications for monthly, interim, and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable, the U.S. Trustee Guidelines and any applicable orders and procedures of this Court. For billing purposes, Portage Point shall keep its time in one tenth (1/10) hour increments in accordance with the US Trustee Guidelines. Portage Point also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional both in connection with the Application and the interim and final fee applications to be filed by Portage Point in these chapter 11 cases.

5. The indemnification provisions set forth in the Engagement Letter are hereby approved, subject to the following:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are (i) permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under any policy covering the Debtors' directors and officers and any equivalently-placed employees, and (ii) authorized to indemnify, and to provide contribution and reimbursement to, and will indemnify, and provide contribution and reimbursement to, Portage Point and its affiliates in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

    b. notwithstanding subparagraph (a) above or any provisions of the Engagement Letter to the contrary, the Debtors will have no obligation to indemnify Portage Point or provide contribution or reimbursement to Portage Point (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Portage Point's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Portage Point's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a

3

        claim or expense for which Portage Point should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by the Order; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Portage Point believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, as modified by this Order, including without limitation the advancement of defense costs, Portage Point must file an application therefor in this Court, and the Debtors may not pay any such amounts to Portage Point before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court will have jurisdiction over any request by Portage Point for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify.

6.    Portage Point shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.    To the extent the Debtors wish to expand the scope of Portage Point's services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 10 days of the Debtors

4

filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

8. Notwithstanding anything in the Application, the Engagement Letter, or Ray Declaration to the contrary, the Portage Point engagement is subject to the following terms:

 a. Portage Point shall not act in any other capacity (for example, and without limitation, as an investment banker, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases;

 b. In the event the Debtors seek to have Portage Point Personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms and scope of the engagement, a motion to modify the retention shall be filed;

 c. No principal, employee, or independent contractor of Portage Point shall serve as a director of any of the above-captioned Debtors during the pendency of the above- captioned cases other than Mr. Matthew Ray, solely in connection with his appointment as CRO;

 d. Any success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of this case on a reasonableness standard and are not being pre-approved by entry of this Order;

 e. For a period of three years after the conclusion of the engagement, neither Portage Point nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors; and

 f. Notwithstanding anything to the contrary contained in the Application, Engagement Letter, or Declaration, during the course of these chapter 11 cases, Portage Point will only seek reimbursement of reasonable and documented out of-pocket expenses incurred in connection with these chapter 11 cases.

9. In the event that, during the pendency of these cases, Portage Point seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Portage Point's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections

5

330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided*, *however*, that Portage Point shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Portage Point's fee applications in these bankruptcy cases.

10. Notwithstanding anything in the Application to the contrary, to the extent that Portage Point uses the services of independent or third party contractors or subcontractors (the "Contractors") in these cases and Portage Point seeks to pass through the fees and/or costs of the Contractors to the Debtors, Portage Point shall: (i) pass through the fees of such Contractors to the Debtors at the same rate that Portage Point pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only.  In addition, Portage Point shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and the Bankruptcy Rules.

11. Portage Point will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Portage Point will use reasonable efforts to identify such further developments and will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

12. Portage Point shall use reasonable efforts and will coordinate with the Debtors and their other retained professionals not to duplicate any of the services provided to the Debtors by any of their other retained professionals.

13. In the event of any inconsistency between the terms of the Engagement Letter, the Application, the Ray Declaration, and this Order, the terms of this Order shall govern.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtors and Portage Point are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  November 23, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**