IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) ) ) | Case No. 20-34862 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF RICHARD
W. MORGNER IN SUPPORT OF THE DEBTORS'
EMERGENCY MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (A) AUTHORIZING THE DEBTORS TO
OBTAIN POSTPETITION FINANCING, (B) AUTHORIZING THE
DEBTORS TO USE CASH COLLATERAL, (C) GRANTING LIENS
AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE
EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION TO THE
PREPETITION SECURED PARTIES, (E) MODIFYING THE AUTOMATIC STAY,
(F) SCHEDULING A FINAL HEARING, AND (G) GRANTING RELATED RELIEF**

I, Richard W. Morgner, hereby declare under penalty of perjury as follows:

1. My declaration (the "Original Declaration") in support of the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 102] (the "Motion")[2] was attached to the Motion as Exhibit B.

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, NY 11747.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the proposed *Second Interim and, Where Applicable, Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Lien and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to Prepetition Secured Parties, (E) Modifying*

2. On October 21, 2020, the Court entered the Interim Order, which secured the Debtors' access to approximately $29 million of the DIP Facility, subject to the terms of the DIP Term Sheet, and granted authorization to use Cash Collateral. Pursuant to the proposed Final DIP Order, the Debtors seek, among other things, authorization for the Debtors to incur obligations under the DIP Facility on a final basis and to provide, on a second interim basis, adequate protection to the Prepetition Secured Parties.

3. On December 2, 2020, the Debtors filed the *Debtors' Reply in Support of the DIP Motion* [Docket No. 278] in response to the objection filed by Wells Fargo. Also on December 2, 2020, the Debtors filed the proposed Final DIP Order [Docket No. 279].

4. In connection with the foregoing, I submit this supplemental declaration (this "Supplemental Declaration") in support of the Motion and the proposed Final DIP Order.

5. The statements in this Supplemental Declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have from the Debtors' advisors or employees working directly with me or under my supervision, direction, or control, or from the Debtors' books and records maintained in the ordinary course of business. I am not being specifically compensated for this testimony other than through payments received by Jefferies LLC ("Jefferies") as a professional proposed to be retained by the Debtors (including certain financing fees). If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis. I am authorized to submit this Supplemental Declaration on behalf of the Debtors.

---

the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief [Docket No. 279] (the "Final DIP Order").

**Professional Background and Qualifications**

6. I am a Managing Director and Joint Global Head of the Debt Advisory & Restructuring Group at Jefferies, a global investment banking firm founded over 50 years ago, with its principal office located at 520 Madison Avenue, New York, New York 10022. Jefferies is a registered broker-dealer with the United States Securities and Exchange Commission and is a member of the Financial Industry Regulatory Authority and the Securities Investor Protection Corporation. Jefferies, together with its investment banking advisory affiliates, has approximately 3,900 employees located in more than 30 offices around the world. Jefferies and its senior professionals have extensive expertise providing investment banking services to financially distressed companies, creditors, committees, equity holders, asset purchasers, and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court.

7. I have more than 28 years of investment banking and restructuring experience. Since joining Jefferies in 2009, I have provided investment banking expertise, and distressed mergers and acquisition and financing advice to companies, lenders, and investors in both in- and out-of-court restructurings. Prior to joining Jefferies, I was a Managing Director and Co-Head of the mergers and acquisitions group at Miller Buckfire, where my primary responsibilities included advising companies and investors in restructuring, distressed mergers and acquisitions, distressed financing, and special situations.

**Entitlement to Adequate Protection**

8. I understand that the Bankruptcy Code, as a general matter, entitles a prepetition secured creditor to adequate protection of their prepetition interest in collateral against diminution in value of such interest on account of a debtor's use of such collateral while the automatic stay remains in effect.

9.  I further understand that courts in this circuit also consider the equity cushion in collateral when making a determination as to whether a secured creditor's interest is adequately protected. I also understand that courts in this circuit have found that a secured creditor with at least a twenty percent equity cushion in its collateral is adequately protected.

### The Wells Fargo Collateral

10. Jefferies has reviewed the vessel appraisal completed by Dufour, Laskay & Strouse, Inc., a nationally recognized marine appraiser firm, in October 2019 (the "Dufour Appraisal"). According to the Dufour Appraisal, the fair market value of the vessels that make up the Wells Fargo Collateral is approximately $432.3 million. I understand, moreover, that Wells Fargo has asserted the total obligations under the Wells Fargo Prepetition Revolving Credit Facility, as of the Petition Date, to be approximately $171.9 million (inclusive of accrued and unpaid interest and other amounts owed thereunder).[3] Thus, according to the Dufour Appraisal, Wells Fargo appears to have a very substantial equity cushion with respect to its collateral. Indeed, even if the Dufour Appraisal overvalues the Wells Fargo Collateral by 100%, Wells Fargo would still have a significant equity cushion of more than $44 million in its collateral.

11. Based upon my experience, I understand that the maximum leverage level generally available to relevant maritime companies operating under the Jones Act is between a 70% to 75% loan to value ratio. The Dufour Appraisal implies a loan to value ratio of only approximately 40%.

12. Based on the DuFour Appraisal, the customary LTV ratio for Jones Act entities, and my general experience as a restructuring professional, I believe that there is a substantial equity cushion in the Wells Fargo Collateral. Moreover, I understand that the book value depreciation of

---

[3] For the avoidance of doubt, the Debtors reserve all rights with respect to Wells Fargo's prepetition claims, including, without limitation, with respect to their nature, amount, and allowance.

the Wells Fargo Collateral over a three-month period will not be material and will not impact the greater-than-twenty-percent equity cushion analysis.

13. Finally, I understand that the Wells Fargo Collateral consists exclusively of hard assets, specifically, certain of the Debtors' vessels, and does not include Cash Collateral at this time. None of these vessels are presently operating for the benefit of the Debtors' customers. I am also advised that all of these vessels are insured.

## The Aircraft Collateral

14. I understand that, prior to the Petition Date, the Debtors, with the assistance of their aircraft broker Avpro, Inc., began a marketing process for the sale of the aircraft comprising the Aircraft Collateral.[4] Jefferies has reviewed letters of intent the Debtors received for the Aircraft Collateral (both pre- and postpetition) reflecting a purchase price of or in excess of $40 million. These letters of intent suggest that the value of the Aircraft Collateral as of the Petition Date was not less than $40 million. I also understand that the total asserted obligations under the Aircraft Loan, as of the Petition Date, to be approximately $25.258 million (inclusive of accrued and unpaid interest and other amounts owed thereunder but exclusive of any asserted make-whole amount).[5] Thus, based on the letters of intent received with respect to the Aircraft Collateral, Fortress appears to have a very substantial equity cushion with respect to its collateral.

---

[4] I understand that the Aircraft Collateral, as of the Petition Date, did not include Cash Collateral.

[5] For the avoidance of doubt, the Debtors reserve all rights with respect to the amount of Fortress's prepetition claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: December 8, 2020
New York, New York

*/s/ Richard W. Morgner*
Richard W. Morgner
Managing Director and Joint Global Head of the Recapitalization & Restructuring Group
Jefferies LLC