IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) Case No. 20-34682 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**LIMITED OBJECTION TO PROPOSED FINAL ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (B) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (C) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (E) MODIFYING THE AUTOMATIC STAY, (F) SCHEDULING A FINAL HEARING, AND (G) GRANTING RELATED RELIEF[1]**

*[Relates to Doc. #141]*

VT Halter Marine, Inc. ("VTHM") and ST Engineering Halter Marine & Offshore, Inc. ("STEHMO" and, collectively with VTHM, "Halter") file this limited objection to proposed Second Interim and, where applicable, Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief (the "Proposed Final Order")[2] and, in support thereof, respectfully states as follows:

**Reservation of Rights**

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard.

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Proposed Final Order (Doc. # 141).

By filing this Limited Objection to entry of the Final Order (the "Limited Objection"), STEHMO does not consent to the jurisdiction of the Bankruptcy Court to adjudicate the validity, extent, or perfection of its maritime lien in the M/V RALPH E. BOUCHARD, which is currently the subject of litigation against Bouchard Transportation Company (Bouchard) and the vessel the M/V RALPH E. BOUCHARD in the US District Court for the Southern District of Mississippi, styled as *ST Engineering Halter Marine& Offshore Inc. v. M/V RALPH E. BOUCHARD*, 1:19-cv-955-LG-RPM (currently stayed).

## Limited Objection

Halter files this Limited Objection to certain terms and/or language in the Proposed Final Order.

(1) Halter objects to the issuance of the Proposed Final Order without having an opportunity to review the terms of the DIP Loans, including, but not limited to the Credit Agreement, the Guarantees issued by the DIP Guarantors (the "DIP Guarantees"), and the intercompany note for the BTC Loan. The findings of fact and conclusion of law contained in the Proposed Final Order are not supported without these critical documents.

(2) Halter objects to the Debtors' stipulation regarding the validity, enforceability, perfection and non-avoidability of the Prepetition Liens as overreaching by the Prepetition Secured Parties.

(3) The Proposed Final Order does not provide a mechanism for making whole a DIP Guarantor who pays or otherwise satisfies a portion of the DIP Obligations. Undersigned counsel has proposed language to Debtors' counsel granting a superpriority administrative expense claim to the paying DIP Guarantor against the Borrower.

(4) Halter objects to the terms of the Proposed Final Order whereby the Debtors waive their section 506(c) rights with respect to the DIP Collateral. Section 506(c) of the Bankruptcy Code allows a trustee or debtor-in-possession to charge the costs of preserving or disposing of a secured lender's collateral against the collateral itself. *See* 11 U.S.C. § 506(c). Prohibitions on the Debtors' ability to surcharge collateral under section 506(c) constitute an impermissible waiver of rights of the Debtors and their estates under the Bankruptcy Code. *See, e.g., In re The Colad Group,* 324 B.R. 208, 224-25 (Bankr. W.D. N.Y. 2005). Section 506(c) shifts the costs of preserving or disposing of a secured party's collateral back to the secured party who has benefited from the expenditure and ensures that the cost of liquidating a secured lender's collateral is paid by the secured creditor and not paid from unsecured recoveries. *See, e.g., Precision Steel v. Fremont Fin. Corp. (in re Visual Indus., Inc.)*, 57 F.3d 321, 325 (3d Cir. 1995) (stating, "section 506(c) designed to prevent a windfall to the secured creditor"); *Kivitz v. CIT Group/Sales Fin., Inc.*, 272 B.R. 332, 334 (D. Md. 2000) (stating, "the reason for [section 506(c)] is that unsecured creditors should not be required to bear the cost of protecting property that is not theirs"). Insisting on this waiver is overreaching and erodes recoveries of unsecured creditors, which are already being subordinated to the DIP Secured Parties via their superpriority administrative expense claims. Moreover, only a debtor or trustee can invoke section 506(c). *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000). Accordingly, if the Court authorizes the Debtors to waive their section 506(c) rights, they will be goine forever—to the detriment of unsecured creditors.

(5) The relief granted in Conclusion of Law paragraph 12 (*Payments Free and Clear*) should be subject to a successful Challenge under Conclusion of Law paragraph 24 (*Effect of Stipulations on Third Parties*).

(6) The Challenge Period of 75 days under Conclusion of Law paragraph 24 (*Effect of Stipulations on Third Parties*) is insufficient for investigation of all of the Debtors' stipulations, admissions, and releases in the Proposed Final Order. Additionally, the Proposed Final Order does not account for the appointment of an unsecured creditors' committee outside of the Challenge Period. Undersigned counsel has provided proposed language to Debtors' counsel to resolve this objection.

(7) The extent of the DIP Obligations cannot be determined without the Credit Agreement. Specifically, it is not possible to determine the identity of the Indemnified Parties, the scope of the indemnification obligation being placed on the DIP Obligors, or whether the amount of the DIP Obligors' indemnification liability is capped or otherwise limited in any manner.

(8) Undersigned counsel has provided proposed language to Debtors' counsel to clarify other language in the Proposed Final Order, which will hopefully resolve these issues.

Respectfully Submitted,

                **Bland & Partners**

                */s/ Bavid S. Bland*
                **ALLISON R. COLÓN**
                (TX Bar 24012446)
                acolon@blandandpartners.com
                **DAVID S. BLAND**
                bland@blandandpartners.com
                **BLAND & PARTNERS**
                5500 Prytania Street, Number 618
                New Orleans, LA 70115
                Telephone: 504-289-3813
                ***Attorneys for VT Halter Marine, Inc. and ST Engineering Halter Marine and Offshore Inc.***

**CERTIFICATE OF SERVICE**

I certify that on December 21, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas

By: /s/ *Allison R. Colón*
Allison R. Colón, TX Bar No. 24012446