## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) Case No. 20-34682 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME WITHIN WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a separate response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"): (a) extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") for an additional 90

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

days, from April 26, 2021 through and including July 23, 2021, without prejudice to the Debtors' right to seek further extensions of the time to assume or reject the Unexpired Leases as contemplated under section 365(d)(4)(B)(i) of the Bankruptcy Code; and (b) granting related relief.[2]

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

### Background

5. The Debtors comprise one of the nation's largest independently-owned ocean-going petroleum barge companies. Since their establishment over 100 years ago, the Debtors have expanded their fleet to encompass 25 barges and 25 tugs, all with state-of-the-art equipment and fuel-efficient technologies. Headquartered in Melville, New York, the Debtors provide extensive oil and petroleum product transportation along the Eastern Seaboard and Gulf Coast of the United States.

---

[2] Notwithstanding anything to the contrary, the Debtors are not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

6. On September 28, 2020 and September 29, 2020 (as applicable to each Debtor, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Matthew Ray of Portage Point Partners, LLC in Support of the Chapter 11 Petitions and the First Day Motions* [Docket No. 79] (the "First Day Declaration"), filed on October 12, 2020. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 30, 2020, the Court entered orders [Docket Nos. 30, 31] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## The Debtors' Restructuring Efforts to Date

7. Since commencing these chapter 11 cases, the Debtors have obtained necessary first and second day relief, secured interim access to $29 million, final approval of an additional approximately $31 million (subject to certain conditions precedent) in debtor-in-possession financing, resolved, settled, or secured release of certain maritime liens, and taken affirmative steps towards reobtaining the safety and other certifications necessary or prudent to return to ordinary course business operations. The Debtors have also used estate funds judiciously to address operational liabilities and obtained Court approval of important procedural and operational relief. While the Debtors and their advisors have worked diligently to collect and organize the information necessary to evaluate the Unexpired Leases, the Debtors' pressing operational restructuring initiatives have demanded the attention of the Debtors' limited office employee base.

**The Unexpired Leases**

8. The Debtors are parties to several executory contracts and Unexpired Leases.[3] The Unexpired Leases consist of, among other agreements, several leases of nonresidential real property, some or all of which are important to the Debtors' business. Pursuant to the recently-enacted Consolidated Appropriations Act, 2021, the Debtors' initial period to assume or reject the Unexpired Leases expires as of 210 days after the Petition Date.[4] Out of an abundance of caution, the Debtors file this Motion even though the Debtors' period to assume or reject the Unexpired Leases does not expire until April 26, 2021.

9. While the Debtors and their advisors have diligently evaluated the Unexpired Leases since the Petition Date, the Debtors have not yet completed their analysis or determined which of the Unexpired Leases they will reject or assume. The Debtors are also considering whether they will seek to assume or reject Unexpired Leases in connection with confirmation of a chapter 11 plan.

10. The Debtors seek a 90-day extension of the initial 210-day period provided by section 365(d)(4) of the Bankruptcy Code (*i.e.*, through July 23, 2021) to continue to evaluate the Unexpired Leases. As further discussed herein, an extension of the period during which the Debtors may assume or reject the Unexpired Leases is necessary and warranted under the facts

---

[3] The Debtors have not yet made a determination as to whether each of the aforementioned leases qualify as "nonresidential real property leases" under section 365 of the Bankruptcy Code. While this motion attempts to describe all of the Debtors' leases of nonresidential real property, the Debtors may later become aware of additional leases through, among other things, the claims process and the Debtors' continuing review of their books and records. To the extent that the Debtors are party to any leases of nonresidential property not described in this motion, out of an abundance of caution, the Debtors seek the extension of the initial 210-day period requested herein with regard to such leases notwithstanding such inadvertent omission.

[4] On December 27, 2020, the Consolidated Appropriations Act, 2021 (the "CAA") was signed into law. The CAA amended section 365(d)(4) of the Bankruptcy Code to extend the deadline to assume unexpired leases of nonresidential real property from 120 days after the petition date to 210 days. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 115-72, Sec. 1001.

and circumstances of these chapter 11 cases. The Debtors submit that all parties will be best served by an extension by avoiding needless distraction and providing the appropriate environment for stakeholders in these chapter 11 cases to work collaboratively regarding the treatment of, among other things, the Unexpired Leases. Therefore, cause exists to extend the section 365(d)(4) deadline, subject to any further consensual extensions negotiated with any applicable lease counterparties.

## Basis for Relief

11. The period during which the Debtors may assume or reject the Unexpired Leases should be extended an additional 90 days. Section 365(d)(4) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee shall be deemed rejected if the debtor does not assume or reject the unexpired lease by the earlier of 210 days after the petition date or before plan confirmation. 11 U.S.C. § 365(d)(4)(A) (modified by Consolidated Appropriations Act, 2021, Pub. L. No. 115-72, Sec. 1001). A court may extend the period for 90 days on the motion of the debtor in possession or lessor for "cause." 11 U.S.C. § 365(d)(4)(B)(i). Courts consider various factors in determining whether such "cause" exists, including, but not limited to:

- whether the lease is the debtor's primary asset;
- whether the debtor has had sufficient time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;
- whether the lessor continues to receive rent for the use of the property;
- whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;
- whether the case is exceptionally complex and involves a large number of leases;

5

- whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

- any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g. In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (discussing factors relevant to section 365(d)(4) analysis); *In re Panaco, Inc.*, No. 02-37811, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (listing similar factors in determining whether to extend the deadline). Here, the applicable factors weigh in favor of granting the requested extension, and cause exists to extend the time within which the Debtors may assume or reject the Unexpired Leases.

12. ***First***, the Unexpired Leases are important assets of the Debtors' estates. For example, the Debtors rely on certain Unexpired Leases of nonresidential real property to operate their tug and barge business. The requested 90-day extension will enable the Debtors to make a fully informed decision regarding these vital elements of their business operations. Moreover, the Debtors' nonresidential leases include their office leases, all of which are critical to continuing the Debtors' day-to-day restructuring efforts without interruption. Therefore, the Unexpired Leases are primary assets of the Debtors' business.

13. ***Second***, the Debtors continue to honor all of their undisputed postpetition rental obligations under their Unexpired Leases in the ordinary course, and the assumption or rejection of the Unexpired Leases may be resolved through the implementation of a chapter 11 plan. Neither harm to the lessors or damage to the properties will result from the Debtors continuing to use the leased properties while working towards emergence.

14. ***Third***, these chapter 11 cases are complex, and the Debtors are parties to several Unexpired Leases. Further, the Debtors are involved in numerous complicated matters critical to their restructuring efforts. Beyond the complexities attendant to the Debtors' efforts to obtain the

necessary safety certifications and restart ordinary course operations, the Debtors continue to face the challenges that contributed to the commencement of these chapter 11 cases. Considering the tasks the Debtors have addressed thus far during these chapter 11 cases and continue to address and the Debtors' need to evaluate all strategic alternatives and potential restructuring alternatives, extending the section 365(d)(4) deadline by 90 days is appropriate.

15. *Fourth*, the Debtors continue to make progress in their overall restructuring efforts by working toward obtaining a document of compliance ("DOC"), which would enable them to return to ordinary course operations. Obtaining a DOC is the linchpin to the Debtors' operational turnaround and the trajectory of these chapter 11 cases going forward. The Debtors have taken action in order to progress towards regaining their DOC, including, revamping their safety protocols and procedures, addressing former imperfections identified in prior safety audits and similar reviews, and working expeditiously towards achieving Subchapter M Compliance—an inspection regime for towing vessels focused on safety and environmental stewardship—across 50% of applicable vessels. Resolving these DOC-related matters must occur for the Debtors' cases to progress toward emergence. The Debtors have been unable to make informed decisions regarding assumption or rejection of Unexpired Leases while this key operational requirement remains unresolved.

16. For the foregoing reasons, the Debtors satisfy many of the relevant factors cited above, supporting an extension of the section 365(d)(4) deadline. The counterparties under the Unexpired Leases (the "Lessors") will not be prejudiced by the extension of time requested by the Debtors because: (a) the Debtors have performed and intend to continue to perform in a timely manner their undisputed postpetition obligations for so long as the Debtors maintain the Unexpired Leases; (b) the Debtors' continued occupation of the leased premises is not likely to damage the

facilities or harm the Lessors; and (c) any Lessor may request that the Court fix an earlier date by which the Debtors must assume or reject its lease in accordance with section 365(d)(4) of the Bankruptcy Code, to the extent required by the circumstances. The relief requested will not harm the Lessors but merely preserve the *status quo* while the Debtors complete their analysis of the Unexpired Leases. *See, e.g.*, *In re Am. Healthcare Mgt., Inc.*, 900 F.2d at 833 ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.").

17. The totality of the circumstances weighs heavily in favor of an extension of the deadline to assume or reject leases under section 365(d)(4), which is necessary, appropriate, and in the best interests of the Debtors' estates. For these reasons the Debtors request this Court grant their Motion, extending the section 365(d)(4) deadline until July 23, 2021.

## Reservation of Rights

18. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens

8

(contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

19. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, and counsel thereto; (d) Fortress Credit Co LLC, and counsel thereto; (e) Hartree Partners, LP, and counsel thereto; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (j) the state attorneys general for states in which the Debtors conduct business; (k) the Lessors; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request that the Court enter the Order, granting the relief requested in this Motion and any such other and further relief as is appropriate under the circumstances.

Houston, Texas
January 5, 2020

/s/ Matthew D. Cavenaugh

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve M. Graham (TX Bar No. 24085340) | Ryan Blaine Bennett, P.C. (admitted *pro hac* vice) |
| 1401 McKinney Street, Suite 1900 | W. Benjamin Winger (admitted *pro hac* vice) |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone: (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile: (713) 752-4221 | Telephone: (312) 862-2000 |
| Email: mcavenaugh@jw.com | Facsimile: (312) 862-2200 |
| ggraham@jw.com | Email: ryan.bennett@kirkland.com |
| | benjamin.winger@kirkland.com |

*Co-Counsel to the Debtors*  *Co-Counsel to the Debtors*
*and Debtors in Possession*   *and Debtors in Possession*

**Certificate of Service**

I certify that on January 5, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh