IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., et al. | ) ) ) | Case No. 20-34682 (DRJ) |
| Debtors | ) ) ) | (Jointly Administered) |

**VT HALTER MARINE, INC.'S REPLY TO DEBTORS' OMNIBUS OBJECTION TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY**

VT Halter Marine, Inc. ("VTHM"), through its undersigned counsel, hereby files this Reply to Debtors' Omnibus Objection [Docket No. 356] (the "Objection") to VTHM's Motion for Relief from Automatic Stay, *Nunc Pro Tunc,* and for Confirmation of Arbitration Award [Docket No. 280] (the "Award Motion") and VTHM's Motion for Recognition of Ownership and Security Interests, Relief from Automatic Stay or, in the Alternative, Adequate Protection [Docket No. 281] (hereinafter, the "Hull Motion") (collectively, the "Motions"). In support of this Reply, VTHM respectfully states as follows:

**I.      PRELIMINARY STATEMENT**

In the Objection, Debtors conflate the relief requested by VTHM in the Award Motion with the relief requested in the Hull Motion, thereby obfuscating the legal issues presented and unnecessarily complicating the Bankruptcy Court's analysis. To be clear, each of the Motions requests discrete relief based on different legal and factual considerations. The Award Motion requests retroactive relief from the automatic stay and confirmation of the Final Award[1] without

---

[1] Capitalized terms shall have the meanings set forth in the Motions, unless otherwise stated.

1

any modification, as discussed below. Notably, Debtors do not challenge entry of the Final Award[2] or object to confirmation of the Final Award itself, contending only that such confirmation is "premature," which is not a ground for denying confirmation of the Final Award under the Federal Arbitration Act ("FAA"). Therefore, the Award Motion should be granted.

Likewise, the Hull Motion should be granted. The Hull Motion sought relief from the automatic stay, to the extent applicable, to dispose of the Assets in accordance with the Final Award. VTHM's ownership of the Assets is undisputed and the Debtors' sole objection to the Hull Motion hinges on preserving the Debtors' right to satisfy the nearly $12,000,000 Final Award and thereby purchase the Assets *on or before* April 8, 2021. However, VTHM has now limited the relief requested in the Hull Motion to permit execution of the Final Award as adjudicated by the Arbitration Panel and allow disposition of the Assets only *after* April 8, 2021, thereby allowing Debtors a full opportunity to obtain the funds to satisfy the Final Award and rendering any objection to the Hull Motion moot.[3]

### A. **VTHM Withdraws Its Request to Shorten the Six-Month Delay Period.**

As an initial matter, VTHM has notified counsel for Debtors and hereby modifies the Hull Motion to withdraw its request to permit sale of the Assets prior to the expiration of the six-month delay period provided for in the Final Award. Despite the Arbitration Panel's express allowance for a modification of the delay period, VTHM does not seek to modify the Final Award or prejudice the opportunity afforded BTC in the Final Award to purchase the Assets on or before April 8, 2021.

---

[2] In Subparts (iii) through (v) of Paragraph 9 and in Paragraph 37 of the Objection, Debtors only nakedly dispute the arguments underlying VTHM's request for relief from the automatic stay, *nunc pro tunc*, but without any further argument or support for the Debtors' position.

[3] VTHM's request for adequate protection and recognition of its ownership interest have also become moot as a result of its elimination of the request to modify the Final Award's six-month delay.

**II.     Award Motion Should be Granted**

    **A. Retroactive Relief From the Stay to Issue the Final Award Should Be Granted**

While ostensibly objecting to the Award Motion, Debtors do not expressly challenge VTHM's request for retroactive relief from the automatic stay with respect to the Arbitration Panel's post-petition issuance of the Final Award, but instead make random, unsupported assertions regarding the bases for VTHM's request for such relief. These assertions are incorrect as a matter of law and are insufficient to overcome VTHM's demonstration of cause for retroactive relief from the automatic stay.

The Debtors appear to suggest that the Arbitration Proceeding was a core matter simply because the Final Award, presumably, will be the basis and/or provide support for a claim against Debtor Bouchard Transportation Co., Inc. ("BTC") in its bankruptcy case. However, this confuses the distinction between a proceeding adjudicating a state law-governed prepetition contractual dispute—a noncore matter—and the claims allowance process in a bankruptcy case—not only a core matter, but a procedure provided solely and exclusively under the Bankruptcy Code. That the Final Award could or will be the basis for or support VTHM's claim against BTC in its bankruptcy case cannot render the Arbitration Proceeding itself a core proceeding. Moreover, any litigation, arbitration or similar proceedings pending on the petition date in a debtor's bankruptcy case arguably "implicate[s] the claims administration and reconciliation process." (Objection, at ¶40). This does not render such proceedings core proceedings.

Likewise, that the Arbitration Proceeding involved property that might comprise "part of the Debtors' larger restructuring efforts" also does not somehow convert the Arbitration Proceeding into a core matter. The Assets are not property of the estate and any right to purchase the Assets from VTHM is provided for in the very arbitration award of which the Debtors seek to delay confirmation.

3

In any event, the Debtors' reliance on the core versus noncore distinction with respect to whether a motion for relief from the automatic stay to permit issuance of the Final Award would have been granted is incorrect as a matter of law. As set forth in the Award Motion, the rule in the Fifth Circuit is that a bankruptcy court may only decline enforcement of an otherwise valid arbitration provision when the proceeding derives *solely* from the provisions of the Bankruptcy Code and arbitration would conflict with the purposes of the Bankruptcy Code, neither of which exists in this case. *See In re Nat. Gypsum*, 118 F.3d at 1066; *In re Trevino*, 599 B.R. at 542; *In re Henry*, 944 F.3d at 590-91. *See* Award Motion at ¶58.

As the parties opposing the enforcement of an arbitration agreement, Debtors would have borne the burden of proof on both of these issues. The prepetition contractual dispute between VTHM and BTC that was adjudicated in the Arbitration Proceeding undisputedly did not derive from any Bankruptcy Code provision but involved prepetition, state law-governed contract rights. Moreover, Debtors have neither asserted that enforcement of the arbitration agreement for the purpose of issuing the Final Award conflicted with the purposes of the Bankruptcy Code nor provided evidence in support of any such alleged conflict. Thus, the Debtors have not overcome VTHM's showing that the Bankruptcy Court would have had no discretion to decline enforcement of the Contract's arbitration agreement and, that, accordingly, any motion for relief from the automatic stay for the limited purpose of permitting the Arbitration Panel to issue the Final Award would have been granted. Thus, VTHM is entitled to retroactive relief from the automatic stay with respect to the Arbitration Panel's post-petition issuance of the Final Award.

### B. The Final Award Must Be Confirmed.

The FAA mandates that the district court "*must* grant [an order confirming an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of

4

this title," which provide the exclusive grounds on which an arbitration award may be vacated, modified, or corrected. 9 U.S.C. §9 (emphasis added); *see also, Householder Grp. Vaughran,* 354 F. App'x 848 (5th Cir. 2009); 9 U.S.C. §§10 and 11. In the Objection, the Debtors do not contest confirmation of the Arbitration Award at all. Instead, the Debtors contend that confirmation of the Final Award at this time would be "premature," which is not one of the statutorily enumerated grounds for vacating, modifying, or correcting an arbitration award under the FAA. *See* 9 U.S.C. §§10 and 11. On this basis alone, VTHM's request for confirmation of the Final Award should be granted. Additionally, accepting the Debtors' prematurity argument would undermine the FAA, which is intended to provide an expedited process for confirmation of an arbitration award. *See Hall St. Assocs., LLC v. Mattel,* 552 U.S. 576, 578 (2008) ("The Federal Arbitration Act . . . provides for expedited judicial review to confirm, vacate, or modify arbitration awards.")

Further, Debtors' contention that confirmation is neither necessary nor appropriate at this time is both disingenuous and incorrect. The Final Award does not merely determine that "VTHM is entitled to a claim against the Debtors." (Objection at ¶41). It fully adjudicated the underlying, prepetition contract dispute between VTHM and BTC—a non-core claim—and establishes the basis for BTC's liability to VTHM, the categories of VTHM's damages, and the method for calculating the amount of VTHM's claim against BTC.[4] In the Award Motion, VTHM contends that Debtors have inaccurately listed VTHM's claim as being a disputed trade claim in the amount of $17,350,000[5] on their consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (the "Top 30 List") on the precise basis that the Final Award has finally resolved the dispute on the trade claim and has liquidated it to an amount that is actually

---

[4] At this time, VTHM has not filed a proof of claim based on BTC's liability for the Final Award.

[5] Subpart (i) of Paragraph 9 of the Objection nakedly disputes VTHM's characterization of inaccuracy.

5

less than that asserted by Debtors on the Top 30 List. VTHM acknowledges that the Bankruptcy Court will determine the amount of VTHM's allowed claim against BTC's estate as part of the claims allowance process in BTC's bankruptcy case.[6] However, and with all due respect, the Bankruptcy Court lacks jurisdiction to either revive or re-adjudicate the non-core prepetition contract dispute underlying this claim.

### C. Confirmation of the Final Award is a Non-Core Matter

Out of an abundance of caution, the Award Motion placed only the confirmation of the Final Award before the District Court as a non-core matter and only upon the Bankruptcy Court's review and consideration of the limited issue of whether the elements for confirmation of the Final Award under the FAA have been met. Proceedings that adjudicate a debtor's prepetition legal or equitable rights, such as the Arbitration Proceeding resolving the state law-governed contractual dispute between VTHM and BTC, are not core proceedings. *See Stern v. Marshall*, 131 S. Ct. 2594 (2011); *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982) (holding that a traditional state law contract action, not dependent on federal law, which related only peripherally to the bankruptcy case had to be decided by an Article III court); *see also, Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (defining a non-core proceeding as one "that does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy"); *In re Henry*, 944 F.3d at 590-91. The request for retroactive relief from the automatic stay with respect to the issuance of the Final Award itself is addressed to the Bankruptcy Court for determination and, as such, is the subject of a proposed order filed with the Award Motion. As a question of law, this issue is for the Bankruptcy Court's determination. To the extent

---

[6] As previously noted, VTHM has not yet filed a proof of claim with respect to its claim against BTC for the Final Award. Without authority to dispose of the Assets and apply the proceeds against the Final Award prior to the deadline for submission of proofs of claim, VTHM's proof of claim against the estate will necessarily include the full amount of the Final Award.

6

that confirmation of the Final Award in accordance with the FAA is determined to be a core proceeding, VTHM has no objection to the Bankruptcy Court's entry of a final judicial order confirming the Final Award and entering a final judgment granting the relief set forth in the Final Award so that enforcement of the Final Award through the claims allowance process in these bankruptcy cases may ensue.

### III. Hull Motion Should be Granted

#### A. Debtors' Objections to the Hull Motion are Now Moot

Debtors' main focus in the Objection is the preservation of the six-month period of time within which Debtors may satisfy the Final Award.[7] As discussed *supra*, VTHM withdraws its request to shorten the six-month delay provided for in the Final Award and limits its request for relief from the stay to take effect only *after* April 8, 2021 if the Final Award has not been fully satisfied by that date.

As set forth in the Hull Motion, VTHM owns the Assets and BTC's limited property interest (based on its sole ***paid*** milestone) is accounted for in the damages awarded to VTHM in the Final Award. The Final Award specifies that, in order for BTC to gain title to the partially-completed Hull, BTC must first (and by no later than April 8, 2021) pay for all of the ***unpaid*** milestones ***and*** for the financial damages suffered by VTHM as a result of BTC's breach of the Contract. *See* Bland Declaration (Doc. 281-1), Ex. A-3 at pp. 3-4. Debtors acknowledge that the Assets are not property of BTC's estate and, in order for the Assets to be property of BTC's estate,

---

[7] *See* Objection at ¶3 ("Bouchard's right to satisfy the Award… is valuable property of the estate."); Objection at ¶26 ("Permitting VTHM to dispose of the Hull *now*… would prejudice Debtors by depriving them of the opportunity to raise the requisite capital") (emphasis in original); Objection at ¶28 ("Allowing VTHM to rewrite the terms of the Award to permit them to sell the Hull *now* would deprive Debtors of the valuable opportunity … to satisfy VTHM's damages, take title to the Hull, and finance the remaining construction of the *Evening Stroll* for use in the Debtors' business.") (emphasis in original); Objection at ¶33 ("The Debtors… should be permitted the full time allotted under the Award to exercise their option to satisfy it and purchase the Hull").

7

BTC would need to purchase them from VTHM by satisfying the Final Award in full no later than April 8, 2021. (Objection at ¶26.) Thus, Debtors, with the Bankruptcy Court's approval, would need to expend approximately $12,000,000 to gain ownership of the Assets. Debtors would then need to expend millions further in DIP financing to 1) remove the Assets from VTHM's shipyard and 2) pay an alternate shipyard to complete the *Evening Stroll* and obtain all the required certifications to operate it.[8]

### B. Cause Exists For Lifting of The Stay to Permit Disposition of The Assets After April 8, 2021

To the extent that BTC's sole payment of one milestone invoice in the amount of $750,000 created an ownership interest in the Assets that is inextricably intertwined with VTHM's ownership interest (which Debtors have not contended), VTHM's Hull Motion continues to seek to lift the stay to permit it to dispose of the whole of the Assets *after* April 8, 2021 if BTC is unable to secure the tens of millions of dollars needed to purchase and complete the *Evening Stroll*. Such relief is warranted for cause under §362(d)(1) of the Bankruptcy Code.

"Cause" "is an intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Tex. State Optical., Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Debtors disingenuously argue that VTHM's request for relief does not pass the Curtis factors because "VTHM… is not harmed by simply waiting… to have their claims resolved at a more appropriate time." (Objection at ¶29, third bullet.) *First*, the underlying, noncore, prepetition breach of contract claim has been ***fully and finally resolved*** by the specialized tribunal agreed to by VTHM and BTC in the Contract. Nothing

---

[8] The Contract is terminated and of no effect between VTHM and BTC. Accordingly, VTHM has no obligation to complete construction of the *Evening Stroll* for BTC. Moreover, VTHM is unwilling to enter into a contract with BTC or any of the other Debtors to complete construction of the *Evening Stroll* and will not do so, nor can VTHM be forced to enter into such a contract with any of the Debtors.

within the Motions seeks to avoid, circumvent, or accelerate the claims allowance process in these bankruptcy cases. Indeed, the Motions are in furtherance of the process.

*Second*, as Debtors are well aware by virtue of having participated throughout the entire Arbitration Proceeding and as set forth in the Final Award's award of damages, VTHM has certainly suffered harm by "simply waiting" to dispose of the Assets. The harm continues as each day passes. The evidence admitted in the Arbitration Proceeding[9] proved that since the stoppage of work in June 2019, the partially-completed Hull has occupied nearly 11,000 square feet of VTHM's outdoor work space that VTHM could otherwise be utilizing to perform profit-generating work for other customers. Components and equipment intended for incorporation into the Hull that require protection from weather and the elements occupy another 2,858 square feet of valuable interior, climate-controlled storage space. In order to preserve the Assets and thereby maximize their potential resale or disposition value—which will inure to the benefit of the Debtors—VTHM continues to this day to incur the costs of insurance and maintenance for the Assets. By impeding VTHM's ability to operate its business and burdening VTHM with preservation costs, the continued presence of the Assets at VTHM's shipyard causes actual prejudice and financial harm to VTHM. Requiring VTHM to forego exercising its property rights beyond April 8, 2021 would further unduly prejudice VTHM.

Finally, cause also exists because disposition of the Assets as soon as possible would be in the best interest of BTC's estate. Despite VTHM's preservation efforts, the passage of time due to "simply waiting" results in deterioration of value such that delaying the sale of the Assets will yield a lower price. Further, BTC's liability for the Final Award continues to increase to the extent of storage and preservation costs incurred by VTHM, with such costs incurred post-petition

---

[9] VTHM reserves the right to introduce such evidence and corroborating testimonial evidence at the hearing of the Motions, in accordance with Bankruptcy Local Rule 9013-2.

9

potentially entitled to administrative expense priority. Thus, granting relief from the automatic stay so that VTHM may dispose of the Assets will reduce VTHM's claim against the Debtor in this bankruptcy case by enabling VTHM to maximize the sale proceeds that can be applied to reduce Debtor's liability on the Final Award and stop the accrual of post-petition storage and preservation costs.

### IV.  Conclusion

As demonstrated herein and within the Motions, VTHM has met its initial burden of showing that cause exists and that it is entitled to the relief from the automatic stay as requested in the Motions. Debtors' Objection has failed to offer any argument or proof to support denial of the Motions. Accordingly, it is respectfully requested that the Bankruptcy Court enter an omnibus order on the Motions in the form attached hereto as **Exhibit A**[10] (a) retroactively granting relief from the automatic stay to permit issuance of the Final Award on October 8, 2020; (b) confirming the Final Award as issued by the Arbitration Panel, or in the alternative, issue findings of fact and conclusions of law in support of confirmation of the Final Award for reference to the District Court; and (c) granting relief from the automatic stay to permit VTHM to dispose of the Assets after April 8, 2021 if Debtors have not fully satisfied the Final Award on or before April 8, 2021.

/s/ David S. Bland
Bland & Partners, LLC
David S. Bland (TX Bar No. 007890210
5500 Prytania St., #618
New Orleans, LA 70115
Tel: (281) 900-8545
Email: dbland@blandpartners.com

Counsel for VT Halter Marine, Inc.

---

[10] The previously submitted proposed orders on the Award Motion and Hull Motion are withdrawn, and in light of Debtors' Omnibus Objection and omnibus order is hereby proposed. A copy of the proposed omnibus order was previously presented to counsel for Debtors in substantially the same form as a proposed consent order.

CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I caused a copy of the foregoing Motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ David S. Bland