**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) | Case No. 20-34682 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER**

This stipulation and agreed order (the "Stipulation and Agreed Order") is made by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and Houston NFL Holdings, LP ("Houston NFL") (each of the Debtors and Houston NFL, a "Party," and together, the "Parties").

WHEREAS, on September 24, 2018, Debtor Bouchard Transportation Co., Inc. ("BTC") and Houston NFL entered into that certain Houston Texans NRG Stadium suite lease agreement pursuant to which Houston NFL made available suite number 478 at NRG Stadium for a four-year term commencing with the 2018 NFL season and continuing through the end of the 2021 NFL season, as amended by that certain first addendum, dated as of September 24, 2018 (the "Suite Agreement").

WHEREAS, pursuant to the Suite Agreement, the Debtors provided Houston NFL a security deposit in the amount of $100,000 (the "Security Deposit").

WHEREAS, on September 28 and 29, 2020 (as applicable to each Debtor, the "Petition Date"), the Debtors commenced chapter 11 cases (the "Chapter 11 Cases") by filing voluntary

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

petitions for relief under chapter 11 of the United States Bankruptcy Code (the "<u>Bankruptcy</u> <u>Code</u>") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "<u>Bankruptcy Court</u>").

WHEREAS, on October 30, 2020, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Determining that the Suite Agreement Terminated Prior to the Petition Date, or, in the Alternative, Authorizing the Rejection of the Suite Agreement Effective Nunc Pro Tunc to the Petition Date, and (II) Granting Related Relief* [Docket No. 178] (the "<u>Motion</u>").

WHEREAS, the Parties disputed certain rights, remedies, claims, defenses and the like in connection with the Suite Agreement and the relief requested in the Motion, including with respect to the Security Deposit.  *See* Docket No. 201.

WHEREAS, on November 17, 2020, the Bankruptcy Court held a hearing on the Motion at which the Parties and the Court agreed to indefinitely suspend Houston NFL's deadline to file and serve a response to the Motion pending the Parties' announcement of an agreement related to the relief requested in the Motion.  *See* Docket No. 222.

WHEREAS, the Parties engaged in good faith, arms-lengths negotiations and reached a settlement agreement with respect to any and all disputes between them and any and all potential claims such Party now has or may have against the other Party, including, without limitation, all claims alleged in, arising out of or in, relating to, resulting from, or connected with the Suite Agreement and these Chapter 11 Cases.

**NOW, THEREFORE, IT IS STIPULATED, AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.      The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2.      The Parties acknowledge and agree that BTC terminated the Suite Agreement prior to the Petition Date.

3.      The Motion is deemed withdrawn upon entry of the Court's entry of this Stipulation and Agreed Order.

4.      Houston NFL shall retain and may immediately apply $85,000.00 of the Security Deposit in full and final satisfaction of: (a) any and all obligations that the Debtors may have arising under, related to, or in connection with the Suite Agreement; and, (b) any and all claims that Houston NFL may have against the Debtors and their estates.  Any such claims that Houston NFL may have asserted against the Debtors and their estates in these Chapter 11 Cases shall be discharged on a full and final basis upon entry of this Stipulation and Agreed Order.

5.      Houston NFL shall remit the remaining $15,000.00 of the Security Deposit to the Debtors within ten (10) days after the Court's entry of this Stipulation and Agreed Order, pursuant to directions to be provided by the undersigned counsel for the Debtors no later than two (2) business days after the entry of this Stipulation and Agreed Order.  Upon the Debtors' receipt of the $15,000.00 from Houston NFL: (a) any and all obligations that Houston NFL may have arising under, related to, or in connection with the Suite Agreement or the Chapter 11 Cases; and, (b) any and all claims that Debtors, their estates, or any successor entities or trustees may have or assert against Houston NFL, whether unmatured, contingent, unliquidated, known, or unknown, shall be waived and released on a full and final basis.

6.      The automatic stay under Section 362(a) of the Bankruptcy Code is hereby modified solely to the limited extent necessary to permit the Parties to effectuate the terms of this Stipulation and Agreed Order.

7.      Except as otherwise set forth in this Stipulation and Agreed Order, each of the

Parties hereby absolutely, unconditionally, forever, and irrevocably releases, waives, remises, acquits and discharges any other claims, whether contingent, unmatured, unliquidated, known or unknown, that either Party could assert against the other Party or any of their respective officers, directors, equity holders, employees, agents, attorneys, representatives, successors, assigns, and otherwise in relation to the Suite Agreement or these Chapter 11 Cases.  Further, except as otherwise set forth in this Stipulation and Agreed Order, neither Houston NFL nor its agents, affiliates, representatives, or assigns shall have any recourse against the Debtors, their estates, successors, assigns, affiliates, officers, directors, equity holders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys, representatives, agents, and otherwise for any claims, rights, causes of action, or matters asserted or that could have been asserted in relation to the Suite Agreement or these Chapter 11 Cases.

8.      If a timely notice of appeal or motion for reconsideration or new trial is filed with respect to this Stipulation and Agreed Order, the running of any statute of limitations, including any and all legal bars to bringing claims or affirmative defenses after a certain amount of time, including, but not limited to, the February 22, 2021 or other applicable claims bar date(s) established in the Bankruptcy Case, statutory provisions, laches, waiver, or any other theory of unreasonable delay at law or equity, as to any and all claims that the Debtor may have against Houston NFL, any claims Houston NFL may have against the Debtor or its bankruptcy estate, or any affirmative defenses either Party may have to the other Party's claims, will be tolled and suspended for an additional thirty (30) days beyond the date on which the Bankruptcy Court (or an appellate court) issues an order that has the effect of vacating or reversing any provision of this Stipulation and Agreed Order.

9.      Neither this Stipulation and Agreed Order nor any negotiations and writings in

4

connection with this Stipulation and Agreed Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

10.     No action taken by either Party, either previously or in connection with this Stipulation and Agreed Order, shall be deemed or construed to be an admission by such Party of any fault or liability whatsoever to the other Party or to any other person or entity in connection with any matter or thing.

11.     This Stipulation and Agreed Order shall be binding upon the Parties and their respective successors and assigns.

12.     The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

13.     This Stipulation and Agreed Order shall be deemed to have been drafted jointly by the Parties and any uncertainty or omission shall not be construed as an attribution of drafting by any party.

14.     This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof, and may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of the Court.

15.     This Stipulation and Agreed Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

17.     This Stipulation and Agreed Order is a final order pursuant to 28 U.S.C. § 158(a)(1)

and is effective immediately upon entry, notwithstanding Federal Rules of Bankruptcy Procedure

4001(a)(3) or 6004(h), as may be applicable.

Houston, Texas
Dated: _____, 2021

                                _____
                                  UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO THIS THIRD DAY OF FEBRUARY 2021:**

Houston, Texas
February 3, 2021

/s/   *Ryan Blaine Bennett, P.C.*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Ryan Blaine Bennett, P.C. (admitted *pro hac* vice)
W. Benjamin Winger (admitted *pro hac* vice)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        ryan.bennett@kirkland.com
              benjamin.winger@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*/s/  Sean B. Davis*
_____

Sean B. Davis
Texas Bar No. 24069583
S.D. Tex. No. 1048341
**WINSTEAD PC**
600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone:      (713) 650-8400
Facsimile:      (713) 650-2400
Email:          sbdavis@winstead.com

*Counsel to Houston NFL Holdings, LP*