**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOUCHARD TRANSPORTATION CO., INC. *et al.*[1] | ) Case No. 20-34682 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## BOUCHARD TRANSPORTATION CO., INC., CASE NO. 20-34682

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard.  The location of the Debtors' service address is:  58 South Service Road, Suite 150, Melville, New York 11747.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | Case No. 20-34682 (DRJ) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF**
**LIMITATIONS, METHODOLOGY AND DISCLAIMERS**
**REGARDING THE DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Bouchard Transportation Co., Inc. (at times referred to as the "Company") and the above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007–1 of the Bankruptcy Local Rules for the Southern District of Texas.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim (as defined in section 101(5) of the Bankruptcy Code, "Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non- bankruptcy laws to recover assets or avoid transfers).

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys, and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Morton S. Bouchard III, Chief Executive Officer of Bouchard Transportation Co., Inc., has signed each set of the Schedules and Statements. Mr. Bouchard is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Bouchard has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Bouchard has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs*

(the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[2] In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

## Global Notes and Overview of Methodology

1. **Description of Cases.** On September 28, 2020 and September 29, 2020 (as applicable to each Debtor, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 30, 2020, orders were entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket Nos. 30 & 31]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided in the Schedules is reported as of August 31, 2020, with the exception of the Debtors' cash and cash equivalents, accounts receivable, and liabilities, which are reported as of the Petition Date. The information provided in the Statements, except as otherwise noted, is reported as of the Petition Date.

2. **Basis of Presentation.** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by Debtor Bouchard Transportation Co., Inc. ("BTC"). Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflects the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

   Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to

---

[2]   These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

3. **Reservations and Limitations.**  While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4. **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

## General Disclosures Applicable to Schedules and Statements

1. **Causes of Action.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2. **Recharacterization.**  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in

4

the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3.  **Claim Designations.**  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.  **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.  **Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6.  **Court Orders.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about the Petition Date (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, suppliers, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities, among others.  Accordingly, these liabilities may have been or reasonably may be expected to be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements.

7.  **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8.  **Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets and, in certain circumstances, estate assets are contemplated to be marketed for sale.  For these reasons, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown.  Accordingly, unless otherwise indicated, net book values as of August 31, 2020 are reflected on the Schedules,

with the exception of the Debtors' cash and cash equivalents, accounts receivable, and liabilities, which are reflected as of the Petition Date.  Unless otherwise indicated, net book values as of the Petition Date are reflected on the Statements.  Exceptions to this include operating cash and certain other assets.  Operating cash is presented as bank balance as of the Petition Date.  Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total assets and total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate assets or liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

9.    **Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.   As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10.   **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable.  In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.  The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

11.   **Confidential or Sensitive Information.**   There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, applicable privacy laws and/or local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  The alterations, if any, will be limited to only what is necessary to protect the Debtor or third party.

12. **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

13. **Leases.**  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

14. **Contingent Assets.**  The Debtors believe that they may possess certain claims and causes of action against various parties.  Additionally, the Debtors may possess contingent claims in the form of various commercial claims and/or avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have or could have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

15. **Intercompany Accounts.**  The Debtors have historically kept separate books and records by entity in multiple accounting systems.  The Debtors regularly engage in business relationships and transactions with each other, including the payment or funding of certain operating expenses.  These relationships, payments, and/or funding of expenses are usually, but not always, reflected as intercompany receivables or payables, *see Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (II) Maintain Existing Books and Records, and (III) Continue to Perform Intercompany Transactions and (B) Granting Related Relief* [Docket No. 93] (the "Cash Management Motion").  Net intercompany balances may include amounts in relation to certain historical subsidiaries.

16. **Guarantees and Other Secondary Liability Claims.**  The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees.  However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

17. **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made reasonable efforts to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

18. **Executory Contracts.**  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

19. **Liens.**  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

20. **Estimates.**  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

21. **Fiscal Year.**  Each Debtor's fiscal year ends on or about December 31st.

22. **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

23. **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third party lessors.  Any such leases are set forth in the Schedules and Statements on Schedule G.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

24. **Claims of Third-Party Related Entities.**  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's

affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

25. **Umbrella or Master Agreements.** Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

26. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, affirmative claims and counterclaims, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, claims, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

27. **Setoffs.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers and other stakeholders. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

28. **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (2) any other purpose.

29. **Payments.** The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System"), as described in the Cash Management Motion. Debtor BTC acts as an agent for purchasing and executing payments for each of its Debtor vessel-owning subsidiaries. For purposes of presentation, both the disbursement and corresponding liabilities are shown in nearly all instances on the

Schedules and Statements of Debtor BTC.  Without limiting the foregoing, although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

30.     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

31.     **COVID-19.**  The Debtors have filed these Schedules and Statements amidst the unprecedented circumstances arising from the global COVID-19 pandemic.  Although the Debtors have not (and could not have) assessed the impact of these challenges, such circumstances may impact the disclosures contained herein.  The Debtors have made their best efforts to provide the best available information despite this crisis.

### Specific Schedules Disclosures.

1.     **Specific Notes Regarding Schedule A/B.**

(a)     **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion and any orders of the Bankruptcy Court granting the Cash Management Motion [Docket Nos. 93, 138, 220].

Additionally, the Bankruptcy Court, pursuant to that certain *Order (A) (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests and (B) Granting Related Relief* [Docket No. 135], authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $1,175.00.  Some of the deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

(b)     **Schedule A/B-3 – Checking, savings, or other financial accounts, CDs, etc.** With the exception of the accounts at Wells Fargo Bank, N.A. (the "Wells Fargo Bank Accounts"), Schedule A/B-3 lists actual cash balances as of the Petition Date and may vary from book balance.  With respect to the Wells Fargo Bank Accounts, Schedule A/B-3 lists book balance as of the Petition Date.

(c)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries and

affiliates have been listed in Schedule A/B, Part 4 as undetermined.  The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(d)    **Schedule A/B, Part 5, Question 25.**  The Debtors have reported all purchases of inventory on the Schedules of Debtor BTC based on the Company's books and records.

(e)    **Schedule A/B-7 – Deposits.**  The Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business.  The Debtors have exercised reasonable efforts to report the current value of any deposits.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

(f)    **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.**  Dollar amounts are presented net of accumulated depreciation and other adjustments.

(g)    **Schedule A/B-8 – Prepayments.**  The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business.  The Debtors have exercised reasonable efforts to identify any prepayments.  The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.

(h)    **Schedule A/B, Part 9 – Real Property.**  Real property is reported at book value, net of accumulated depreciation on buildings and improvements.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

(i)    **Schedule A/B, Part 10 – Intangibles and Intellectual Property.**  Values are listed as unknown or undetermined where appropriate.

(j)    **Schedule A/B, Part 11 – All Other Assets.**  Dollar amounts are presented net of impairments and other adjustments.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.***  In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their

customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

*Interests in Insurance Policies or Annuities.*  The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies.  A list of the Debtors insurance policies and related information is available in the *Debtors' Emergency Motion for Entry of an Order (A) Authorizing the Debtors to (I) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (II) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, and (B) Granting Related Relief* [Docket No. 95].

*Federal Tax Refunds and Unused Net Operating Losses (NOLs).*  Certain of the Debtors have the ability to take advantage of NOLs.  To the extent they are included in Schedule A/B, Part 11, such NOLs reflect amounts as of the Petition Date.  The Debtors may have the ability to claim NOLs for subsequent years, but such amounts cannot be quantified at this time.

**2.** **Specific Notes Regarding Schedule D**

**(a)** Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, inchoate statutory lien rights, or other lien rights created by the laws of the various jurisdictions in which the Debtors operate.  The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the

Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Matthew Ray of Portage Point Partners, LLC in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 79] (the "First Day Declaration").

**3.**     **Specific Notes Regarding Schedule E/F**

**(a)**     **Creditors Holding Priority Unsecured Claims.**  The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

Pursuant to the *Order (A) Authorizing the Payment of Certain Prepetition Taxes and Fees and (B) Granting Related Relief* [Docket No. 136] (the "Tax Order"), the Bankruptcy Court granted the Debtors authority to pay the prepetition Claims of regulatory authorities on account of taxes and fees.  The amounts accrued and payable on account of such Claims may not be reflected on Schedule E/F.

The Debtors have made reasonable efforts to report all unsecured claims on Schedule E/F of the appropriate Debtor.  Debtor BTC, however, acts as an agent for purchasing and executing payments for each of its Debtor vessel-owning subsidiaries.  Consequently, certain kinds of unsecured claims against the Debtors are recorded on the books and records of BTC on an aggregate basis.  Accordingly, such claims are reported on an aggregate basis for all applicable Debtors on Schedule E/F of Debtor BTC.

Furthermore, pursuant to the *Order (A) Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, and Other Compensation and (II) Continue Employee Benefits Programs and (B) Granting Related Relief* [Docket No. 137] (the "Employee Wage Order"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, bonuses and other compensation, reimbursable employee expenses, and employee medical and similar benefits.  The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order entered by the Bankruptcy Court.  The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court.

**(b)**     **Creditors Holding Nonpriority Unsecured Claims**.  The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in

Schedules D and E/F may be incomplete.  The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

**(c)** **Trade Payables**.  Trade Payables listed on Schedule E/F contain the prepetition liability information available to the Debtors as of the date of filing and do not include invoices that were paid or are intended to be paid subsequent to the Petition Date related to prepetition obligations pursuant to the *Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Trade Claimants, (II) Confirming the Procedures Related Thereto, (III) Granting Administrative Priority for Outstanding Orders, and (IV) Granting Related Relief* [Docket No. 139].

## 4.    Specific Notes Regarding Schedule G

**(a)** **Executory Contracts and Unexpired Leases**.  While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G.  To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid.  The Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers.  In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors.  Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance.  In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

## 5.  Specific Notes Regarding Schedule H

(a)  **Co-Debtors**.  In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions.  These matters may involve multiple plaintiffs and defendants, some

or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

### Specific Statements Disclosures.

**(a)**     **Question 1 – Gross Revenue.**  The debtors have excluded intercompany sales from gross revenue in response to Question 1.

In the ordinary course of their business, Debtor BTC collects all revenues on behalf of all subsidiary Debtors. Additionally, as of the date hereof, the Debtors' review of their historical financials remains ongoing and subject to material review and revision. Accordingly, the Debtors have reported their gross revenues in the Statement for BTC as a range and on a consolidated basis.

**(b)**     **Questions 3, 4, and 30 – Payments to Certain Creditors.**  Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates as further explained in the Cash Management Motion. Consequently, most, if not all, payments to creditors and insiders listed in response to Questions 3, 4, and 30 on each of the Debtors' Statements reflect payments made by Debtor BTC from one of its operating bank accounts (the "Operating Accounts"), on behalf of the corresponding Debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion. The Debtors have excluded from their response to Question 3 the ordinary course intercompany Debtor-to-Debtor transfers with respect to grub funding—i.e., payments from Debtor BTC to various of its Debtor subsidiaries to cover the cost of vessel crews' food, drink, and other nourishment. The Debtors have excluded ordinary course intercompany Debtor-to-Debtor transfers from their response to Question 4.

The Debtors have responded to Question 3 in detailed format by creditor. Disbursements made on account of multiple invoices may be reflected as a single payment. Further, disbursements by check listed in the Debtors' response to Question 3 are recorded as of the time when the check payments settled, rather than when the check was written or transmitted. The response does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or ordinary course compensation of individuals through salaries, wages, or related allowances.

The Debtors have responded to Questions 4 and 30 on a summary level basis by insider in the attachment for Question 30. To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Question 30 those payments made while such person was defined as an insider.

(c)     **Question 6 – Setoffs.**  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 27 of these Global Notes.

(d)     **Question 10 – Certain Losses.**  Given the scale of the Debtors' businesses when operational, certain losses cannot be tracked by the Debtors with complete accuracy and, accordingly, such losses are listed on the Debtors' Statements based on general ledger accounts that capture items such as theft, inventory shrink, and property damage.  Additionally, the Debtors only account for general recoveries of such losses, with this general amount being the recovery listed in the Statements for the one year immediately prior to the Petition Date.  In addition, in the ordinary course of business, the Debtors may incur minor losses in the form of reparable damage to their vessels.  As of the date hereof, the Debtors are not aware of any material losses relating to their vessels within one year prior to the Petition Date.  The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

(e)     **Question 11 – Payments Made Related to Bankruptcy.**  The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code.  Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications, motions, and related orders.  Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

(f)     **Question 13 – Transfers Not Already Listed on this Statement.**  In the ordinary course of their business, the Debtors may have sold certain assets within two years prior to the Petition Date.  Despite their reasonable efforts to provide a detailed response to Question 13, certain information with respect to such transfers may have been unavailable at the time these Schedules and Statements were prepared.  The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

(g)     **Question 16 – Personally Identifiable Information.**  In the ordinary course of the Debtors' businesses, certain of the Debtors collect and retain certain personally identifiable information of their customers, including, but not limited to, names, addresses, email addresses, and certain payment information.  Such information is subject to the Debtors' privacy policy regarding personally identifiable information.

(h)     **Questions 22–24 – Details About Environmental Information.**  The Debtors historically have operated over a substantial period of time and periodically have (i) been party to judicial and administrative proceedings under environmental laws, (ii) received notification from governmental units of potential liability under, or violations of, environmental laws, and (iii) notified governmental units of releases

of hazardous materials. The Debtors may no longer have active operations in a particular jurisdiction and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable. In some cases, statutory document retention periods have passed. Further, some individuals who once possessed responsive information are no longer employed by the Debtors. For all these reasons, it may not be reasonably possible to identify and supply all of the requested information that is responsive to Statements 22–24. The Debtors have made commercially reasonable efforts to provide responsive information for matters and issues that have arisen and/or that the Debtors consider to have been resolved between October, 2017 and the Petition Date. The Debtors acknowledge the possibility that information related to proceedings, governmental notices and reported releases of hazardous materials responsive to Statements 22–24 may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available. This response covers proceedings, governmental notices and reported releases of hazardous materials related to the primary applicable environmental laws and does not include proceedings, governmental notices or reported releases related to non-environmental laws, such as occupational safety and health laws or general transportation laws. This response is also limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws. This response does not cover: (i) periodic information requests, investigations or inspections from governmental units concerning compliance with environmental laws; or (ii) routine reports and submissions concerning permitted discharges resulting from routine operations where such reports and submissions were made in compliance with regulatory requirements. This response assumes that any information provided in response to Statement 22 is also deemed to have been provided in response to Statement 23 and vice versa, as appropriate. In addition, Statement 7 may identify information that is also responsive to Statement 22 or 23.

**(i)**     **Question 26 – Books, Records, and Financial Statements.** The Debtors have historically completed audits at the consolidated BTC level which includes all Debtors. As of the date hereof, the Debtors' financials most recently audited in 2018.

**(j)**     **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Distributions by the Debtors to their directors and officers are listed on the attachment to Question 30. Certain directors and executive officers of Debtor BTC are also directors and executive officers of certain of the other Debtors. To the extent payments to such individuals are not listed in the response to Question 30 on the Statements for such Debtor affiliates, they did not receive payment for their services as directors or officers directly from such entities. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under

Question 30 reflect the gross amounts paid to such directors and officers rather than the net amounts after deducting for tax withholdings.

\*       \*       \*       \*       \*

**Fill in this information to identify the case:**

Debtor name: Bouchard Transportation Co., Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number: 20-34682

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:**    **Income**

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2020    to    Filing Date | ☑ Operating a business<br>☐ Other | Less than $20 million |
| For prior year: | From 1/1/2019    to    12/31/2019 | ☑ Operating a business<br>☐ Other | $90-100 million |
| For the year before that: | From 1/1/2018    to    12/31/2018 | ☑ Operating a business<br>☐ Other | $150-170 million |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to Filing Date | | |
| For prior year: | From _____ to _____ | | |
| For the year before that: | From _____ to _____ | | |

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1<br><br>See SOFA 3 Attachment | | $4,163,285.86 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>CEO / Director<br><br>Relationship to debtor<br>CEO / Director | | Less than $520,000 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other<br>Gross Wages & Bonus |
| 4.2<br><br>CEO / Director<br><br>Relationship to debtor<br>CEO / Director | | Less than $35,000 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other<br>Reimbursement |
| 4.3<br><br>Manager of Internal / External Communications<br><br>Relationship to debtor<br>Employee / Relative | | Less than $55,000 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other<br>Gross Wages |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.

Do not include property listed in line 6.

☐ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1 | International Ship Repair and Marine Services<br>1616 PENNY ST<br>Tampa, FL 33602 | Vessel | 6/18/2020 | Undetermined |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| 6.1 | | | | |
| | | Last 4 digits of account number | | |

---

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | **Name**<br>Hall v. Bouchard Transportation Co. Inc. et al<br>**Case number**<br>1:19-cv-06800-ARR-ST | Personal Injury | Name: U.S. District Court Eastern District of New York<br>Street: 225 Cadman Plaza E<br>City: Brooklyn   State: NY   Zip: 11201 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2 | **Name**<br>Caddell Dry Dock and Repair Co., Inc. v. Bouchard Transportation Co., Inc. et al<br>**Case number**<br>1:20-cv-00685-EK-LB | Breach of Contract | Name: U.S. District Court Eastern District of New York<br>Street: 225 Cadman Plaza E<br>City: Brooklyn   State: NY   Zip: 11201 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 7.3 | **Name**<br>Eric Hannan v. Bouchard Transportation Co., Inc.<br>**Case number**<br>19-003199 | Personal Injury | Name: Suffolk County Supreme Court<br>Street: 1 Court St<br>City: Riverhead   State: NY   Zip: 11901 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**7.4**

**Name**
CFGI, LLC v. Bouchard
Transportation Co., Inc.

**Case number**
20-601831

Breach of Contract

Name
Suffolk County Supreme Court

Street
1 Court St

City — Riverhead    State — NY    Zip — 11901

☑ Pending
☐ On appeal
☐ Concluded

**7.5**

**Name**
Total Quality Logistics v.
Bouchard Transportation Co.,
Inc.

**Case number**
623679/2019

Breach of Contract

Name
Suffolk County Supreme Court

Street
1 Court St

City — Riverhead    State — NY    Zip — 11901

☐ Pending
☐ On appeal
☑ Concluded

**7.6**

**Name**
Robert Dunham, Timothy
Lerette, and Lonnie Roberts v.
America Bureau of Shipping;
ABS Group of Companies, Inc.;
ABS Quality Evaluations, Inc.;
ABS Maritime Services, Inc.;
ABSG Consulting, Inc.; and
Bouchard Transportation Co.,
Inc.

**Case number**
2019-85459

Personal Injury

Name
District Court of Harris County, Texas (127th Judicial
District)

Street
1201 Franklin St.

City — Houston    State — TX    Zip — 77002

☑ Pending
☐ On appeal
☐ Concluded

**7.7**

**Name**
In the Matter of Arbitration VT
Halter Marine, Inc. and
Bouchard Transportation Co.,
Inc.

**Case number**
Not Applicable

Breach of Contract

Name
Not Applicable

Street

City —    State —    Zip —

☐ Pending
☐ On appeal
☑ Concluded

**7.8**

**Name**
Billybey Marina Services, LLC v.
Bouchard Transportation Co.,
Inc.

**Case number**
20-cv-04922-LTS-JLC

Breach of Contract

Name
Southern District of New York

Street
500 Pearl St.

City — New York    State — NY    Zip — 10007

☐ Pending
☐ On appeal
☑ Concluded

**7.9**

**Name**
E.N. Bisso & Son, Inc. v. M/V
Bouchard Girls

**Case number**
219-cv-14675-WBV-DMD

Breach of Contract

Name
Eastern District of Louisiana

Street
500 Pydras St, Ste 614

City — New Orleans    State — LA    Zip — 70130

☑ Pending
☐ On appeal
☐ Concluded

**7.10**

**Name**
Bollinger Shipyards Lockport,
L.L.C. v. Bouchard
Transportation Co., Inc.

**Case number**
2:20-cv-00371-SSV-DMD

Maritime Claim

Name
Eastern District of Louisiana

Street
500 Pydras St, Ste 614

City — New Orleans    State — LA    Zip — 70130

☐ Pending
☐ On appeal
☑ Concluded

Debtor  Bouchard Transportation Co., Inc.
Name
Case number *(if known)* 20-34682
Case 20-34682   Document 450   Filed in TXSB on 02/10/21   Page 27 of 41

| 7.11 | **Name**<br>Bollinger Amelia Repair, LLC v. Bouchard Transportation Co., Inc. | Maritime Claim | **Name**<br>Southern District of Texas | | | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
|---|---|---|---|---|---|---|
| | **Case number**<br>2:19-cv-00370 | | **Street**<br>515 Rusk St. | | | |
| | | | **City**<br>Houston | **State**<br>TX | **Zip**<br>77002 | |

| 7.12 | **Name**<br>ST Engineering Halter Marine & Offshore, Inc. v. Bouchard Transportation Co. | Breach of Contract | **Name**<br>Southern District of Mississippi | | | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
|---|---|---|---|---|---|---|
| | **Case number**<br>1:19-cv-0955-LG-RPM | | **Street**<br>501 E Court St, Ste 1-510 | | | |
| | | | **City**<br>Jackson | **State**<br>MS | **Zip**<br>39201 | |

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 | Custodian's name and address | Case title | |
| | Street | Case number | Court name and address<br>Name |
| | City          State          Zip | Date of order or assignment | Street |
| | | | City          State          Zip |

**Part 4:** **Certain Gifts and Charitable Contributions**

## 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | Recipient's name<br>Telecare Corporation | Telethon 2019 | 1/1/2019 | $25,000.00 |
| | Street<br>1200 Glenn Curtiss Blvd. | | | |
| | City          State          Zip<br>Uniondale     NY       11553 | | | |
| | **Recipient's relationship to debtor**<br>Unknown | | | |
| 9.2 | Recipient's name<br>Kelly Cares Foundation | Unknown | 2/1/2019 | $107,500.00 |
| | Street<br>PO Box 8107 | | | |
| | City          State          Zip<br>South Bend    IN       46660 | | | |
| | **Recipient's relationship to debtor**<br>Unknown | | | |

Debtor    Bouchard Transportation Co., Inc.                    Case number *(if known)* 20-34682
_____    Name

9.3    Recipient's name                    Unknown                    8/1/2019                    $17,500.00
       Texas A&M University At Galveston

       Street
       P.O. Box 1675

       City                    State    Zip
       Galveston                TX       77553

       Recipient's relationship to debtor
       Unknown

## Part 5:    Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 |  |  |  |
| **Email or website address** |  |  |  |
| **Who made the payment, if not debtor?** |  |  |  |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 |  |  |  |
| **Trustee** |  |  |  |

**13. Transfers not already listed on this statement**

List any transfers of money or other property☐by sale, trade, or any other means☐made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | Vessel | 3/14/2020 | $933,128.19 |

RQ Construction, LLC
35 Durbin Station Court, Suite 104
St. Johns, FL 32259

Relationship to debtor
Purchaser

| Part 7: | **Previous Locations** |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1  Street | From                    to |
| City          State          Zip | |

| Part 8: | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1  Street | | |
| City          State          Zip | **Location where patient records are maintained**(if different from facility address). If electronic, identify any service provider | **How are records kept?** Check all that apply: ☐ Electronically ☐ Paper |

Debtor ___Bouchard Transportation Co., Inc.___     Case number *(if known)* 20-34682___
       Name

## Part 9:   Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.   Names, Addresses, Email Addresses and Social Security Numbers

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

   ☑ No. Go to Part 10.

   ☐ Yes. Fill in below:

   **Name of plan**                                           **Employer identification number of the plan**

   _____                _____

   Has the plan been terminated?
   ☐ No
   ☐ Yes

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name _____<br>Street _____<br>City _____ State ___ Zip ___ | _____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other<br>_____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1   Name<br><br>Street<br><br>City   State   Zip | Address | | ☐ No<br><br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1   Name<br>Caddell Warehouse<br>Street<br>1515 Richmond Terrace<br>City   State   Zip<br>Staten Island   NY   10310 | Unknown<br>Address | Spare Parts | ☐ No<br>☑ Yes |
| 20.2   Name<br>Gulf Marine Warehouse<br>Street<br>1800 Grant Street<br>City   State   Zip<br>Tampa   FL   33605 | Unknown<br>Address | Spare Parts | ☐ No<br>☑ Yes |

**Part 11:**   **Property the Debtor Holds or Controls that the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

Debtor   Bouchard Transportation Co., Inc.
_____
         Name                                              Case number *(if known)* 20-34682

**Part 12:**   **Details About Environmental Information**

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☐ No.

☑ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 Commonwealth of Massachusetts v. Bouchard Transportation Company, Inc., et al.<br><br>Case Number<br>17 cv 12031 | Name<br>The United States District Court of Massachusetts<br><br>Street<br>1 Courthouse Way<br><br>City: Boston  State: MA  Zip: 02210 | Civil Action | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 22.2 State of Rhode Island and Providence Plantations v. Bouchard Transportation Company, Inc., et al.<br><br>Case Number<br>10 cv 12031 | Name<br>The United States District Court of Massachusetts<br><br>Street<br>1 Courthouse Way<br><br>City: Boston  State: MA  Zip: 02210 | Civil Action | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 22.3 U.S. Department of Justice et.al v. Bouchard Transportation<br><br>Case Number<br>10 cv 11958 | Name<br>The United States District Court of Massachusetts<br><br>Street<br>1 Courthouse Way<br><br>City: Boston  State: MA  Zip: 02210 | Civil Action | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 22.4 United States of America v. Bouchard Transportation Company, Inc., Tug Evening Tide Corporation, and B. No. 120 Corporation<br><br>Case Number<br>1:17-cv-12046 | Name<br>The United States District Court of Massachusetts<br><br>Street<br>1 Courthouse Way<br><br>City: Boston  State: MA  Zip: 02210 | Civil Action | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No

☑ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1   Name<br>Barge B No. 255; Gulf of Mexico - Corpus Christi, Texas<br><br>Street<br>58 South Service Road, Suite 150<br><br>City Melville   State NY   Zip 11747 | Name<br>Texas General Land Office<br><br>Street<br>1700 N. Congress Ave<br><br>City Austin   State TX   Zip 78701-1495 | Texas OSPRA § 40.251 | 6/25/2018 |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1   Name<br><br>Street<br><br>City   State   Zip | Name<br><br>Street<br><br>City   State   Zip | | |

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1    See SOFA 25 Attachment | | EIN<br><br>**Dates business existed**<br>From         to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | | Dates of service |
|---|---|---|
| 26a.1   CFGI<br>340 Madison Ave, 3rd Floor<br>New York, NY 10173 | | From<br>2019       to<br>2019 |
| 26a.2   Robert Zuclich<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | | From<br>2019       to<br>2020 |

| 26a.3 | John Badke<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | From<br>2019 | to<br>2020 |
|---|---|---|---|
| 26a.4 | Jeffrey Hauser<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | From | to |
| 26a.5 | Robert Dreyfuss<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | From<br>2018 | to<br>2019 |
| 26a.6 | Scott Glassman<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | From<br>2018 | to<br>2019 |
| 26a.7 | Michael Kaiser<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | From<br>2019 | to<br>2020 |
| 26a.8 | Priscilla Popov<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | From<br>2020 | to<br>2020 |

**26b.** List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | | Dates of service | |
|---|---|---|---|
| 26b.1 | Baker Tilly<br>125 Baylis Road, Suite 300<br>Melville, NY 11747 | From<br>2019 | to<br>2019 |
| 26b.2 | Boris Benic<br>500 Old Country Road, Suite 311<br>Garden City, NY 11530 | From<br>2019 | to<br>2019 |

**26c.** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1 | Bouchard Accounting Office<br>58 South Service Road<br>Suite 150<br>Melville NY<br>11747 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Theofanis Tsakos - Vessel Maintenance Supervisor | 12/31/2018 | $3,683,108.66 |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1    Jim Sloan - Crewing Manager<br>58 South Service Road, Suite 150<br>Melville, NY 11747 |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Theofanis Tsakos - Vessel Maintenance Supervisor | 09/30/2018 | $3,656,109.00 |

| Name and address of the person who has possession of inventory records |
|---|
| 27.2    Jim Sloan - Crewing Manager<br>58 South Service Road, Suite 150<br>Melville, NY 11747 |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1    Morton S. Bouchard III and Related Trusts<br>Bouchard Transportation Co., Inc.<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | Shareholder | 100% |
| 28.2    Morton S Bouchard III<br>Bouchard Transportation Co., Inc.<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | Chief Executive Officer and Director | |

Debtor _____Bouchard Transportation Co., Inc._____     Case number *(if known)* 20-34682
　　　　　　Name

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 | | From _____ to _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1  Chief Executive Officer<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | Less than $520,000 | | Gross Wages & Bonus |
| **Relationship To Debtor** | | | |
| CEO / Director | | | |
| 30.2  Chief Executive Officer<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | Less than $35,000 | | Reimbursement |
| **Relationship To Debtor** | | | |
| CEO / Director | | | |
| 30.3  Manager of Internal / External Communications<br>58 South Service Road, Suite 150<br>Melville, NY 11747 | Less than $55,000 | | Gross Wages |
| **Relationship To Debtor** | | | |
| Employee / Relative | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN _____ |

Debtor __Bouchard Transportation Co., Inc.__        Case number *(if known)* 20-34682
Name

**32.Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**SOFA 3 ATTACHMENT**

Certain payments or transfers to creditors within 90 days before filing this case

| | Creditor's Name | Address | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|
| 3.1 | 58/68 S. SERVICE ROAD SPE LLC | 625 RXR PLAZA, UNIONDALE, NY 11556 | 8/11/2020 | $33,044.74 | Goods / Services Rendered |
| | | | TOTAL: | $33,044.74 | |
| 3.2 | A.R.M. MARINE SUPPLY, LLC | 1249 86TH STREET, BROOKLYN, NY 11228 | 8/17/2020 | $9,218.26 | Goods / Services Rendered |
| | | | TOTAL: | $9,218.26 | |
| 3.3 | ABS NAUTICAL SYSTEMS | PO BOX 301249, DALLAS, TX 75303-1249 | 7/1/2020 | $23,914.60 | Goods / Services Rendered |
| | | | TOTAL: | $23,914.60 | |
| 3.4 | ASSOCIATED FEDERAL PILOTS AND DOCKING MASTERS OF LOUISIANA | PO BOX 52852, LAFAYETTE, LA 70505 2852 | 7/24/2020 | $39,436.71 | Goods / Services Rendered |
| | | | TOTAL: | $39,436.71 | |
| 3.5 | AVONDALE MARINE, LLC | 800 BARONNE STREET, NEW ORLEANS, LA 70113 | 7/8/2020 | $100,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $100,000.00 | |
| 3.6 | BAYONNE LINEBOAT SERVICE | PO BOX 4001, BAYONNE, NJ 07002 | 7/16/2020 | $20,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $20,000.00 | |
| 3.7 | BOEING DIGITAL SOLUTIONS | 55 INVERNESS DR E, ENGLEWOOD, CO 80112 | 9/1/2020 | $16,033.05 | Goods / Services Rendered |
| | | | TOTAL: | $16,033.05 | |
| 3.8 | BOLAND MARINE & INDUSTRIAL | PO BOX 53287, NEW ORLEANS, LA 70153 | 7/6/2020 | $761,915.00 | Goods / Services Rendered |
| | | | TOTAL: | $761,915.00 | |
| 3.9 | BROWARD COUNTY DEPART OF PORT EVER | 1850 ELLER DRIVE, FORT LAUDERDALE, FL 33316 | 8/11/2020 | $8,250.92 | Goods / Services Rendered |
| | | | TOTAL: | $8,250.92 | |
| 3.10 | CITY OF ST. PETERSBURG | CENTRAL CASHIERS, PO BOX 2842, SAINT PETERSBURG, FL 33731 | 7/15/2020 | $93,273.17 | Goods / Services Rendered |
| | | | TOTAL: | $93,273.17 | |
| 3.11 | DNV GL USA INC | PO BOX 74008808, CHICAGO, IL 60674-8808 | 8/13/2020 | $37,284.13 | Goods / Services Rendered |
| | | | TOTAL: | $37,284.13 | |
| 3.12 | DNV GL USA, INC | PO BOX 74008808, CHICAGO, IL 60674-8808 | 7/7/2020 | $27,075.96 | Goods / Services Rendered |
| | | | TOTAL: | $27,075.96 | |
| 3.13 | ECM MARITIME SERVICES, LLC | 1 SELLECK ST, SUITE 1C, NORWALK, CT 06855 | 7/22/2020 | $1,120.74 | Goods / Services Rendered |
| 3.14 | ECM MARITIME SERVICES, LLC | 1 SELLECK ST, SUITE 1C, NORWALK, CT 06855 | 7/22/2020 | $13,278.49 | Goods / Services Rendered |
| 3.15 | ECM MARITIME SERVICES, LLC | 1 SELLECK ST, SUITE 1C, NORWALK, CT 06855 | 7/22/2020 | $17,721.52 | Goods / Services Rendered |
| | | | TOTAL: | $32,120.75 | |
| 3.16 | EXCELAIRE, LLC | 2221 SMITHTOWN AVE, RONKONKOMA, NY 11779 | 8/31/2020 | $20,161.25 | Goods / Services Rendered |
| | | | TOTAL: | $20,161.25 | |
| 3.17 | FORTRESS CREDIT CORP | 1345 AVENUE OF THE AMERICAS, 46TH FLOOR, NEW YORK, NY 10105 | 7/10/2020 | $8,333.33 | Goods / Services Rendered |
| 3.18 | FORTRESS CREDIT CORP | 1345 AVENUE OF THE AMERICAS, 46TH FLOOR, NEW YORK, NY 10105 | 8/3/2020 | $250,000.00 | Goods / Services Rendered |
| 3.19 | FORTRESS CREDIT CORP | 1345 AVENUE OF THE AMERICAS, 46TH FLOOR, NEW YORK, NY 10105 | 9/9/2020 | $250,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $508,333.33 | |
| 3.20 | GEORGE M CHALOS AND CO | 55 HAMILTON AVENUE, OYSTER BAY, NY 11771 | 8/5/2020 | $50,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $50,000.00 | |
| 3.21 | GKG LAW, P.C. | THE FOUNDRY BUILDING, 1055 THOMAS JEFFERSON STREET, SUITE 500, WASHINGTON, DC 20007 | 7/24/2020 | $13,334.50 | Goods / Services Rendered |
| | | | TOTAL: | $13,334.50 | |
| 3.22 | GREENWICH TERMINALS | PO BOX 416, GLOUCHESTER CITY, NJ 08030 | 7/14/2020 | $28,980.00 | Goods / Services Rendered |
| | | | TOTAL: | $28,980.00 | |
| 3.23 | GULF MARINE | 5501 JEFFERSON HWY, SUITE 116, NEW ORLEANS, LA 70123 | 7/17/2020 | $66,213.00 | Goods / Services Rendered |
| | | | TOTAL: | $66,213.00 | |
| 3.24 | HARBOR PILOTS OF NY NJ LLC | UNKNOWN | 8/12/2020 | $6,987.00 | Goods / Services Rendered |
| 3.25 | HARBOR PILOTS OF NY NJ LLC | UNKNOWN | 8/12/2020 | $10,710.00 | Goods / Services Rendered |
| | | | TOTAL: | $17,697.00 | |
| 3.26 | INDEPENDENCE VALVE & SUPPLY | 2420 PASADENA FREEWAY, PASADENA, TX 77506 | 7/21/2020 | $15,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $15,000.00 | |
| 3.27 | JOHN W.STONE OIL DIS | 1601 BELLE CHASSE HIGHWAY, SUITE 300, GRETNA, LA 70056 | 8/31/2020 | $53,440.00 | Goods / Services Rendered |
| | | | TOTAL: | $53,440.00 | |
| 3.28 | K&L GATES LLP | STATE STREET FINANCIAL CENTER, ONE LINCOLN STREET, BOSTON, MA 02111-2950 | 6/30/2020 | $75,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $75,000.00 | |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| | Creditor's Name | Address | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|
| 3.29 | K.DONOHUE - LEGAL | UNKNOWN | 8/12/2020 | $175.00 | Goods / Services Rendered |
| 3.30 | K.DONOHUE - LEGAL | UNKNOWN | 8/12/2020 | $100,524.16 | Goods / Services Rendered |
| | | | TOTAL: | $100,699.16 | |
| 3.31 | LAFAYETTE PARISH TAX COLLECTOR | PO BOX 4024, LAFAYETTE, LA 70502 | 7/1/2020 | $25,438.42 | Goods / Services Rendered |
| | | | TOTAL: | $25,438.42 | |
| 3.32 | LAUREL SHIPPING LLC | UNKNOWN | 6/30/2020 | $500,000.00 | Goods / Services Rendered |
| 3.33 | LAUREL SHIPPING LLC | UNKNOWN | 7/31/2020 | $450,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $950,000.00 | |
| 3.34 | MARINE TOWING OF TAMPA | 98 S 20TH ST, TAMPA, FL 33605 | 7/17/2020 | $12,500.00 | Goods / Services Rendered |
| | | | TOTAL: | $12,500.00 | |
| 3.35 | MCALLISTER TOWING | 17 BATTERY PLACE, SUITE 1200, NEW YORK, NY 10004 | 8/3/2020 | $4,800.00 | Goods / Services Rendered |
| 3.36 | MCALLISTER TOWING | 17 BATTERY PLACE, SUITE 1200, NEW YORK, NY 10004 | 8/5/2020 | $4,500.00 | Goods / Services Rendered |
| | | | TOTAL: | $9,300.00 | |
| 3.37 | MURPHY, ROGERS, SLOSS & GAMBEL | ONE SHELL SQUARE, 701 POYDRAS STREET, SUITE 400, NEW ORLEANS, LA 70139-7909 | 7/17/2020 | $119,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $119,000.00 | |
| 3.38 | PAUL FALLER | 5 GERHARDY COURT, EAST ISLIP, NY 11738 | 9/2/2020 | $8,400.00 | Goods / Services Rendered |
| | | | TOTAL: | $8,400.00 | |
| 3.39 | PLAZA MARINE, INC | PO BOX 842610, BOSTON, MA 02284-02610 | 9/25/2020 | $10,149.54 | Goods / Services Rendered |
| | | | TOTAL: | $10,149.54 | |
| 3.40 | POESL MARINE CORP | UNKNOWN | 8/13/2020 | $19,750.00 | Goods / Services Rendered |
| | | | TOTAL: | $19,750.00 | |
| 3.41 | SATCOM DIRECT | PO BOX 101617, ATLANTA, GA 30392-1617 | 8/31/2020 | $7,089.55 | Goods / Services Rendered |
| | | | TOTAL: | $7,089.55 | |
| 3.42 | SMC AVIATION, INC. | 8200 REPUBLIC AIRPORT, SUITE #8, FARMINGDALE, NY 11735 | 9/2/2020 | $67,148.41 | Goods / Services Rendered |
| | | | TOTAL: | $67,148.41 | |
| 3.43 | THE PILOTS' ASSOCIATION | FAIRCHILD BUILDING, 499 SOUTH CAPITOL STREET, SUITE 409, WASHINGTON, DC 20003 | 6/30/2020 | $26,334.07 | Goods / Services Rendered |
| | | | TOTAL: | $26,334.07 | |
| 3.44 | TOTAL TECHNOLOGY SOLUTIONS | 1895 WALT WHITMAN RD, MELVILLE, NY 11747 | 7/13/2020 | $11,546.95 | Goods / Services Rendered |
| | | | TOTAL: | $11,546.95 | |
| 3.45 | UNITED KINGDOM MUTUAL | 90 FENCHURCH STREET, LONDON EC3M 4ST UK | 8/6/2020 | $600,000.00 | Goods / Services Rendered |
| | | | TOTAL: | $600,000.00 | |
| 3.46 | UNITEDHEALTHCARE INSURANCE COMPANY | 22703 NETWORK PLACE, CHICAGO, IL 60673-1227 | 8/10/2020 | $130,383.97 | Goods / Services Rendered |
| | | | TOTAL: | $130,383.97 | |
| 3.47 | VALERO MARKETING & SUPPLY | 1 VALERO WAY, SAN ANTONIO, TX 78249 | 8/13/2020 | $8,250.00 | Goods / Services Rendered |
| | | | TOTAL: | $8,250.00 | |
| 3.48 | WHEATLEY HILLS GOLF CLUB | 147 EAST WILLISTON AVENUE, EAST WILLISTON, NY 11596 | 7/14/2020 | $2,726.88 | Goods / Services Rendered |
| 3.49 | WHEATLEY HILLS GOLF CLUB | 147 EAST WILLISTON AVENUE, EAST WILLISTON, NY 11596 | 8/14/2020 | $4,842.54 | Goods / Services Rendered |
| | | | TOTAL: | $7,569.42 | |

**SOFA 25 ATTACHMENT**
Other businesses in which the debtor has or has had an interest

| Business Name | Address 1 | Address 2 | City | State | ZIP | Describe the Nature of the Business | Employer Identification Number | From | To |
|---|---|---|---|---|---|---|---|---|---|
| B No. 205 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 20-5193386 | 2006 | Present |
| B No. 210 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3291638 | 1995 | Present |
| B No. 215 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3423661 | 1999 | Present |
| B No. 220 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3493981 | 1999 | Present |
| B No. 225 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 22-3857047 | 2003 | Present |
| B No. 230 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3152204 | 1993 | Present |
| B No. 231 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 20-8572056 | 2007 | Present |
| B No. 233 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 26-1273234 | 2008 | Present |
| B No. 235 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3259549 | 1994 | Present |
| B No. 242 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | Unknown | 2004 | Present |
| B No. 245 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3370310 | 1997 | Present |
| B No. 250 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 45-2492886 | 2012 | Present |
| B No. 252 Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 82-2262432 | 2019 | Present |
| B No. 260 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 26-1273142 | 2008 | Present |
| B No. 262 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 26-3518024 | 2009 | Present |
| B No. 264 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 26-3518258 | 2010 | Present |
| B No. 265 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 13-5426120 | 2002 | Present |
| B No. 270 Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 47-2099392 | 2015 | Present |
| B No. 272 Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 47-2122209 | 2016 | Present |
| B No. 280 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 20-3041815 | 2006 | Present |
| B No. 282 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 26-0618685 | 2007 | Present |
| B No. 284 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 26-3518177 | 2009 | Present |
| B No. 285 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | Unknown | 2006 | Present |
| B No. 57 Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | Unknown | 1983 | Present |
| B. No. 240 Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3188260 | 1993 | Present |
| B. No. 295 Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-2991019 | 2006 | Present |
| Tug Barbara E. Bouchard Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3087889 | 1992 | Present |
| Tug Bouchard Boys Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-2314388 | 1975 | Present |
| Tug Bouchard Girls Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-2991231 | 1989 | Present |
| Tug Brendan J. Bouchard Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3493978 | 1999 | Present |
| Tug Buster Bouchard Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 13-5519792 | 1979 | Present |
| Tug Danielle M. Bouchard Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3370313 | 1997 | Present |
| Tug Denise A. Bouchard Corp | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 46-4038639 | 2014 | Present |
| Tug Donna J. Bouchard Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 47-2094421 | 2016 | Present |
| Tug Ellen S. Bouchard Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 13-5600645 | 1982 | Present |
| Tug Evening Breeze Corp | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 82-2251981 | 2019 | Present |
| Tug Evening Light Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-2314387 | 1975 | Present |
| Tug Evening Mist Corp | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3074942 | 1976 | Present |
| Tug Evening Star Corp | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 45-2493010 | 2012 | Present |
| Tug Evening Tide Corp | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-2288334 | 1970 | Present |
| Tug Frederick E. Bouchard Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 47-3842782 | 2016 | Present |
| Tug J. George Betz Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3277417 | 1995 | Present |
| Tug Jane A. Bouchard Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 13-4215447 | 2003 | Present |
| Tug Kim M. Bouchard Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 47-2109463 | 2015 | Present |
| Tug Linda Lee Bouchard Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 20-5193292 | 2006 | Present |
| Tug Marion C. Bouchard Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 13-5532628 | 1979 | Present |
| Tug Morton S. Bouchard IV Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 14-1892782 | 2004 | Present |
| Tug Morton S. Bouchard Jr. Corp. | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 47-3829055 | 2016 | Present |
| Tug Ralph E. Bouchard Corp | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 13-5598363 | 1987 | Present |
| Tug Rhea I Bouchard Corp | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-2614267 | 1982 | Present |
| Tug Robert J. Bouchard Corporation | 58 South Service Road | Suite 150 | Melville | NY | 11747 | Maritime Transportation | 11-3195376 | 1994 | Present |

**Fill in this information to identify the case:**

Debtor name: Bouchard Transportation Co., Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number: 20-34682

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.
I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.
I declare under penalty of perjury that the foregoing is true and correct.

Executed on
02/10/2021

/s/ Morton S. Bouchard III                    Morton S. Bouchard III

Signature of individual signing on behalf of debtor          Printed name

Chief Executive

Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No
☑ Yes