## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) Case No. 20-34682 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS AND HARTREE PARTNERS, LP, AS DIP AGENT AND DIP LENDER WITH RESPECT TO EMERGENCY LOANS

This stipulation and agreed order (the "Stipulation and Agreed Order") is made by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and Hartree Partners, LP ("Hartree"), as administrative agent and collateral agent (in such capacities, the "DIP Agent") and lender (in such capacity, the "DIP Lender") under the DIP Facility,[2] (each of the Debtors and Hartree, a "Party," and collectively, the "Parties").

### Recitals

WHEREAS, on September 28 and 29, 2020 (as applicable to each Debtor, the "Petition Date"), the Debtors commenced chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court");

---

[1]   Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard.  The location of the Debtors' service address is:  58 South Service Road, Suite 150, Melville, New York 11747.

[2]   Capitalized terms used but not immediately defined have the meanings given to them in the final DIP order [Docket No. 334] (the "Final DIP Order") or the DIP Credit Agreement, as applicable.

WHEREAS, on December 21, 2020, the Court entered the Final DIP Order approving the DIP Facility on a final basis;

WHEREAS, on February 3, 2021, the Borrower requested and the Lenders agreed to extend (even though the Full Availability Conditions (defined below) have not been satisfied or waived), on an emergency basis, certain term loans under the Loan Agreement in an aggregate principal amount of $368,421.05 (the "February 3 Loans");

WHEREAS, the Borrower has requested that the Lenders agree to extend additional limited emergency term loans (even though the Full Availability Conditions have not been satisfied or waived) in the aggregate principal amount of $1,310,000, solely for the purposes of payroll and other employee-related expenses in accordance with the Schedule attached hereto as Exhibit 1 (the "Additional Emergency Loans" and together with the February 3 Loans, the "Emergency Loans");

WHEREAS, the Debtors acknowledge and agree that (1) the conditions precedent in Sections 4.2 and 4.3 of the Credit Agreement with respect to the ability to borrow the Full Availability Amount (the "Full Availability Conditions") have not been satisfied or waived as of the date of this Stipulation and Order; and (2) the making of Emergency Loans shall not in any way constitute a waiver of any of the Full Availability Conditions, nor shall the making of Emergency Advances in any way limit any of the rights or remedies of the Lenders and Agent hereunder.

**NOW, THEREFORE, IT IS STIPULATED, AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.  The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2.   This Court has jurisdiction over the Chapter 11 Cases and the parties and property affected hereby pursuant to 28 U.S.C. § 1334.  Consideration of this Stipulation and Agreed Order constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court may enter a final order consistent with Article III of the United States Constitution.  Venue for the Chapter 11 Cases is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief sought herein are sections 105, 362, 364, 503, 506, and 507 of the Bankruptcy Code.

3.   Subject to entry of this Stipulation and Order, (a) the Borrower is authorized to borrow, and the Guarantors are authorized to guarantee the Additional Emergency Loans in the aggregate principal amount of $1,310,000; (b) the Additional Emergency Loans shall only be used for the purposes of payroll and other employee-related expenses in accordance with the Schedule attached hereto as Exhibit 1; and (c) the amount of the Emergency Loans shall be deducted from the Full Availability Amount.

4.   The Emergency Loans shall be Loans under and as defined in the DIP Credit Agreement for all purposes thereunder.

5.   The Debtors and their respective agents, representatives, officers, directors, advisors, employees, subsidiaries, affiliates, successors and assigns, on the one hand (collectively, the "Releasors"), and the DIP Agent, the DIP Lenders and their respective parents, subsidiaries, affiliates, joint ventures, predecessors, successors and assigns and their respective officers, directors, partners, general partners, limited partners, managing directors, members, stockholders, trustees, shareholders, representatives, employees, principals, agents, beneficiaries, heirs, executors, personal or legal representatives and attorneys of any of them (collectively, the "Releasees"), on the other hand, hereby agree to eliminate any possibility that any past or current conditions, acts, omissions, events, circumstances or matters would impair or otherwise adversely

3

affect any of the rights, interests, contracts, collateral security or remedies of the Releasees on or prior to the date hereof.  Therefore, as a material inducement to the DIP Agent and the DIP Lenders to enter into this Stipulation and Order, the Releasors hereby waive, release, and discharge the Releasees from any and all claims, demands, actions or causes of action that the Releasors may have that arise out of or in any way relate to any action that such DIP Lender or DIP Agent, in their capacities as such, or any such Releasee may have taken or omitted to take on or before the date hereof with respect to the Debtors, the Chapter 11 Cases, any Loan Document, or any other document, instrument, dealing or other matter connected with any Loan Document.

6.    Neither this Stipulation and Agreed Order nor any negotiations and writings in connection with this Stipulation and Agreed Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against another Party.

7.    No action taken by any Party, either previously or in connection with this Stipulation and Agreed Order, shall be deemed or construed to be an admission by such Party of any fault or liability whatsoever to the other Party or to any other person or entity in connection with any matter or thing.

8.    This Stipulation and Agreed Order shall be binding upon the Parties and their respective successors and assigns.

9.    The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

10. This Stipulation and Agreed Order shall be deemed to have been drafted jointly by the Parties and any uncertainty or omission shall not be construed as an attribution of drafting by any party.

4

NY 78385744

11. This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof, and may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of the Court.

12. This Stipulation and Agreed Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail (including by .pdf attachment), and each of which will be deemed an original, but all of which together will constitute one instrument.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

14. This Stipulation and Agreed Order is a final order pursuant to 28 U.S.C. § 158(a)(1) and is effective immediately upon entry, notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3) or 6004(h), as may be applicable.

Houston, Texas
Dated: _____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE

5

**STIPULATED AND AGREED TO THIS 25TH DAY OF FEBRUARY 2021:**

Houston, Texas
February 25, 2021

/s/ Matthew D. Cavenaugh

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve M. Graham (TX Bar No. 24085340) | Ryan Blaine Bennett, P.C. (admitted *pro hac* vice) |
| 1401 McKinney Street, Suite 1900 | W. Benjamin Winger (admitted *pro hac* vice) |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone:   (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile:   (713) 752-4221 | Telephone:   (312) 862-2000 |
| Email:          mcavenaugh@jw.com | Facsimile:   (312) 862-2200 |
|                     ggraham@jw.com | Email:          ryan.bennett@kirkland.com |
| | benjamin.winger@kirkland.com |

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*

/s/ Benjamin W. Kadden

| | |
|---|---|
| **LUGENBUHL WHEATON PECK** | **STROOCK & STROOCK & LAVAN LLP** |
| **RANKIN & HUBBARD** | Frank A. Merola (admitted *pro hac* vice) |
| Benjamin W. Kadden (TX Bar No. 24077542) | Alex Cota (admitted *pro hac* vice) |
| Christopher T. Caplinger (admitted *pro hac* vice) | Christopher M. Guhin (admitted *pro hac* vice) |
| Coleman L. Torrans (admitted *pro hac* vice) | 180 Maiden Lane |
| 601 Poydras St. | New York, New York 10038 |
| New Orleans, Louisiana 70130 | Telephone:   (212) 806-5400 |
| Pan American Life Center, Ste. 2775 | Facsimile:   (212)-806-6006 |
| Telephone: (504) 568-1990 | Email:          fmerola@stroock.com |
| Facsimile:  (504) 310-9195 | acota@stroock.com |
| Email:          bkadden@lawla.com | cguhin@stroock.com |
|                     ccaplinger@lawla.com | |
|                     ctorrans@lawla.com | |

*Co-Counsel for Hartree Partners, LP*

*Co-Counsel for Hartree Partners, LP*

Exhibit 1

NY 78385744

## Exhibit 1

| Incremental Funding Need Through 02/26/2021 | | ($USD) |
|---|---|---|
| **Principal DIP Funding** | $ | **1,310,000** |
| Less: OID | | (65,500) |
| **Net DIP Funding to Debtors** | $ | **1,244,500** |
| | | |
| **Employees** | | . |
| Office Payroll | $ | 78,746 |
| Vessel Payroll | | 911,182 |
| Other Employee Expenses [1] | | 80,086 |
| **Total Employee Expenses** | $ | **1,070,014** |
| | | |
| **Employee Insurance** | | |
| United Healthcare (February) | $ | 174,486 |
| **Total Employee Insurance** | $ | **174,486** |
| | | |
| **Total Incremental Funding Need** | $ | **1,244,500** |

1) Other Employee Expenses include amounts for independent contractors, grub card funding, payroll processing fees, reimbursement of employee expenses, Dental, Vision & other employee benefits.