

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/26/2021

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) | Case No. 20-34682 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER

For the reasons stated on the record before the United States Bankruptcy Court for the Southern District of Texas (the "Court") at the February 24, 2021 and February 26, 2021 hearings, and the courtroom minutes entered in connection therewith, in the above-captioned, jointly-administered chapter 11 cases (collectively, the "Chapter 11 Cases"), the Court hereby orders as follows (this "Order"):

1.  Morton S. Bouchard, III ("Mr. Bouchard"), shall be, and hereby is, immediately removed from his positions as chief executive officer and director of the Debtors, subject to further order of the Court. For the avoidance of doubt, this Order shall be without prejudice to Mr. Bouchard's right to seek appropriate relief from the Court.

2.  Matthew Ray of Portage Point Partners, LLC ("Portage Point") has accepted appointment as chief restructuring officer ("CRO") of the Debtors. Notwithstanding anything to the contrary herein, in the Portage Retention Order[2], or the Engagement Letter (as defined in the

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

[2] The "Portage Retention Order" refers to the *Order (A) Authorizing the Retention and Employment of Portage Point Partners, LLC as Restructuring Advisor to the Debtors and Debtors in Possession, Effective as of the Petition Date, (B) Designating Matthew Ray as Chief Restructuring Officer, and (C) Granting Related Relief* [Docket No. 243].

Portage Retention Order), or in any other order of the Court, the CRO shall be, and hereby is, empowered with exclusive and complete authority to act for and on behalf of the Debtors with respect to matters arising out of or relating to the Debtors and/or the Chapter 11 Cases, including, without limitation, the following:  any restructuring transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases or the DIP Facility (including any amendments thereto), the pursuit of confirmation and/or consummation of a chapter 11 plan, the sale or disposition of any property of the estate, the administration and implementation of or distribution of property under a chapter 11 plan, pending appointment of the Independent Directors (defined below).  From and after appointment of the Independent Directors, the CRO shall report to the Independent Directors.

3. The Debtors shall promptly file an order seeking relief pursuant to which two independent directors reasonably acceptable to the DIP Agent (each, an "Independent Director" and together, the "Independent Directors") shall be appointed and empowered to serve on the boards of directors of the Debtors, with full authority to govern the affairs of the Debtors during the pendency of the Chapter 11 Cases.

4. Neither the CRO, Portage Point, Portage Point's agents and affiliates, Portage Point personnel serving at the direction of the CRO, nor the Independent Directors shall have or incur liability for, and each of the CRO, Portage Point, Portage Point's agents and affiliates, Portage Point personnel serving at the direction of the CRO, and the Independent Directors shall be released and exculpated from any claims and causes of action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the DIP Facility, or any restructuring transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases, the DIP Facility, the filing of the

Chapter 11 Cases, the pursuit of confirmation of a chapter 11 plan, the pursuit of consummation of a chapter 11 plan, the sale or disposition of any property of the estate, the administration and implementation of a chapter 11 plan, or the distribution of property under a chapter 11 plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place during the pendency of the Chapter 11 Cases, except for claims related to any act or omission that is determined by a final order of this Court ~~of a court of competent jurisdiction~~ to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects the CRO, Portage Point, Portage Point's agents and affiliates, Portage Point personnel serving at the direction of the CRO, and the Independent Directors shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to their respective appointments as, as the case may be, officers or directors of the Debtors.  All parties in interest are permanently enjoined from commencing any action or other proceeding of any kind on account of or in connection with or with respect to any claim and/or cause of action that is released and exculpated pursuant to the foregoing sentence.

    5.    Except as provided herein or in any other order of the Court, no party in interest shall obstruct, impair, or otherwise interfere with, directly or indirectly, (a) any act or omission taken by the CRO or the Independent Directors pursuant to this Order in the exercise of their respective fiduciary obligations under applicable law or (b) the Debtors' business, including but not limited to the Debtors' decisions concerning its operations, management, treatment of claims, disposition of assets owned, controlled or managed by the Debtors, and the pursuit of a chapter 11 plan of reorganization.

    6.    A further hearing is scheduled for March 2, 2021, at 2:00 p.m., prevailing Central Time, before this Court.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: February 26, 2021.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE