**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) | Case No. 20-34682 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY OMNIBUS MOTION WITH RESPECT TO RELOCATION OF VESSELS AND MODIFICATIONS OF THE DEBTORS WORKFORCE**

**Emergency relief has been requested.**

**If you object to the requested relief or you believe that emergency consideration is not warranted, you must file a written response prior to the below date by which relief is requested. Otherwise, the Court may treat the request as unopposed and grant the relief requested.**

**Relief is requested not later than March 4, 2021.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion.[2]

## Relief Requested

1. The Debtors seek entry of an order in furtherance of the February 26 Order, providing that:

- Matthew Ray, as chief restructuring officer ("CRO") of the Debtors, is authorized to act on behalf of the Debtors to relocate or direct the relocation of the Debtors' vessels (the "Vessels") and take any and all actions related thereto; and
- Matthew Ray, as CRO of the Debtors, is authorized to act on behalf of the Debtors to make adjustments to the Debtors' workforce in the ordinary course of business,

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

[2] For the avoidance of doubt, the Debtors believe they have authority to take the actions described in this motion pursuant to, among other things, that certain *Order* [Docket No. 569] (the "February 26 Order") and sections 363(c) and 1107 of the Bankruptcy Code. Accordingly, the Debtors request the relief set forth in this motion and the proposed Order out of an abundance of caution.

including by increasing or decreasing the employee headcount and entering into agreements with consultants and independent contractors, and to take any and all actions related thereto.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are the February 26 Order, sections 105, 363, and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 9006, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5. The Debtors comprise one of the nation's largest independently-owned ocean-going petroleum barge companies.

6. On September 28, 2020, and September 29, 2020 (as applicable to each Debtor, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Matthew Ray of Portage Point Partners, LLC in Support of the Chapter 11 Petitions and the First Day Motions* [Docket No. 79] (the "First Day Declaration"), filed on October 12, 2020. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 30, 2020, the Court entered orders [Docket Nos. 30, 31] authorizing

procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On February 25, 2021, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 563]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Basis for Relief

### I. Relocation of the Vessels.

7. In the ordinary course of the Debtors' business, the Debtors move their Vessels to, among, and between various ports, terminals, berths, and other locations for, among other things, safety and maintenance purposes, such as refueling and repair. The CRO, in his business judgment, will from time to time determine that certain Vessels should be relocated or otherwise moved for safety, maintenance, and other operational reasons. For example, the CRO has determined that a certain tug should be used in the immediate near term to deliver fuel and other materials to certain Vessels presently located elsewhere. Accordingly, the Debtors request entry of an order explicitly authorizing the CRO to relocate or direct the relocation of the Vessels and take any and all actions related thereto.

### II. The Debtors' Workforce.

8. The Debtors' dedicated workforce is the lifeblood of their business. As part of steering the Debtors towards a value-maximizing exit from these chapter 11 cases, the CRO will from time to time determine that certain adjustments to the Debtors' current workforce are necessary and appropriate to effectuate a successful restructuring and maximize going concern value. For example, the Debtors need to make immediate adjustments to their employee headcount to both fill key positions as they bring vessels back online and to limit payroll obligations that do not provide commensurate benefit to the estate. Accordingly, the Debtors request entry of an order

explicitly authorizing the CRO to make adjustments to the Debtors' workforce in the ordinary course of business, including increasing or decreasing the employee headcount, and to take any and all actions related thereto.[3]

### III. The Requested Relief Is Necessary and Appropriate under the Circumstances and Should Be Approved.

9. The February 26 Order empowered the CRO with "exclusive and complete authority to act for the Debtors with respect to matters arising out of or relating to the Debtors and/or the Chapter 11 Cases," and the Court retained "exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of" the February 26 Order. Feb. 26 Order ¶¶ 2, 7. Further, section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing."

10. In addition, section 105(a) of the Bankruptcy Code provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Section 105(a) grants bankruptcy judges "***broad authority***," *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007) (emphasis added), and should be "interpreted liberally" so long as any action taken pursuant to section 105(a) is "consistent with the rest of the Bankruptcy Code." *In re Zale Corp.,* 62 F.3d 746, 760 (5th Cir. 1995). Section 105(a) permits bankruptcy courts to "fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code." *In re Sadkin*, 36 F.3d 473, 478 (5th Cir. 1994). Approval of the requested

[3] For the avoidance of doubt, the Debtors' request that its management team be authorized to make adjustments to the Debtors' workforce upon the direction of the CRO.

relief is justified under section 105(a) of the Bankruptcy Code to avoid immediate and irreparable harm to the Debtors and their estates.

**Emergency Consideration**

11. The Debtors request emergency consideration of this motion because it is essential for the Debtors to relocate their Vessels to further the safety and maintenance of their fleet, as a number of Vessels are in immediate need of fuel and other maintenance repairs. Additionally, it is critical for the Debtors to adjust their employee headcount prior to the next payroll cycle to avoid incurring additional costs that do not commensurately benefit the estate, as well as immediately hire key employees, particularly in safety and maintenance positions, as they bring vessels back online. The Debtors request that the Court approve the relief requested in this motion on an emergency basis by March 4, 2021, to avoid the consequences of this emergency.

**Notice**

12. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the U.S. Trustee; (b) counsel to the Committee; (c) Wells Fargo Bank, National Association, and counsel thereto; (d) Fortress Credit Co LLC, and counsel thereto; (e) Hartree Partners, LP, and counsel thereto; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (j) the state attorneys general for states in which the Debtors conduct business; (k) any party that

has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

13. The requested relief is necessary and appropriate under the circumstances. The Debtors respectfully request that the Court enter the Order.

The Debtors request that the Court enter the Order, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
March 3, 2021

*/s/ Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Genevieve M. Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
ggraham@jw.com

*Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Ryan Blaine Bennett, P.C. (admitted *pro hac* vice)
W. Benjamin Winger (admitted *pro hac* vice)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: ryan.bennett@kirkland.com
benjamin.winger@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on March 3, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh