IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: ) | Chapter 11 | |
| ) | | |
| BOUCHARD TRANSPORTATION ) | Case No. 20-34682 | |
| CO., INC., et al. ) | | |
| ) | (Jointly Administered) | |
| Debtors. ) | | |
| ) | | |
| ST Engineering Halter Marine & Offshore ) | | |
| d/b/a Halter Marine & Offshore ) | Adv. Proceeding No. _____ | |
| ) | | |
| Plaintiff. ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| M/V RALPH BOUCHARD and Bouchard ) | | |
| Transportation Co. Inc. ) | | |
| ) | | |
| Defendants. ) | | |

### STEHMO'S COMPLAINT AGAINST M/V RALPH E. BOUCHARD, BOUCHARD TRANSPORTATION CO., INC., AND RALPH E. BOUCHARD CORP.

Plaintiff, ST Engineering Halter Marine & Offshore d/b/a Halter Marine & Offshore ("STEHMO" or "Plaintiff"), through undersigned counsel, hereby files this Complaint against M/V RALPH E. BOUCHARD, Bouchard Transportation Company, Inc. ("BTC"), and Ralph E. Bouchard Corp. ("REBCO").

### I.   PARTIES AND JURISDICTION

1. STEHMO is a corporation organized under the laws of Delaware with its principal place of business in Pascagoula, Mississippi.

2. BTC, is a corporation organized and existing under the laws of New York, with its principal offices located in Melville, New York.

3. REBCO is a corporation with its principal offices located in Melville, New York. REBCO is a wholly owned subsidiary of BTC.

4. The M/V RALPH E. BOUCHARD (IMO #8809983) is a towing vessel which is owned by REBCO (the "Vessel"). The Vessel has been arrested pursuant to the Order of the United States District Court for the Southern District of Mississippi and is currently in the possession of Plaintiff. *See* Order for Issuance of Process and Warrant for Arrest in Rem, Rec. Docs. 11 and 12, attached as Exhibit 1.

5. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

6. The Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334.

7. This matter is a core proceeding pursuant to 28 USC §157(b), and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

8. Venue is proper pursuant to 28 USC §1409(a).

9. If it is determined that the bankruptcy judge cannot enter final orders or judgments consistent without Article III of the United States Constitution absent consent of the parties, Plaintiff confirms its consent to the entry of a final judgment by the Court, pursuant to Bankruptcy Rule 7008 and Bankruptcy Local Rule 7008-1.

10. This is an adversary proceeding to determine a breach of contract action and to enforce Plaintiff's maritime lien in the Vessel. Specifically, Plaintiff requests a judgment against BTC, the Vessel, and REBCO (a) for breach of a maritime repair contract by which STEHMO provided goods and services to the M/V RALPH E.

BOUCHARD and for which STEHMO has not been paid; (b) awarding breach of contract damages to STEHMO in the amount of not less than $1,382,078.29, including interest and legal fees, in accordance with the contract; (c) authorizing STEHMO to sell the M/V RALPH BOUCHARD in order to partially satisfy the debt owed by BTC, the Vessel, and REBCO; and (d) granting STEHMO an administrative claim for Preservation Costs incurred since the Petition Date (as hereinafter defined).

### III. FACTUAL BACKGROUND

11. BTC is a barge company which operates a fleet of vessels to transport petroleum and other materials. Each of the vessels in BTC's fleet is owned by a wholly owned subsidiary of BTC.

12. STEHMO is a shipyard which engages in ship design, construction, and repair for both public and private clients.

13. BTC has engaged STEHMO for the repair of many of its vessels over the years.

14. On November 21, 2018, Bouchard entered into a Master Service Agreement (hereafter referred to as "MSA") with one of STEHMO's affiliates, Vision Technologies Marine, Inc. *See* Master Service Agreement, attached as Exhibit 2.

15. The MSA defines "Contractor" as Vision Technologies Marine, Inc. and its "parent, subsidiaries, and affiliates." *Id.*

16. STEHMO is an affiliate of Vision Technologies Marine, Inc. and is thus included in the definition of "Contractor" of the MSA.

17. REBCO is a wholly owned subsidiary of BTC and is thus included in the definition of "Customer" of the MSA.

18. BTC held itself out as an agent of the Vessel and thus bound the Vessel and its owner REBCO to the Contract (as defined in the MSA, discussed *infra* at ¶26) made with STEHMO for repairs and services.

19. The MSA provides that the Contractor shall perform services for BTC and its subsidiaries in accordance with STEHMO's written quotation and/or BTC's written order. *Id.* at §2(a).

20. The MSA was signed by Morton S. Bouchard, President of Bouchard Transportation Company, Inc., and Liam Nian Hua, President of Vision Technologies Marine, Inc. *Id.* at p. 6.

21. In 2019, BTC engaged STEHMO to perform various repairs, goods, and services on the M/V RALPH E. BOUCHARD under a purchase order issued pursuant to the MSA and subsequently modified by change orders in accordance with the MSA.

22. The M/V RALPH E. BOUCHARD is indirectly owned by BTC via its wholly owned subsidiary, REBCO.

23. After several telephone calls between Nian Hua and Kevin Donohue of BTC negotiating work to be performed by STEHMO on the M/V RALPH BOUCHARD, on August 29, 2019, STEHMO provided to BTC a pricing proposal for specific work to be performed on the ATB Ralph E. Bouchard and Barge 230. *See* 8/29/2019 Pricing Proposal, attached as Exhibit 3.

24. The Pricing Proposal provides that "all pricing is based on the attached terms and conditions." *Id.* at Comment (1).

25. The attached terms and conditions referred to a document titled "LABOR & EQUIPMENT SHIP REPAIR REPAIRS 'Bouchard Transportation/ATB

4

Ralph Bouchard/ 230' Control No. 19-032" (hereafter referred to as "Terms and Conditions Document"). *See* Control No. 19-032 Document, attached as Exhibit 4.

26. Section 1(b) defines "Contract" as the document executed by STEHMO and BTC for repair of a vessel to which these Conditions are attached to and/or incorporated by reference and any other document expressly incorporated. *Id*, §1(b).

27. Some additional relevant contract provisions are as follows:

- If the customer fails to make payment on the due date then, the Contractor shall be entitled to charge interest on the amount unpaid at the rate of 1 percent per month, until full payment is made, with a part of the month being treated as the full months for purpose of calculating interest. *Id.*, §7.

- The Contract shall be governed in accordance with general maritime law, and any dispute shall be heard in the United States District Court for the Southern District of Mississippi. *Id.*, §24.

- The customer shall pay all legal fees, including attorneys fees, incurred in obtaining a judgment in favor of the Contractor. *Id.*, §24.

28. On September 19, 2019, Lorenzo Pena, another BTC representative, sent Jay Lomenick the STEHMO proposal, which Mr. Pena had reworked and initialed. *See* 2019.9.19 email and Pricing Proposal, attached as Exhibit 5.

29. On September 20, 2019, Mr. Lomenick advised Mr. Pena that STEHMO could not dock the Vessel without a PO and/or signed work order. *See* 2019.9.20 email, attached as Exhibit 6.

30. On September 20, 2019, Mr. Pena provided Purchase Order No. 9059313 to Mr. Lomenick, which was signed by Kevin Donohue and laid out the work consistent with the pricing proposal. *See* PO No. 9059313, attached as Exhibit 7.

31. The work included dry docking the M/V RALPH BOUCHARD, mooring the Vessel for 30 days at STEHMO's yard, off-loading the fuel onboard the Vessel at the time of arrival, and performing a variety of repairs and services while the Vessel was on dry dock. *Id.*

32. As is often required in this type of work, several change orders to the original Contract were negotiated and agreed by the parties. The change orders were signed by both Jay Lomenick of STEHMO and Lorenzo Pena of BTC, in accordance with the MSA. *See* Invoices and Change Orders, attached *en globo*, as Exhibit 8.

33. Mr. Pena was present at STEHMO's shipyard throughout the performance of the repairs and other services provided to M/V RALPH E. BOUCHARD under the Contract. Mr. Pena oversaw and inspected all of the repairs to the Vessel as they were performed.

34. Mr. Pena specifically approved the work as it was performed by STEHMO. *See* Exhibit 8.

35. Further, the captain and crew of the M/V RALPH E. BOUCHARD remained at the Vessel.

36. Upon information and belief, the captain of the M/V RALPH E. BOUCHARD is still living on the Vessel at STEHMO'S shipyard.

37. STEHMO performed and provided the contracted for repairs, labor, and materials to the M/V RALPH E. BOUCHARD, and the work was billed through Invoices V115003 and V115004. *See* Exhibit 8.

38. BTC did not pay the invoices, and thus STEHMO made a formal demand for payment to BTC on November 13, 2019. *See* 2019.11.13 Letter to BTC, attached as Exhibit 9.

39. STEHMO further advised BTC that it would charge standard rates as outlined in the Terms and Conditions document for continued housing of the Vessel. *Id.*

40. The demand letter was delivered via certified mail to BTC. *See* Certified Mail Receipt, attached as Exhibit 10.

41. At the time of the original demand for payment on November 13, 2019, the total outstanding amount owed on Invoices V115003 and V115004 was $657,840.99.

42. The Vessel has never been removed from STEHMO's yard since it was originally docked there for performance of the repairs. To date, the Vessel remains at STEHMO's yard. Consequently, STEHMO has incurred costs to house the Vessel, including, but not limited to, expenses for wharfage, shore power, and rental of frac tanks for the Vessel's fuel stored onsite (collectively, the "Preservation Costs").

43. STEHMO has incurred $401,720.53 in Preservation Costs since November 2019. *See* Invoices V115005-V115014, attached as Exhibit 11 (collectively the "Preservation Invoices").

44. The Invoices remain unpaid.

45. Accordingly, STEHMO has a maritime lien against the M/V RALPH E. BOUCHARD for the full amounts due under Invoices V115003 -V1150014 and for all necessaries and services provided to the Vessel.

46. On December 12, 2019, STEHMO filed suit against BTC and the Vessel pursuant to Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules B, and C *in rem* and *in personam* seeking damages and enforcement of its maritime lien against the M/V RALPH E. BOUCHARD, *in rem,* seeking damages for breach of contract that includes interest calculated until paid in full, as well as, attorney's fees, pursuant to Federal Rule of Civil Procedure 9(h), in addition to seeking attachment of Bouchard's property found within the district. *See* STEHMO's Verified Complaint, Request for Order to Arrest Vessel and Request for Order to Attach Fuel, Case 1:19-cv-955-LG-RHW, United States District Court for Southern District of Mississippi (the "District Court"), Rec. Doc. 1, attached as Exhibit 12.

47. The District Court confirmed the maritime lien on the M/V RALPH E. BOUCHARD. *See* Exhibit 1.

48. On December 19, 2019, the District Court ordered the M/V RALPH BOUCHARD to be arrested by the sheriff. *See* Exhibit 1.

49. The M/V RALPH BOUCHARD was arrested and has been in possession of STEHMO at its shipyard pursuant to this arrest since this date.

50. On December 20, 2019, STEHMO was appointed as Substitute Custodian of the Vessel by the District Court. *See* Order Appointing Substitute Custodian, Rec. Doc. 16, attached as Exhibit 13.

51. On September 29, 2020 (the "Petition Date"), BTC and REBCO filed for Chapter 11 Bankruptcy in the Bankruptcy Court for the Southern District of Texas, and the lien enforcement action in the District Court was stayed pursuant to 11 U.S.C. §362(a).

52. No payments for all or any portion of the Invoices or Preservation Costs have been made by BTC or REBCO to date.

53. Interest has accrued on the unpaid Invoices in the amount of $151,235.69. Interest continues to accrue.

54. STEHMO engaged undersigned counsel to file the aforementioned lawsuit against BTC in the District Court and to enforce its maritime lien against the M/V RALPH E. BOUCHARD.

55. Several other parties intervened into the District Court lawsuit, motion practice was performed, and discovery was underway when the matter was stayed by BTC's and REBCO's bankruptcy filing.

56. Accordingly, STEHMO has incurred substantial legal fees in this effort, in addition to the efforts underway in this bankruptcy proceeding.

## IV. CAUSES OF ACTION

### BREACH OF CONTRACT

57. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso.*

58. STEHMO and BTC entered into a contract for the provision of goods and services to the M/V RALPH E. BOUCHARD. *See* MSA, attached as Exhibit 2, Pricing Proposal attached as Exhibit 3, Control No. 19-032 Document, attached as Exhibit 4, and Purchase Order No. 9059313, attached as Exhibit 7.

59. STEHMO performed its obligations under the Contract. BTC, however, has not performed its contractual obligations by failing to pay for the goods and services provided and accepted on behalf of the M/V RALPH E. BOUCHARD.

60. BTC's nonperformance is a breach of the Contract. As a result of this breach, BTC owes the amounts due per the Invoices, in addition to penalties and interest.

61. As of March 18, 2021, BTC owes **$1,382,078.29**, in addition to interest, which continues to accrue, for the work performed on the M/V RALPH E. BOUCHARD pursuant to the Contract.

## V. RULE B ALLEGATIONS

62. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso*.

63. BTC's breach of the agreement and Invoices by failing to make payments due on the Invoices gives rise to an *in personam* claim for breach of contract in favor of STEHMO for all damages caused by said breach and/for which STEHMO is or will become liable.

64. Upon information and belief, damages have been outlined in paragraphs 11-61 and are detailed in Exhibits 1-13.

65. STEHMO brought suit against BTC under Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, as its officers or principals could not be found within the judicial district of the District Court for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but BTC did own property in the district. Accordingly, the District Court issued a Warrant of Attachment for the 102,000 gallons of fuel off-loaded from the M/V RALPH BOUCHARD as part of the contracted work. The District Court granted the Process of Attachment, attaching BTC's property in the district.

## VI. RULE C ALLEGATIONS

66. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso.*

67. The breach of the Contract by BTC and failure to pay for the goods and services provided to the M/V RALPH E. BOUCHARD gave rise to a maritime lien under the general maritime law and/or other applicable law, and entitled STEHMO to a Warrant of Arrest of the M/V RALPH E. BOUCHARD, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rule of Civil Procedure in the full amount of the claim as set forth herein.

## VIII. POST-PETITION ADMINISTRATIVE EXPENSES

68. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso.*

69. The Vessel is an asset of REBCO's bankruptcy estate.

70. STEHMO has incurred and paid the Preservation Costs for the purpose of safeguarding the Vessel, protecting it from damage, maintaining its condition, preserving its value, and insuring it against perils.

71. The Preservation Costs are continuing.

72. All of the Preservation Costs incurred and paid by STEHMO have preserved the Vessel for the benefit of REBCO's bankruptcy estate.

73. Since the Petition Date, STEHMO has incurred Preservation Costs in the amount of $52,231.25 since.

74. As actual and necessary post-petition costs of preserving the Vessel for the benefit of REBCO's bankruptcy estate, this portion of the Preservation Costs, as well as additional Preservation Costs incurred subsequent to the commencement of this adversary proceeding, are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(1)(A).

## IX. PRAYER FOR RELIEF

75. Plaintiff requests that the Court enter Judgment against Debtors as follows:

   a. That this Complaint be deemed good and sufficient;

   b. A judgment for administrative expense priority for post-petition Preservation Costs incurred and expended by STEHMO in preservation of the M/V RALPH BOUCHARD;

   c. A money judgment for Plaintiff's actual damages, including costs and attorneys fees, pre-and post-judgment interest on all amounts awarded; and

   d. Such other relief as the Court deems just and proper.

Dated: March 22, 2021

/s/ **David S. Bland**
David S. Bland
TX State Bar No. 00789021
Federal Bar No. 32550
dbland@blandpartners.com
Mallory G. Wynne
TX. State Bar No. 24106920
Federal Bar No. 2861037
mwynne@blandpartners.com
Allison R. Colón
TX Bar No. 24012446
Federal Bar No. 24299
acolon@blandpartners.com
5500 Prytania St, Suite 618
New Orleans, La 70115

(281)900-8545
*Counsel for ST Engineering Halter Marine & Offshore d/b/a Halter Marine & Offshore*