ENTERED
04/29/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) | Case No. 20-34682 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER AUTHORIZING SECOND AMENDMENT
TO FINAL ORDER (A) AUTHORIZING THE DEBTORS TO
OBTAIN POSTPETITION FINANCING, (B) AUTHORIZING THE
DEBTORS TO USE CASH COLLATERAL, (C) GRANTING LIENS
AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE
EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION TO THE
PREPETITION SECURED PARTIES, (E) MODIFYING THE AUTOMATIC STAY,
(F) SCHEDULING A FURTHER HEARING, AND (G) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") for entry of an order (this "Final Replacement DIP Order") to, among other things, amend the Final DIP Order[2] and seeking, among other things:

(i) authorization for the Debtors to obtain a senior secured superiority debtor-in-possession term loan credit facility (the "**Replacement DIP Facility**"), consisting of a new money multiple draw term loan in the aggregate principal amount of up to $90 million (the loans made thereunder, the "**Replacement DIP Loans**"), with an initial draw of up to $65 million drawn following entry of the Interim Replacement DIP Order[3] and, thereafter, one or

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

[2] The "Final DIP Order" refers to the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Further Hearing, and (G) Granting Related Relief* [Docket No. 334] (as amended by [Docket No. 609]). Defined terms not defined herein have the meanings ascribed to them in the Final DIP Order, as amended hereby.

[3] The "Interim Replacement DIP Order" refers to the *Interim Order Authorizing Second Amendment to Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status,*

KE 76410504

more draws of up to an additional $25 million to be drawn subject to entry of this Final Replacement DIP Order and satisfaction of the terms and conditions set forth in this Final Replacement DIP Order and that certain Senior Secured Super-Priority Debtor-in-Possession Loan Agreement, dated as of April 6, 2021, attached to the Interim Replacement DIP Order as Exhibit 1 (such credit agreement, as the same may be amended, restated, supplemented, or otherwise modified from time to time, the "**Replacement DIP Credit Agreement**") and the other Replacement DIP Documents (as defined herein), by and among the Borrower, as co-borrowers, the DIP Guarantors, as guarantors, JMB Capital Partners Lending, LLC, as administrative agent and collateral agent (in such capacities, the "**Replacement DIP Agent**") and JMB Capital Partners Lending, LLC, as lender (in such capacity, the "**Replacement DIP Lender**" and, together with the Replacement DIP Agent, the "**Replacement DIP Secured Parties**");

(ii) authorization for the Debtors to negotiate, execute, and deliver the Replacement DIP Credit Agreement and any other agreements, instruments, collateral agreements, pledge agreements, guarantees, security agreements, ship mortgages, control agreements, notes and other documents related thereto (as amended, restated, supplemented, waived, or modified from time to time) (all of the foregoing, together with the Replacement DIP Credit Agreement and this Final DIP Order, as amended hereby, the "**Replacement DIP Documents**"), and to perform their respective obligations thereunder and all such other and further acts as may be necessary, appropriate or desirable in connection with the Replacement DIP Documents;

(iii) authorization for the DIP Obligors to guarantee on a joint and several basis the Borrower's obligations in respect of the Replacement DIP Facility;

(iv) authorization for the DIP Obligors to incur and pay all Replacement DIP Obligations (as defined herein) including the principal, interest, fees, expenses and other amounts payable under the Replacement DIP Documents as such become earned, due and payable to the extent provided in, and in accordance with, the Replacement DIP Documents;

(v) the granting to the Replacement DIP Secured Parties of allowed superpriority claims pursuant to section 364(c)(1) of the Bankruptcy Code, payable from and having recourse to all assets of the Borrower and the DIP Guarantors, subject and subordinate to the Carve Out and the Adequate Protection Obligations; and

(vi) the granting to the Replacement DIP Agent, for the benefit of itself and the other Replacement DIP Secured Parties, and authorizing the Borrower and the DIP Guarantors to incur, as applicable, valid, enforceable, non-avoidable, automatically and fully perfected liens on and security interests in all

---

*(D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Further Hearing, and (G) Granting Related Relief* [Docket No. 756].

                Replacement DIP Collateral (as defined below) on a final basis to secure the Replacement DIP Obligations, which liens and security interests shall be subject to the rankings and priorities set forth in the Final DIP Order, as amended hereby;

(vii)    modification of the automatic stay to the extent set forth herein; and

(viii)    a waiver of any applicable stay with respect to the effectiveness and enforceability of this Final Replacement DIP Order (including under Bankruptcy Rule 6004).

The Court having considered the relief requested in the Motion, the exhibits attached thereto, the *Declaration of Richard W. Morgner in Support of the Debtors' Emergency Motion for Entry of an Order Amending the Final DIP Order* (the "**Replacement DIP Declaration**"), the Replacement DIP Documents, and the evidence submitted and arguments made by the Debtors at the hearings held on April 5, 2021 (the "**Interim Hearing**") and April 29, 2021 (the "**Final Hearing**"); and notice of the Interim Hearing and the Final Hearing having been given in accordance with Bankruptcy Rules 2002 and 4001(b), (c), and (d), and all applicable Local Rules; and the Interim Hearing and the Final Hearing having been held and concluded; and all objections to the relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and it appearing that approval of the relief herein was, on an interim basis, and is, on a final basis, necessary to avoid immediate and irreparable harm to the Debtors and their estates, is otherwise fair and reasonable and in the best interests of the Debtors and their estates, and is essential for the continued operation of the Debtors' businesses and the preservation of value of the Debtors' assets; and it appearing that the Debtors' entry into and/or performance under the Replacement DIP Credit Agreement and other Replacement DIP Documents was, on an interim basis, and is, on a final basis, a sound and prudent exercise of the Debtors' business judgment; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[4]

A.   This Court has jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. § 1334.  Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court may enter a final order consistent with Article III of the U.S. Constitution.  Venue for the Chapter 11 Cases and proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief granted herein include sections 105, 361, 362, 363, 364, 503, 506, and 507 of the Bankruptcy Code.

B.   Notice of the Final Hearing was appropriate and adequate under the circumstances and consistent with due process, and no other or further notice of the Motion or the entry of this Final Replacement DIP Order shall be required except as set forth herein.

C.   Good and sufficient cause has been shown for the entry of this Final Replacement DIP Order.

D.   The Debtors have a critical need to obtain the Replacement DIP Facility described herein.  The Debtors' access to immediate and sufficient liquidity through the incurrence of new indebtedness under the Replacement DIP Facility is necessary and vital to the preservation and maintenance of the going concern values of the Debtors and to a successful reorganization of the Debtors.

E.   The Debtors are unable to obtain financing on more favorable terms from sources other than the Replacement DIP Lender under the Replacement DIP Facility and are unable to

---

[4]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.  The Debtors are also unable to obtain unsecured and/or secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Debtors granting to the Replacement DIP Secured Parties the Replacement DIP Liens, in each case, under the terms and conditions set forth in this Final Replacement DIP Order and the Replacement DIP Documents.

F. Based on the record presented to the Court, the terms of the Replacement DIP Documents and the terms on which the Debtors may continue to use the Replacement DIP Collateral (as defined herein) pursuant to this Final Replacement DIP Order and the Replacement DIP Documents are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

G. The Replacement DIP Facility and the use of Replacement DIP Collateral have been negotiated in good faith and at arm's length among the Debtors and the Replacement DIP Secured Parties, and all of the Debtors' obligations and indebtedness arising under, in respect of, or in connection with, the Replacement DIP Facility, including, without limitation, the Replacement DIP Loans, shall be deemed to have been extended by the Replacement DIP Secured Parties and their respective affiliates in good faith, as that term is used in section 364(e) of the Bankruptcy Code, and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and the Replacement DIP Secured Parties (and the successors and assigns thereof) shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Final Replacement DIP Order, the Final DIP Order, or any provision hereof or thereof is vacated, reversed or modified, on appeal or otherwise.

H. Consummation of the Replacement DIP Facility and the use of Replacement DIP Collateral, in accordance with this Final Replacement DIP Order and the Replacement DIP Documents are in the best interests of the Debtors' estates, consistent with the Debtors' exercise of their fiduciary duties and are necessary, essential and appropriate for the continued operation of the Debtors' businesses and the management and preservation of their assets and properties.

I. On March 15, 2021, all indebtedness of the Debtors for credit extended under the Aircraft Loan and the Incremental DIP Loan were fully paid and discharged, and all other obligations owing under the Aircraft Loan, the Incremental DIP Loan, and any documents ancillary thereto were automatically satisfied in full and irrevocably discharged, terminated, and released; all guarantees created under the Aircraft Loan, the Incremental DIP Loan, and any documents ancillary thereto were automatically and irrevocably terminated, released and discharged; all of the right, title and interest (including security interests) of Fortress in and to all of the Aircraft Collateral and the Incremental DIP Collateral, which the Debtors granted to Fortress, pursuant to the Aircraft Loan, the Incremental DIP Loan, and the documents ancillary thereto were automatically satisfied, discharged, released and terminated and any collaterally assigned property was automatically collaterally re-assigned back to the Debtors, with no further action of any person; and the Aircraft Loan, the Incremental DIP Loan and all documents ancillary thereto (and all obligations of the Debtors thereunder) were automatically terminated.

J. The terms of this Final Replacement DIP Order and the modifications of the Final DIP Order set forth herein shall be effective, notwithstanding anything to the contrary in the Final DIP Order (including Paragraph 37 thereof).

**IT IS HEREBY ORDERED THAT:**

1. The Motion was, on an interim basis, and hereby is, on a final basis, granted with respect to the Replacement DIP Facility on the terms and conditions set forth in this Final Replacement DIP Order and the Replacement DIP Documents. All objections to this Final Replacement DIP Order to the extent not withdrawn, waived, settled, or resolved are hereby denied and overruled on the merits.

2. The following terms defined in the Final DIP Order shall have the following meanings with respect to the Replacement DIP Facility (including, without limitation and for the avoidance of doubt, with respect to Paragraph 4 of the Final DIP Order):

 (a) "**Approved Budget**" has the meaning set forth in the Replacement DIP Credit Agreement.

 (b) "**Borrower**" means Bouchard Transportation Co., Inc. and each of the Debtors specified on Schedule A1 to the Replacement DIP Credit Agreement as "Borrower."

 (c) "**DIP Agent**" means the Replacement DIP Agent.

 (d) "**DIP Collateral**" means the Replacement DIP Collateral.

 (e) "**DIP Credit Agreement**" means the Replacement DIP Credit Agreement.

 (f) "**DIP Facility**" means the Replacement DIP Facility.

 (g) "**DIP Guarantors**" means each of the Debtors that is a "Guarantor" under the Replacement DIP Credit Agreement.

 (h) "**DIP Lenders**" means the Replacement DIP Lender.

 (i) "**DIP Loans**" means the Replacement DIP Loans.

 (j) "**DIP Obligations**" means the Replacement DIP Obligations.

 (k) "**Permitted Dispositions**" has the meaning set forth in the Replacement DIP Credit Agreement.

 (l) "**Required DIP Lenders**" means the Replacement DIP Lender.

 (m) "**Structuring Fee**" means the Commitment Fee.

3. The "**First Lien Specified Vessels**" shall mean the barges and tugs identified on Exhibit 2 attached to the Interim Replacement DIP Order.

4. Paragraph D of the Final DIP Order is amended as follows:

> D. *Committee Formation*. On February 25, 2021, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 563].

5. Subparagraphs F(vii), (viii), (x), (xi) and (xii) are amended (in relevant part) as follows (deleted language struck through):

> ~~Subject to the Challenge Period set forth in paragraph 24,~~…

6. Subparagraph F(xiii) of the Final DIP Order is amended as follows:

> (xiii) As of the Petition Date, there was no Aircraft Collateral that constitutes "cash collateral."

7. Subparagraph 4(b) of the Final DIP Order is amended (in relevant part) as follows (revised language emphasized):

> 4. (b) <u>Carve Out Reserves</u>. … For the avoidance of doubt, notwithstanding anything to the contrary contained herein, nothing herein shall require the DIP Secured Parties to advance or fund DIP Loans in an aggregate amount greater than **$90,000,000**, after taking into account any DIP Loans previously advanced, **the Commitment Fee** and any netted fees or other amounts payable to the DIP Secured Parties. …

For the avoidance of doubt, Paragraph 4(b) of the Final DIP Order remains otherwise unchanged.

8. Paragraph 6 of the Final DIP Order is amended as follows:

> 6. [RESERVED]

9. Subparagraph 10(a) of the Final DIP Order is amended (in relevant part) as follows:

> (a) Without requiring further order from the Court and without the need for filing any motion for relief from the automatic stay or any other pleading, except with respect to Well Fargo Vessels (which shall remain subject to the requirements of section 362 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules), the automatic stay provisions of section 362 of the Bankruptcy Code are vacated and

>    modified to the extent necessary to permit the DIP Agent or the DIP Lender, immediately upon the occurrence and during the continuance of any Event of Default (as defined in the DIP Documents or as otherwise provided herein, in either case, an "**Event of Default**"), to send written notice of the occurrence of an Event of Default (such notice, the "**Event of Default Notice**") to the Debtors, the U.S. Trustee, counsel for the Prepetition Secured Parties, and the Creditors' Committee. …

10. Subparagraph 15(b) of the Final DIP Order is amended as follow:

    (b) Subject to paragraph 17 herein, the following mandatory prepayments shall be required:…

11. Subparagraphs 16(f)–(i) of the Final DIP Order are amended as follows:

    (f)   "**Adequate Protection Liens**" means Wells Fargo Replacement Liens.

    (g)   [RESERVED]

    (h)   [RESERVED]

    (i)   [RESERVED]

12. Subparagraphs 16(l)–(m) of the Final DIP Order are amended as follows:

    (l)   Information Rights.  The Debtors shall comply with all reasonable diligence requests from Wells Fargo or its representatives with respect to the Wells Fargo Collateral.  On reasonable advance notice to the Debtors, Wells Fargo shall be entitled to inspect, under the supervision of the Debtors or their designees, the Wells Fargo Collateral during normal business hours not more than twice per calendar year.  The cost of any such inspection shall be allocated in accordance with the terms of the Wells Fargo Loan Documents.

    (m)   [RESERVED]

13. Paragraph 21 of the Final DIP Order is amended (in relevant part) as follows

(deleted language struck through):

>    21.   *Payment of Fees and Expenses*. … ~~Notwithstanding the foregoing, the Debtors were authorized and directed by the Interim Order (and such authorization is hereby ratified and approved on a final basis) to pay on the Closing Date the fees and expenses of the DIP Secured Party Advisors incurred on or prior to such date (including the funding of retainers) without the need to provide notice to any other party or otherwise comply with the procedures set forth in this paragraph 21.  Notwithstanding anything to the~~

~~contrary herein, the Debtors shall not be required to pay any portion of any invoice for DIP Fees and Expenses for the DIP Secured Party Advisors prior to the earlier of (a) any draw on the DIP Facility after entry of this Final DIP Order and (b) any Mandatory Prepayment or other prepayment of any DIP Obligations; *provided* that, subject to the review procedures set forth in this paragraph 21, any such DIP Fees and Expenses shall constitute DIP Obligations.~~

14. Paragraph 24 of the Final DIP Order is amended as follows:

    24. *Effect of Stipulations on Third Parties*. Subject to mutual agreement between the Creditors' Committee and Wells Fargo to extend the Challenge Period with respect to the Wells Fargo Indebtedness and Wells Fargo Liens and the right of the Court to extend the Challenge Period for the Creditors' Committee with respect to the Wells Fargo Indebtedness and Wells Fargo Liens for cause on notice and a hearing (provided, that the Challenge Period shall not (absent order of the Court for cause) be extended beyond May 27, 2021), the Debtors' stipulations, admissions, and releases contained in this Final DIP Order shall be binding upon the Debtors and their respective Debtor Representatives in all circumstances and upon each of the Debtors' estates, all creditors thereof, the Creditors' Committee and any other statutory or non-statutory committee appointed or formed in these Chapter 11 Cases, and all other parties in interest, including, without limitation, any trustee or other representative appointed by the Court, whether such trustee or representative is appointed in cases under Chapter 11 or Chapter 7 of the Bankruptcy Code. To the extent any provision of this Final DIP Order references a "Challenge Period," such Challenge Period shall be deemed to have expired, except to the extent such Challenge Period has been or may be extended as set forth above.

15. Paragraph 31 of the Final DIP Order is amended as follows:

    31. *Insurance*. The DIP Agent is deemed to be the loss payee under the DIP Obligors' insurance policies with respect to the DIP Collateral other than the Wells Fargo Vessels. Upon satisfaction of the Wells Fargo Indebtedness, the DIP Agent shall be deemed to be loss payee under the DIP Obligors' insurance policies with respect to the Wells Fargo Vessels.

16. Paragraph 34 of the Final DIP Order is amended (in relevant part) as follows

(deleted language struck through; added language emphasized):

> *34. Credit Bidding*. Subject to section 363(k) of the Bankruptcy Code, in connection with any sale or other disposition of all or any portion of the DIP Collateral or the Prepetition Collateral (**but, with respect to the DIP Secured Parties and prior to satisfaction of the Wells Fargo Indebtedness, not the Wells Fargo Vessels**), the DIP Secured Parties and ~~, subject to the Challenge Period set~~

10

~~forth in paragraph 24,~~ the Prepetition Secured Parties, respectively, shall have the unqualified right to credit bid up to the full amount of the applicable outstanding DIP Obligations or Prepetition Secured Claims (as applicable), in each case including any accrued interest and expenses (each a "**Credit Bid**"), including, without limitation, sales occurring pursuant to section 363 of the Bankruptcy Code or included as part of any restructuring plan subject to confirmation under section 1129(b)(2)(A)(iii) of the Bankruptcy Code, and shall automatically be deemed a "qualified bidder" with respect to any disposition of DIP Collateral under or pursuant to (a) section 363 of the Bankruptcy Code, (b) a plan of reorganization or plan of liquidation under section 1129 of the Bankruptcy Code, or (c) a sale or disposition by a chapter 7 trustee for any of the Debtors under section 725 of the Bankruptcy Code, subject in each case to the rights and duties of the parties under the DIP Documents and the Prepetition Loan Documents.

17. Paragraph 43 of the Final DIP Order is amended as follows:

    [RESERVED]

18. The Final DIP Order is hereby amended to add new Paragraphs 49–54 as follows:

    49. The Debtors are authorized to execute, deliver, enter into and perform all of their obligations in accordance with, and subject to, the terms of this Final DIP Order (as amended) and the Replacement DIP Documents and such other and further acts as may be necessary, appropriate or desirable in connection therewith. The Debtors are authorized to borrow the Replacement DIP Loans from the Replacement DIP Lender under the Replacement DIP Facility (and the Replacement DIP Guarantors are authorized to unconditionally guarantee, on a joint and several basis, the repayment of the Replacement DIP Facility), subject to the terms and conditions set forth in this Final DIP Order (as amended) and the Replacement DIP Documents. The Commitment Fee (as defined in the Replacement DIP Credit Agreement) and payment of the Commitment Fee from the proceeds of any Replacement DIP Loans is hereby approved on a final basis. The portion of the Exit Fee (as defined in the Replacement DIP Credit Agreement) attributable to any Tranche A Commitment borrowed by the Debtors and payment

11

of the Exit Fee earned on account of the Tranche A Commitment (as defined in the Replacement DIP Credit Agreement) from the proceeds of any Replacement DIP Loans is hereby approved on a final basis. The Exit Fee (as defined in the Replacement DIP Credit Agreement) is hereby approved on a final basis and is due and payable on the terms and conditions of the Replacement DIP Credit Agreement. The Replacement DIP Lender shall have no obligation to make any loan or advance under the Replacement DIP Documents, unless all of the conditions precedent to the making of such extension of credit under the Replacement DIP Documents and this Final DIP Order shall have been satisfied in full or waived in accordance with the Replacement DIP Documents.

50. The Replacement DIP Facility is hereby approved. In furtherance of the foregoing and without further approval by the Court, each Debtor is authorized to perform all acts, to make, execute and deliver all instruments, certificates, agreements and documents (including, without limitation, the execution or recordation of security agreements, mortgages and financing statements), and to pay all fees and expenses in connection with or that may be reasonably required, necessary, or desirable for the Debtors' performance of their obligations under or related to the Replacement DIP Facility.

51. *Replacement DIP Obligations*. For purposes hereof, the term "**Replacement DIP Obligations**" means all "Obligations" as defined in the Replacement DIP Credit Agreement, and, for the avoidance of doubt, shall include, without limitation, any and all principal, interest, fees (including the Commitment Fee and the Exit Fee), fees of the Replacement DIP Agent, payments, costs,

expenses, charges, any obligations in respect of indemnity claims, whether contingent or absolute, due under the Replacement DIP Documents and any other amounts that are or may become due under the Replacement DIP Documents, in each case, whether or not such fees arose before or after the Petition Date, as such amounts become earned, due and payable under the Replacement DIP Documents, without the need to obtain further Court approval.  The Replacement DIP Documents shall constitute legal, valid, binding and non-avoidable obligations of the Debtors, enforceable against each Debtor and their estates in accordance with the terms of the Replacement DIP Documents, this Final DIP Order, and any successors thereto, including any trustee appointed in the Chapter 11 Cases, or in any Successor Cases.  The Replacement DIP Obligations will include all Replacement DIP Loans and any other indebtedness or obligations, contingent or absolute, which may now or from time to time be owing by any of the Debtors to the Replacement DIP Agent or any of the Replacement DIP Secured Parties, in each case, under, or secured by, the Replacement DIP Documents or this Final DIP Order, including all principal, accrued interest, costs, fees, expenses and other amounts under the Replacement DIP Documents.  The DIP Obligors shall be jointly and severally liable for the DIP Obligations.  No obligation, payment, transfer or grant of collateral security hereunder or under the Replacement DIP Documents (including any Replacement DIP Obligations or Replacement DIP Liens (as defined below)) shall be stayed, restrained, voidable, avoidable or recoverable, under the Bankruptcy Code or under any applicable law (including sections 502(d), 544, and 547 to 550 of the Bankruptcy Code or under any applicable state Uniform Voidable

Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual or otherwise), counterclaim, cross-claim, defense or any other challenge under the Bankruptcy Code or any applicable law or regulation by any person or entity.

52. *Replacement DIP Liens*. Notwithstanding paragraph 7, immediately upon, and effective as of, the date of that certain order authorizing second amendment to this Final DIP Order, the Replacement DIP Agent, for the benefit of itself and each of the other Replacement DIP Secured Parties, is granted continuing, valid, binding, enforceable, non-avoidable, and automatically and properly perfected security interests in and liens on (collectively, the "**Replacement DIP Liens**") all Replacement DIP Collateral as collateral security for the prompt and complete performance and payment when due (whether at the stated maturity, by acceleration or otherwise) of all of the Replacement DIP Obligations, without the necessity of the execution, recordation, or filing of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents, or the possession or control by the Replacement DIP Agent. The Replacement DIP Liens shall benefit, on a final basis, from the rights and protections set forth in paragraphs 7(a) and 8(b), as and to the same extent the DIP Liens are entitled to such rights and protections.

53. *Replacement DIP Collateral*. The term "**Replacement DIP Collateral**" means all of the DIP Obligors' rights, title and interests in, whether

now owned by or owing to, or hereafter acquired by, or arising in favor of, the DIP Obligors, or leased from or to, the DIP Obligors, and regardless of wherever located: (a) the First Lien Specified Vessels and any and all proceeds thereof or received in connection therewith (the "**Replacement DIP Specified Vessel Collateral**"); (b) the Wells Fargo Collateral; (c) all Avoidance Action Proceeds; (d) all other assets of the DIP Obligors (other than Excluded Collateral (as defined in the Replacement DIP Credit Agreement); and (e) all proceeds and products of each of the foregoing and all accession to, substitutions and replacements for, and rents, profits and products of each of the foregoing, including any and all proceeds of any insurance, indemnity, warrant or guaranty payable to such DIP Obligor from time to time with respect to any of the foregoing.

54. *Priority of Replacement DIP Liens*. Notwithstanding paragraph 8, the Replacement DIP Liens shall have the following priorities:

(a) *Liens on Unencumbered Property*. Pursuant to section 364(c)(2) of the Bankruptcy Code, the Replacement DIP Liens shall be valid, binding, continuing, enforceable, fully perfected first priority security interests in and liens upon all Replacement DIP Collateral that was not subject to liens that were existing, valid, enforceable, properly perfected and non-avoidable as of the Petition Date (the "**Unencumbered Replacement DIP Collateral**"), which Unencumbered Replacement DIP Collateral shall, for the avoidance of doubt, include the Replacement DIP Specified Vessel Collateral and shall not, for the avoidance of doubt, include the Wells Fargo Collateral, subject and subordinate only to the Carve Out; *provided*, *however*, that to the extent any of the Replacement

DIP Specified Vessel Collateral is subject to a valid, enforceable, properly perfected and non-avoidable lien as of the Petition Date, the Replacement DIP Liens on such Replacement DIP Specified Vessel Collateral shall, pursuant to section 364(c)(3) of the Bankruptcy Code, be junior liens, subject only to such existing valid, enforceable, properly perfected and non-avoidable liens and the Carve Out.

(b) *Liens Junior to Wells Fargo Liens*. Pursuant to section 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully perfected junior security interest in and lien upon all Wells Fargo Collateral, subject to the Wells Fargo Liens, which liens shall be (i) subject and subordinate to the Carve Out in all respects and (ii) junior to the Wells Fargo Liens and the Wells Fargo Adequate Protection Liens.

55. *Replacement DIP Events of Default*. For purposes of this Final DIP Order and the Replacement DIP Facility, each of the following, unless waived or consented to by the Replacement DIP Agent or the Replacement DIP Lender, shall constitute an "Event of Default": (a) the consummation of a sale of substantially all of the Replacement DIP Obligors' assets pursuant to section 363 of the Bankruptcy Code; (b) the substantial consummation or effective date of any chapter 11 plan; (c) a failure by the Debtors to (i) observe or perform in any material respect any of the terms or provisions contained in this Final DIP Order or (ii) comply with any covenant or agreement in this Final DIP Order, in each case, in any material respect; (d) any modification, amendment or extension of this Final DIP Order that is adverse to the DIP Lender; (e) an order converting to a case under

chapter 7 of the Bankruptcy Code or dismissing any of the Chapter 11 Cases; (f) an order appointing a chapter 11 trustee in the Chapter 11 Cases; (g) an order appointing an examiner with enlarged powers in the Chapter 11 Cases (beyond those set forth in section 1106(a)(3) and (4) of the Bankruptcy Code); or (h) the occurrence of an "Event of Default" under and as defined in the Replacement DIP Credit Agreement.

56. The Replacement DIP Secured Parties shall be entitled to the rights and protections set forth in paragraphs H, 5, 8(a), 9(b), 10(a), 10(c)–(e), 11, 12, 13, 15, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 34; 35; 37; and 38 of the Final DIP Order, *mutatis mutandis*, solely in respect of and as applicable to the Replacement DIP Facility, as and to the extent the original DIP Secured Parties are entitled to such rights and protections in respect of the original DIP Facility; *provided* that any rights granted in this this paragraph 53 to the Replacement DIP Secured Parties with respect to the DIP Collateral shall be subject to satisfaction in full of all non-contingent original DIP Obligations.

19. The initial Approved Budget was attached to the Interim Replacement DIP Order as <u>Exhibit 1</u>.

20. The Debtors shall provide Ropes & Gray LLP, as counsel to the Creditors' Committee, Berkeley Research Group, LLC, as financial advisor to the Creditors' Committee (together with Ropes & Gray LLP, the "**Committee Advisors**"), and Akin Gump Strauss Hauer & Feld LLP, as counsel to Morton S. Bouchard, III, with all Updated Budgets, Variance Reports, and other reporting and other information required to be provided to the Replacement DIP Agent or Replacement DIP Lender under the Replacement DIP Documents contemporaneously with the

delivery of such reporting and other information to the Replacement DIP Agent or Replacement DIP Lender, as applicable.

21. Pursuant to Subparagraph 15(b)(3) and Paragraph 23 of the Final DIP Order, the Debtors were, by the Interim Replacement DIP Order, authorized and directed (a) to execute and deliver, and to perform all of their obligations (including contingent expense reimbursement and indemnification obligations) under the payoff letter in the form attached to the Interim Replacement DIP Order as Exhibit 4 (the "**Payoff Letter**") and (b) to utilize the proceeds of the Replacement DIP Facility, upon the closing thereof, to indefeasibly repay and satisfy in full in cash all DIP Obligations under the original DIP Facility in accordance with the Payoff Letter. On April 6, 2021, the Debtors indefeasibly repaid and satisfied in full in cash all DIP Obligations under the original DIP Facility. Except as provided in the Payoff Letter, following such satisfaction and repayment, the DIP Liens securing the original DIP Facility were and were deemed to be released.

22. This Final Replacement DIP Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. Notwithstanding Bankruptcy Rule 4001(a)(3), 6004(h), 6006(d), 7062 or 9014, any Local Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Replacement DIP Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Replacement DIP Order.

23. The Debtors are hereby authorized to take all such actions as are necessary or appropriate to implement the terms of this Final Replacement DIP Order.

24. Except as set forth herein, all terms of the Final DIP Order remain unchanged. In the event of any inconsistency between the terms and conditions of the DIP Documents, the

Incremental DIP Note, the Interim Order, the Final DIP Order (prior to its amendment hereby), the Interim Replacement DIP Order, and/or this Final Replacement DIP Order, the provisions of this Final Replacement DIP Order shall govern and control.

25. The Debtors shall promptly serve copies of this Final Replacement DIP Order to the parties having been given notice of the Final Hearing and to any party that has filed a request for notices with this Court.

26. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Final DIP Order and this Final Replacement DIP Order.

**Signed: April 29, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**