**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
05/07/2021

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) | Case No. 20-34682 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS**
**AND GMD SHIPYARD CORP. WITH RESPECT TO RELEASE OF VESSELS**
(Docket No. 860)

This stipulation and agreed order (the "Stipulation and Agreed Order") is made by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and GMD Shipyard Corp. ("GMD") (each of the Debtors and GMD, a "Party," and together, the "Parties").

WHEREAS, GMD is located within the Brooklyn Navy Yard and operates a dry dock facility in New York harbor.

WHEREAS, on September 28 and 29, 2020 (as applicable to each Debtor, the "Petition Date"), the Debtors commenced chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

---

[1]    Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard.  The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

KE 76619908

WHEREAS, on October 28, 2020, pursuant to the critical vendors and trade claims order [Docket No. 139], the Debtors made a payment to GMD of $615,573.20 in full and final satisfaction of GMD's prepetition claims.

WHEREAS, on November 27, 2020, April 13, 2021, and April 22, 2021, the Debtors made payments to GMD totaling $232,295 for berthing of the barge B. No. 210 and berthing and other work on the tug Morton S. Bouchard Jr. at GMD's facility.

WHEREAS, the Debtors and GMD are in the process of reconciling amounts owed for postpetition services provided by GMD to the tug Evening Star.

WHEREAS, in December of 2020, the Debtors' then-management engaged GMD to perform repairs and other shipyard work on the tug Linda Lee Bouchard and the barge B. No. 205 (together, the "Vessels," and the repairs and shipyard work thereon, the "Repairs").

WHEREAS, the costs of the Repairs constitute administrative expenses (as that term is used in section 503 of the Bankruptcy Code) of the estates of Debtors B. No. 205 Corporation and Tug Linda Lee Bouchard Corporation to the extent they constitute actual, necessary costs and expenses of preserving such estates.

WHEREAS, at that time, GMD estimated completion of the Repairs would cost approximately $5.1 million in total.

WHEREAS, on December 16, 2020, December 30, 2020, and January 8, 2021, the Debtors made payments totaling $1.1 million to GMD on account of the Repairs (the "December and January Payments").

WHEREAS, on February 26, 2021, and March 5, 2021, the Court entered that *Order* [Docket No. 569] (the "February 26 Order") and that certain *Supplemental Order to that Certain Order Entered at Docket No. 569* [Docket No. 602] (the "March 5 Order"), respectively, which

empowered Matthew Ray, as chief restructuring officer of the Debtors (the "CRO"), with "exclusive and complete authority to act for the Debtors with respect to matters arising out of or relating to the Debtors and/or the Chapter 11 Cases."  Feb. 26 Order ¶ 2.

WHEREAS, on March 4, 2021, the Court entered that certain *Order with Respect to Relocation of Vessels and Modifications of the Debtors Workforce* [Docket No. 598] (the "March 4 Order"), which empowered the CRO to act on behalf of the Debtors to relocate or direct the relocation of the Debtors' vessels and take any and all actions related thereto.  March 4 Order ¶ 1.

WHEREAS, although the Debtors requested but did not receive sufficiently detailed invoices to support the charges by GMD in respect of the Repairs, in the interest of facilitating a constructive commercial relationship with GMD, the timely progression of the Repairs, and the Debtors' "return to service" plan for the Vessels, on March 17, 2021, the Debtors made a further good-faith payment of $700,000 to GMD on account of the Repairs (the "March 17 Payment"), for a total of $1.8 million paid to GMD to date.

WHEREAS, the Debtors intend to continue to repair and rehabilitate the Vessels with an intention to return them to service in the United States coastal trade.

WHEREAS, the Debtors, in the exercise of their business judgment, determined to have necessary work on the Vessels completed at another shipyard.

WHEREAS, on May 3, 2021, the Debtors and GMD agreed that GMD would stop work on the Repairs.

WHEREAS, GMD has estimated that it is owed as much as $4,971,980.10 on account of Repairs completed to date (the "Asserted Claim"), before applying the December and January Payments and the March 17 Payment.

WHEREAS, the Debtors assert that GMD has failed to provide sufficiently detailed invoices for the Debtors to fully reconcile GMD's charges for the Repairs, despite the Debtors' requests, and that, as a result, the Debtors presently dispute a portion of the Asserted Claim.

WHEREAS, the Parties acknowledge and agree that certain of the Repairs performed to date are subject to further testing and validation.

WHEREAS, the Parties engaged in good faith, arms-lengths negotiations and reached a settlement agreement with respect to GMD's consensual release of the Vessels to the Debtors.

WHEREAS, the Debtors, in the exercise of their business judgment, have agreed to make a further good faith payment on account of the Repairs to GMD in the amount of $1,000,000 (the "Good Faith Payment" and together with the December and January Payments and the March 17 Payment, the "Payments"), subject in all respects to the terms of this Stipulation and Agreed Order.

WHEREAS, the Parties acknowledge and agree that the Asserted Claim and the Payments in respect thereof and of the Repairs are subject to further reconciliation.

WHEREAS, the Debtors acknowledge and agree that GMD is entitled to adequate protection of its secured interest in the Vessels against any diminution in value thereof as a result of the Debtors' use of the Vessels.

WHEREAS, GMD has consented to release the Vessels to the Debtors subject to entry of this Stipulation and Agreed Order providing such adequate protection to GMD and an agreed-upon dispute resolution mechanism, as set forth hereinafter, in the event the Debtors and GMD are unable to reconcile the proper amounts due and owing to GMD on account of the Repairs.

**NOW, THEREFORE, IT IS STIPULATED, AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

4

1.      The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2.      GMD is directed to release the Vessels into the Debtors' possession, custody, and control on or before May 7, 2021.

3.      On or before May 7, 2021, the Debtors shall make the Good Faith Payment to GMD.  The Debtors shall use best efforts to make the Good Faith Payment prior to 12:00 p.m., prevailing Eastern Time, on May 7, 2021.

4.      The Debtors and GMD will work in good faith to reconcile the balance of the Asserted Claim as follows:

- On or before May 14, 2021, or as soon as reasonably practicable thereafter, GMD will provide the Debtors, with copies to the Official Committee of Unsecured Creditors in these cases (the "Committee"), with sufficiently-detailed invoices (in a usual and customary format for work of this kind) showing support for the Asserted Claim (the "Detail Invoices").  The Debtors have requested that the Detail Invoices, include, without limitation, unit-level detail for each line item and the information set forth on **Exhibit A**;

- The Debtors, in consultation with the Committee, will have until the later of (a) May 28, 2021 and (b) two weeks from receipt of the Detail Invoices to review and identify items to GMD that are undisputed, require further information, and/or disputed.  The Debtors, after consultation with the Committee, will promptly pay any undisputed amounts owed to GMD;

- GMD will have until the later of (a) June 4, 2021 and (b) one week from receipt of the Debtors' responses to the initial Detail Invoices to provide further supporting documentation and/or information requested by the Debtors or the Committee.  To the extent such additional documentation and/or information renders any additional amounts undisputed, the Debtors will promptly pay any such undisputed amounts owed to GMD.

5.      In the event there remains a disputed portion of the Asserted Claim thereafter, the Debtors, GMD, and the Committee shall meet and confer in good faith regarding a further process for commercially validating the remaining portion of the Asserted Claim (which may include interviews, with counsel present, of GMD personnel and the Debtors' employees or advisors, as agreed between counsel); *provided* that either Party may also seek any appropriate relief from the Court (including a request for mediation or an evidentiary hearing regarding the allowed amount

of GMD's Asserted Claim).  The Court shall have authority to fashion any appropriate remedy in connection with such relief requested, including, but not limited to, directing the Debtors to make immediate payment to GMD on account of any amounts properly due and owing to GMD on account of the Repairs or requiring GMD to promptly refund to the Debtors any prior overpayment in respect of the Asserted Claim.  For the avoidance of doubt, the Parties' and the Committee's respective rights to seek and to oppose such relief, as the case may be, are fully reserved and preserved.

6.      GMD shall have, and is hereby granted, pursuant to sections 361(2) and 363(e) of the Bankruptcy Code, valid, binding, continuing, enforceable, fully-perfected, and non-avoidable additional or replacement (as the case may be) liens on and security interests in the Vessels, proceeds of the Vessels, and the property and assets of the Debtors B. No. 205 Corporation and Tug Linda Lee Bouchard Corporation, as applicable, except for Avoidance Actions and proceeds thereof, in each case solely as and to the extent necessary to adequately protect GMD from any diminution in the value of its interests in the Vessels occurring as a result of the Debtors' use of the Vessels (including, for the avoidance of doubt, the relocation thereof) (such liens, the "GMD Adequate Protection Liens").

7.      Notwithstanding anything contained in this Stipulation and Agreed Order, any allowance or settlements of claims negotiated and compromised by the Debtors shall be subject to the terms and conditions in (a) any orders approving the Debtors' incurrence of debtor-in-possession financing (including [Docket Nos. 334, 609, 756, and 836], in each case as amended and as may be amended, collectively, the "DIP Orders"), (b) the Replacement DIP Credit Agreement (as defined in the DIP Orders) and compliance with the covenants therein; and (c) any interim or final order entered by the Court authorizing the Debtors' use of cash collateral (such

order, a "Cash Collateral Order").  To the extent there is any inconsistency between the terms of the DIP Orders, the Replacement DIP Credit Agreement, or a Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the DIP Orders, the Replacement DIP Credit Agreement, or Cash Collateral Order, as applicable, shall control.

8.      For the avoidance of doubt, the priority of the GMD Adequate Protection Liens shall be as set forth in the DIP Orders and the Replacement DIP Credit Agreement.

9.      Upon payment or resolution of the Asserted Claim, any liens on the Vessels, proceeds of the Vessels, and/or the property and assets of the Debtors B. No. 205 Corporation and Tug Linda Lee Bouchard Corporation in favor of GMD (including the GMD Adequate Protection Liens) shall be automatically terminated and released.

10.      Nothing in this Stipulation and Agreed Order shall be deemed a waiver of any of the Parties' rights under maritime law.

11.      Neither this Stipulation and Agreed Order nor any negotiations and writings in connection with this Stipulation and Agreed Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

12.      No action taken by either Party, either previously or in connection with this Stipulation and Agreed Order, shall be deemed or construed to be an admission by such Party of any fault or liability whatsoever to the other Party or to any other person or entity in connection with any matter or thing.

13.      Notice of this Stipulation and Agreed Order as provided therein shall be deemed good and sufficient notice of such Stipulation and Agreed Order and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14.     This Stipulation and Agreed Order shall be binding upon the Parties and their respective successors and assigns.

15.     The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

16.     This Stipulation and Agreed Order shall be deemed to have been drafted jointly by the Parties and any uncertainty or omission shall not be construed as an attribution of drafting by any party.

17.     This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof, and may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of the Court.

18.     This Stipulation and Agreed Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

20.     This Stipulation and Agreed Order is a final order pursuant to 28 U.S.C. § 158(a)(1) and is effective immediately upon entry, notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3) or 6004(h), as may be applicable.

**Signed:  May 07, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

8

**STIPULATED AND AGREED TO THIS 5TH DAY OF MAY 2021:**

Houston, Texas
May 6, 2021

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve M. Graham (TX Bar No. 24085340) | Ryan Blaine Bennett, P.C. (admitted *pro hac* vice) |
| 1401 McKinney Street, Suite 1900 | W. Benjamin Winger (admitted *pro hac* vice) |
| Houston, Texas 77010 | Whitney Fogelberg (admitted *pro hac* vice) |
| Telephone:    (713) 752-4200 | 300 North LaSalle Street |
| Facsimile:    (713) 752-4221 | Chicago, Illinois 60654 |
| Email:    mcavenaugh@jw.com | Telephone:    (312) 862-2000 |
|           ggraham@jw.com | Facsimile:    (312) 862-2200 |
| | Email:    ryan.bennett@kirkland.com |
| | benjamin.winger@kirkland.com |
| | whitney.fogelberg@kirkland.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

_John T. Lillis_
**KENNEDY LILLIS SCHMIDT &
ENGLISH**
75 Maiden Lane, Suite 402
New York, NY 10038
Telephone:     (212) 430-0800
Facsimile:     (212) 430-0810
Email:          jlillis@klselaw.com

THURSDAY
06 MAY 2021
1335 EASTERN

_Counsel to GMD Shipyard Corp._

## <u>Exhibit A</u>

**Requested Contents of Detail Invoices**

- For labor and materials:  number of labor hours; number of workers; hourly labor rate; cost of materials; and any applicable GMD markup.

- For third-party vendor services:  identity of the underlying third party; purchase orders; invoices; and any applicable GMD markup.

- For general services (e.g., lay days, shore power, line handlers, berthage, fire watch, marine certificates, etc.):  number of days (including start and end dates) and daily rates.

- For situational services (e.g., crane lifts, fork lifts, etc.):  number of hours and price per hour.

- Detailed labor report by person and by task (both on and off the Vessels), with cost per hour.

- Any timelines/schedules created in relation to the Repairs.

- GMD general terms, conditions, and rates.

- Such other items as reasonably requested by the Debtors and/or their advisors.