# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) Case No. 20-34682 (DRJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO CHARTER AGREEMENTS AND (B) GRANTING RELATED RELIEF

> **Emergency relief has been requested.**
>
> **If you object to the requested relief or you believe that emergency consideration is not warranted, you must file a written response prior to the below date by which relief is requested. Otherwise, the Court may treat the request as unopposed and grant the relief requested.**
>
> **Relief is requested not later than May 27, 2021.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

### Relief Requested[2]

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"): (a) authorizing the Debtors to enter into and perform their obligations under the Charter

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, NY 11747.

[2] For the avoidance of doubt, the Debtors believe that they have authority to enter into the Charter Agreements (as defined below) and take the other actions described in this motion pursuant to, among other things, that certain *Order* [Docket No. 569] (the "February 26 Order"), that certain *Supplemental Order to that Certain Order Entered at Docket No. 569* [Docket No. 602] (the "March 5 Order"), and sections 105, 363(c)(1), and 1107 of the Bankruptcy Code. Accordingly, the Debtors request the relief set forth in this motion and the proposed Order out of an abundance of caution.

1

Agreements³ with Unico with respect to, as the case may be, the tugs Denise A. Bouchard, Linda Lee Bouchard, and Morton S. Bouchard Jr. and the barges B. No. 205, B. No. 220, and B. No. 284 (collectively, the "Vessels"); and (b) granting related relief.

## Jurisdiction

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 6003, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. The Debtors comprise one of the nation's largest independently-owned ocean-going petroleum barge companies.

6. On September 28, 2020 and September 29, 2020 (as applicable to each Debtor, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these

---

[3] The "Charter Agreements" means, collectively: (a) that certain *Bareboat Charter Agreement*, dated as of May 5, 2021, by and between B. No. 205 Corp., Tug Linda Lee Bouchard Corp., and Unico Marine ("Unico"), (b) that certain *Bareboat Charter Agreement*, dated as of May 12, 2021, by and between B. No. 220 Corp., Tug Morton S. Bouchard Jr. Corp., and Unico, and (c) that certain *Bareboat Charter Agreement*, dated as of May 12, 2021, by and between B. No. 284 Corp., Tug Denise A. Bouchard Corp., and Unico.

2

chapter 11 cases is set forth in the *Declaration of Matthew Ray of Portage Point Partners, LLC in Support of the Chapter 11 Petitions and the First Day Motions* [Docket No. 79] (the "First Day Declaration"), filed on October 12, 2020.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 30, 2020, the Court entered orders [Docket Nos. 30, 31] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Bankruptcy Local Rules.  On February 25. 2021, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 563].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Charter Agreements

7.　During the course of these chapter 11 cases, the Debtors and their advisors have worked tirelessly to return the Debtors' fleet to ordinary course operations.  Among these efforts were negotiations with potential charter counterparties, including Unico, to place vessels in service to generate revenue for the Debtors.  To that end, the Debtors and Unico agreed to enter into the Charter Agreements for the Vessels in order to restart the Debtors' business operations.

8.　The Charter Agreements require Unico to pay the Debtors monthly in advance for use of the Vessels from and after the commencement of the applicable charter period.  The Debtors, for their part, will exercise due diligence to make the Vessels seaworthy and in every respect ready in hull, machinery, and equipment for service prior to delivering the Vessels to Unico and will also continue to conduct financial, safety, and operational diligence on Unico.  Upon such delivery, which could occur as soon as June 1 for certain Vessels, Unico will take sole possession and control of, and responsibility for, the Vessels.  Unico will be responsible for all maintenance, service, repairs, and other related costs necessary to preserve the Vessels, including insurance

costs, during the terms of the Charter Agreements, and Unico will indemnify the Debtors for Unico's use, employment, possession, control, and operation of, and other work on, the Vessels.

9. The Charter Agreements represent a key opportunity for the Debtors to generate revenue from the Vessels. The Debtors and Unico negotiated the Charter Agreements in good faith and at arm's length, and the Debtors are hopeful that the Charter Agreements will serve as a model for putting additional vessels back in service. Accordingly, and out of an abundance of caution, the Debtors respectfully request authorization to enter into the Charter Agreements and honor their obligations thereunder.

**Basis for Relief**

**I.     Section 363(c) of the Bankruptcy Code Authorizes the Debtors to Enter into the Charter Agreements as an Ordinary Course Transaction.**

10. Section 363(c)(1) of the Bankruptcy Code provides that a debtor in possession "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The Bankruptcy Code does not define the "ordinary course of business." However, within the Fifth Circuit, a court's "primary focus is on the debtor's pre-petition practices and conduct." *In re Patriot Place, Ltd.*, 486 B.R. 773, 793 (Bankr. W.D. Tex. 2013).

11. The Charter Agreements provide for an arrangement that is commonplace in the Debtors' industry, and the provisions in the Charter Agreements reflect standard market terms in the Jones Act trade. Accordingly, the Debtors believe entry into the Charter Agreements is an ordinary course transaction within the meaning of section 363(c).

4

## II. The Debtors' Entry into the Charter Agreements Is a Sound Exercise of the Debtors' Business Judgment.

12. Even assuming, for the sake of argument, that entry into the Charter Agreements is not an ordinary course of business transaction permitted under section 363(c) of the Bankruptcy Code, the Debtors' entry into the Charter Agreements should be approved pursuant to section 363(b) of the Bankruptcy Code as a sound exercise of the Debtors' business judgment.

13. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The Fifth Circuit has stated that a debtor's request to use, sell, or lease property of the estate outside of the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code should be granted upon a finding that such use, sale, or lease is supported by sound business reasons. *See, e.g.*, *Black v. Shor (In re BNP Petrol. Corp.)*, 642 F. App'x 429, 434–35 (5th Cir. 2016) ("[T]he mandate of § 363 . . . requires that a sale of the estate's assets 'be supported by an articulated business justification, good business judgment, or sound business reasons.'") (quoting *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010)); *Institutional Creditors v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.").

14. The Debtors' entry into the Charter Agreements is an exercise of the Debtors' sound business judgment. The Charter Agreements represent the best available opportunity for the Debtors to generate revenue and demonstrate to the marketplace that the Vessels are capable of working in the Jones Act trade.

5

15.     Accordingly, the Debtors' respectfully submit that entry into the Charter Agreements is a sound exercise of the Debtors' business judgment and should be approved.

### III. The Requested Relief Is Necessary and Appropriate Under the Circumstances and Should Be Approved.

16.     The February 26 Order and the March 5 Order empowered the Debtors' Chief Restructuring Officer with "exclusive and complete authority to act for the Debtors with respect to matters arising out of or relating to the Debtors and/or the Chapter 11 Cases," and the Court retained "exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of" the February 26 Order. Feb. 26 Order ¶¶ 2, 7. Further, section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing."

17.     In addition, section 105(a) of the Bankruptcy Code provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Section 105(a) grants bankruptcy judges "**broad authority**," *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007) (emphasis added), and should be "interpreted liberally" so long as any action taken pursuant to section 105(a) is "consistent with the rest of the Bankruptcy Code." *In re Zale Corp.,* 62 F.3d 746, 760 (5th Cir. 1995). Section 105(a) permits bankruptcy courts to "fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code." *In re Sadkin*, 36 F.3d 473, 478 (5th Cir. 1994). Approval of the requested relief is justified under section 105(a) of the Bankruptcy Code to avoid immediate and irreparable harm to the Debtors and their estates.

### Emergency Consideration

18.     The Debtors request emergency consideration of this motion because the Charter Agreements represent the best near-term opportunity to generate cash flow and contemplate

delivery of certain Vessels to Unico as soon as June 1, 2021. Absent the relief requested herein, parties in interest might challenge the Charter Agreements as a non-ordinary course transaction, to the disruption of the Debtors' return to service plan and the ultimate detriment of their estates. The Debtors request that the Court approve the relief requested in this motion on an emergency basis by May 27, 2021, to avoid the consequences of this emergency.

## Notice

19. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) Wells Fargo Bank, National Association, and counsel thereto; (d) JMB Capital Partners Lending, LLC, and counsel thereto; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the state attorneys general for states in which the Debtors conduct business; (j) Unico; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (l) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request that the Court enter the Order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
May 21, 2021

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve M. Graham (TX Bar No. 24085340) | Ryan Blaine Bennett, P.C. (admitted *pro hac* vice) |
| 1401 McKinney Street, Suite 1900 | W. Benjamin Winger (admitted *pro hac* vice) |
| Houston, Texas 77010 | Whitney Fogelberg (admitted *pro hac* vice) |
| Telephone:    (713) 752-4200 | 300 North LaSalle Street |
| Facsimile:     (713) 752-4221 | Chicago, Illinois 60654 |
| Email:           mcavenaugh@jw.com | Telephone:    (312) 862-2000 |
|                       ggraham@jw.com | Facsimile:     (312) 862-2200 |
| | Email:           ryan.bennett@kirkland.com |
| |              benjamin.winger@kirkland.com |
| |              whitney.fogelberg@kirkland.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

## **Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

## **Certificate of Service**

I certify that on May 21, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh