**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) ) ) ) | Case No. 20-34682 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**SUPPLEMENTAL LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF MORTON S. BOUCHARD, III, LINDA BOUCHARD, AND THE MORTON S.
BOUCHARD III 2017 FAMILY TRUST TO THE PROPOSED SALE OF THE
DEBTORS' ASSETS [DKT. 907]**

TO THE HONORABLE JUDGE OF SAID COURT:

Creditors Morton S. Bouchard, III, Linda Bouchard, and the Morton S. Bouchard III 2017 Family Trust (collectively, the "Bouchard Parties") hereby submit this supplemental limited objection and reservation of rights (the "Supplemental Limited Objection")[2] to the proposed sale and, to the extent necessary, the designation of a successful bidder (collectively, the "Sale") of the above-captioned Debtors' (the "Debtors") assets [Dkt. 907]. In support of this Supplemental Limited Objection and Reservation of Rights, the Bouchard Parties respectfully state as follows:

1. Morton Bouchard is the fourth generation owner, sole shareholder and former CEO of the Debtors as well as a current creditor of the Debtors. Mr. Bouchard, together with his wife and trust, loaned and/or directly paid creditors in the amount of over $40 million in the year

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

[2] Capitalized used, but not otherwise defined in this Supplemental Objection, shall have the same meanings ascribed to them in the Bouchard Parties' Limited Objection and Reservation of Rights [Dkt. 1095].

or two prior to the filings in order to, among other things, ensure that the Debtors' vessels were maintained and operational for purposes of the Debtors' business, including to provide necessaries to preserve the vessels. These are reflected in the Bouchard Claims.

2. By the limited objection and reservation of rights dated July 22, 2021 [Dkt. 1095] (the "Limited Objection"), the Bouchard Parties opposed the instant Sale. The purpose of the Limited Objection was two-fold: (i) to ensure there has been a proper and adequate process to maximize value for the estates and creditors, and (ii) to reserve all rights with respect to the Bouchard Claims and rights and confirm that those claims and rights will be treated properly upon final adjudication. Further details regarding the background and issues raised by the instant Sale are detailed in the Limited Objection.

3. Subsequent to the filing of the Limited Objection, the Sale Hearing was continued from July 23, 2021 to August 2, 2021. During this period, the Bouchard Parties had hoped that the Debtors would provide additional information concerning the marketing and sale efforts, bids, and auction. Notwithstanding requesting such, no information was provided other than a short form notice advising of the winning and back-up bids. In addition, despite representations from the Debtors' agent that the asset purchase agreements would be filed, no APAs were attached to the notices of winning bidders filed with the Court, nor were other details concerning the terms of the Sale provided. Given the anticipated length of any APA alone in respect of the two noted winning bids, the Bouchard Parties hope sufficient time and notice of such critical documents are provided to parties-in-interest to review and respond, as may be necessary for the benefit of this judicial process. Oddly, the deadline to file objections to the Sale precedes the presentation of such fundamental information.

4. One of the critical issues that this Court will be evaluating is whether this Sale and the process to conduct the Sale maximizes value for the benefit of the estates. Against the foregoing backdrop, *i.e.*, the lack of adequate notice and information related to the successful bidders and proposed Sale, upon information and belief, the Bouchard Parties learned that Marcon International Inc. ("Marcon"), a commercial broker, posted a listing on July 27, 2021 for the sale of the five (5) tugboats owned by the Debtors, for immediate sale outside of the bankruptcy court process. Given the status of the case and the fact that none of the proposed successful bidders have been approved by this Court, the new solicitation of interest in these vessels raises questions and concerns about which the Bouchard Parties do not yet have answers.

5. The notice of such sale, which is attached hereto as **Exhibit 1**, provides that Marcon has been hired by the "new owners" to sell the following certain tugboats outside of the bankruptcy process:

- ROBERT J. BOUCHARD (owned by Debtor Tug Robert J. Bouchard Corporation, Case No. 20-34758).

- J. GEORGE BETZ (owned by Debtor Tug J. George Betz Corporation, Case No. 20-34724).

- RALPH E. BOUCHARD (owned by Debtor Tug Ralph E. Bouchard Corp., Case No. 20-34750).

- BUSTER BOUCHARD (owned by Debtor Tug Buster Bouchard Corp., Case No. 20-34755).

- MARION C. BOUCHARD (owned by Debtor Tug Marion C. Bouchard Corp., Case No. 20-34741).

6. It is unclear whether these and other vessels are being "resold," if any, prior to the Court authorizing the sale of any vessels by the estates. However, if correct, this is deeply concerning, given the vessels are presently owned by the Debtors (who are not "new owners") and the posting purports to sell such vessels outside of the bankruptcy court process while no such authorization has been provided. This is also troubling given the dearth of information

concerning the auction process, and the possibility that the Debtors' assets may be, or are being resold for higher amounts than provided for at any auction, leaving value on the table (and raising serious concerns regarding the integrity or the efficacy of the process) to the detriment of creditors and other parties-in-interest.

7. In addition, upon information and belief, the Debtors' proprietary documents, including regulatory manuals (which are non-transferable) and accounting records, may and/or are apparently being provided to third parties without authority from the Court.

8. Mr. Bouchard, desiring to communicate to the Court personally, prepared a separate letter to your Honor detailing some of his personal concerns and has requested the Court's consideration of the same. Given his personal experience and expertise, Mr. Bouchard raises several additional concerns regarding the sale process, and the detrimental effect the lack of operations and the fire sale auction would have on all creditors, employees and the company at large. We attach a copy of Mr. Bouchard's letter hereto as **Exhibit 2**.

9. Recognizing the path a bankruptcy case takes is a product of business decisions and available liquidity that cannot at times be undone, the Bouchard Parties nonetheless are deeply concerned that the inability and/or unwillingness to recommence operations post-petition (which Mr. Bouchard believes could have been readily accomplished) has lowered, if not harmed, the value of the Bouchard fleet as well as the entire Jones Act market values, as compared to the relatively staggering fees that have accrued on what amounts, if the Sale is permitted to proceed to the announced bidders, to a liquidation of such assets, which would benefit solely the secured lenders.[3] Given the foregoing, Mr. Bouchard submits that an

---

[3] Any argument that the vessels could not be made operational because of various audit requirements rings hollow, as, upon information and belief, such audits typically take only a single day and are not expensive to conduct. Further, upon information and belief, the TMSA audit (and related audits) is completed remotely by, amongst others, ECM, who previously completed the class audit which is essentially the same audit.

4

alternative structure, if any, that includes getting the vessels operational (consistent with prior guidance by this Court) would immediately enhance value by multiples and perhaps provide revenue that can be used to pay creditors. Accordingly, and given that little if any value will be retained for general unsecured creditors under the present Sale process, the Bouchard Parties submit that additional disclosures, and, if the Court shares the Bouchard Parties' concerns, a period of time should be granted to confirm the existence of alternative proposals, if any, including allowing Mr. Bouchard to submit an alternative plan, as well as any enhanced value to creditors and the estates.

10. The Bouchard Parties expressly reserve all rights with respect to the Sale, including the right to supplement or add to the legal and factual arguments raised in the Limited Objection and this Supplemental Limited Objection given the limited information made available to date, and the Bouchard Parties reserve the right to further object to the Sale on any bases whatsoever at the Sale Hearing. For the avoidance of doubt, nothing herein, including any omission, shall be interpreted or construed as a waiver or limitation on any such rights or the claims asserted by the Bouchard Parties, and the Bouchard Parties reserve all rights with respect thereto.

Dated: July 28, 2021

**MAYER BROWN LLP**

/s/ *Charles S. Kelley*
Charles S. Kelley
TX State Bar No. 11199580
Gary W. Johnson
TX State Bar No. 24083257
James B. Danford, Jr.
TX State Bar No. 24105775

700 Louisiana St., Suite 3400
Houston, TX 77002
Telephone: (713) 238-2634

ckelley@mayerbrown.com
gjohnson@mayerbrown.com
jdanford@mayerbrown.com

Douglas E. Spelfogel (*admitted pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 506-2570
dspelfogel@mayerbrown.com

Derek L. Wright (*admitted pro hac vice*)
71 South Wacker Dr.
Chicago, IL 60606
Telephone:  (312) 782-0600
dwright@mayerbrown.com

*Counsel for Morton S. Bouchard, III,
Linda Bouchard, and the Morton S.
Bouchard III 2017 Family Trust*

## CERTIFICATE OF SERVICE

I certify that on July 28, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically sends notification of such filing to all attorneys of record.

*/s/ James B. Danford, Jr.*
James B. Danford, Jr.