**EXHIBIT 2**

From the Office of:
Morton S. Bouchard III

July 28, 2021

The Honorable David R. Jones
United States Bankruptcy Court
Southern District of Texas
Courtroom 400
515 Rusk
Houston, TX 77002

Dear Honorable Judge Jones,

I have not addressed Your Honor since the first day Bouchard Transportation Co., Inc. (Bouchard) filed for bankruptcy in your courtroom on September 28, 2020. On this day, you made it very clear to me that you wanted all employees and creditors paid and the vessels up and operating. You also stated that, based on the information presently available to your Honor, this appeared to be one of the easiest bankruptcy cases that came across your Court, given the number of unencumbered vessels. You may recall that you went on to state that you were familiar with me and Bouchard Transportation Co., Inc. and of the excellent reputation that we both had and you expected the employees and creditors to be paid 100% and the company to exit Chapter 11. I thanked you for the compliment and couldn't have agreed more and understood that was an important objective for both this case and your Honor.

As the bankruptcy proceeded, I was faced with several unfamiliar policies and procedures of bankruptcy, and was always striving to achieve to meet your orders. The day that I was replaced as CEO of Bouchard there was an allegation that the vessel payroll was not going to be met. I was surprised as this statement was not accurate to my knowledge. Payroll had a window of days to be completed; we were never in danger of not making payroll (and Fortress had agreed, as a back-up, that if needed they would front the funds necessary to make the payroll in advance of the plane sale). I regret not speaking up at the time to set the record straight.

As of today, Bouchard has just two (2) units operating that are under a bareboat agreement. I do not believe it a stretch to state that the majority, if not every individual, in the industry will support that bareboat contracts are not the best revenue generating contracts.

I am in no way trying to second guess Your Honor. However, I believe my removal hindered any chance of Bouchard exiting Chapter 11 successfully as the tug and barge industry is a tough, rigidly regulated and dangerous industry and one that requires experience and training that is only gained through years of working in all segments of the industry. I have forty two (42) years of experience at Bouchard and various industry boards, from working on vessels, driving the company truck as a runner delivering supplies, to filling in as night dispatcher when needed, to day dispatcher, to Vice President of Operations and ultimately to President/CEO at the age of thirty two (32). In my opinion, the

Chief Restructuring Officer did not have the industry knowledge and training in the maritime, oil industry and maritime labor and law fields, which may have impaired continuing operations.

The sale of my family vessels at these depressed values is in large part due to them not operating. Portage Point Partners was unable or unwilling to progress the vessels to operating status. Ex-vessel employees, who lost their jobs and in some cases their homes, office employees and industry vendors are testament to this.

During these past five months the dip loan went up to $95 million dollars with the monthly professional fees running millions of dollars a month. These amounts were a recipe for failure, especially compounded by no vessels operating in order to generate revenue to pay creditors, which my family and I have been doing for years.

As the most recent principal owner of the Debtor familiar with the vessels themselves, the bids that these vessels are being sold for are fire sale prices that will not result in any meaningful recoveries to general creditors, while hundreds of employees will lose their jobs. My family has always operated Bouchard in the best interest of the company and all stakeholders, which resulted in having the reputation that you noted on our introduction. My family and I reinvested and loaned millions of dollars in profits back into the newest and most modern tugs and barges in the industry. This sale leaves not only the creditors with not getting paid, but vessel and office employees without employment at one of the worst times in our country's history.

I firmly believe I can get Bouchard up and operating again. Again, if the Court shares the concerns regarding value I have identified herein, I am requesting the court give me additional time to present an alternative reorganization plan that provides for getting the vessels operating and paying creditors as close to 100% as possible. This is what we discussed initially and everyone wanted to happen back when I was introduced to you in your courtroom.

Please give me this chance to save my family's 100 Plus Year Company. Thank you for your time and consideration.

Respectively submitted,

Morton S. Bouchard III