# **EXHIBIT 1**

**Plan Term Sheet**

THIS PLAN TERM SHEET IS NOT A SOLICITATION OF ACCEPTANCES OF A CHAPTER 11 PLAN. NOTHING HEREIN SHALL BE AN ADMISSION OF FACT OR LIABILITY, OR BE DEEMED BINDING ON PARTIES TO THE CONTEMPLATED RESTRUCTURING TRANSACTIONS DESCRIBED HEREIN.

## PLAN TERM SHEET
### Bouchard

This plan term sheet sets forth terms for a potential restructuring of Bouchard Transportation Co., Inc. and its debtor affiliates (together, the "Debtors"), to be implemented through an amended chapter 11 plan ("Amended Plan"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Debtors' current plan [Docket No. 1049] ("Initial Plan"). This plan term sheet does not include a description of all of the terms, conditions and other provisions that are to be contained in the Amended Plan, which remain subject to negotiation and completion.

| Treatment Provisions | |
|---|---|
| Other Secured Claims; Other Priority Claims; Intercompany Claims; Section 510(c) Claims; Intercompany Interests; Section 510(b) Claims | Same treatment as under Initial Plan. |
| Prepetition Revolving Credit Facility Claim | Wells Fargo to be given secured cramdown paper, in the principal amount of its allowed claim ($164.1 million, less amounts surcharged), bearing interest at current rate plus 25 bps ("Cramdown Rate"), subject to a 5.25%/year cap, from the effective date of the Amended Plan ("Effective Date"), and maturing 5 years from the Effective Date. Interest shall be paid in kind for the first 2 years following the Effective Date and paid in cash thereafter. Obligations under the cramdown loan shall be secured by a first-priority lien on the Wells Fargo Collateral, as defined in the Final DIP Order [Docket No. 334], as amended. |
| Prepetition Revolving Credit Facility Deficiency Claim | N/A. |
| General Unsecured Claims | Holders of allowed general unsecured claims to be given (a) unsecured takeback paper, in the principal amount equal to 50% of their respective allowed claims, bearing interest at the rate of 3.25%/year (fixed, paid in kind) from the Effective Date, and maturing 6 years from the Effective Date and (b) pro rata share of 100% of Litigation Trust Interests. |
| Existing Equity Interests | Existing Equity Interests shall be cancelled, and 100% of equity interests in the Reorganized Debtors ("New Equity") shall be issued to the Plan Sponsors, in consideration for the Plan Sponsor Contribution. |

| | |
|---|---|
| **Means for Implementation** | |
| Vesting of Wells Fargo Collateral; Sale of Other Vessels | All estate property not included in the JMB Capital sale shall vest in the Reorganized Debtors free and clear of liens, claims and interests (except as otherwise provided herein), including junior liens on the Wells Fargo Collateral given JMB Capital under the Second Amendment to the Final DIP Order [Docket No. 836].  For the avoidance of doubt, said assets which vest in the Reorganized Debtors shall include the Wells Fargo Collateral.  JMB Capital sale shall be consummated outside of the Amended Plan, pursuant to Bankruptcy Code section 363. |
| Plan Sponsors | Lepercq de Neuflize & Co. Inc., Cohanzick Management LLC or affiliates. |
| Plan Sponsor Contribution | $4 million in consideration for New Equity being issued to them. |
| Source of Plan Sponsor Contribution; Postpetition Interest on 507 Summit LLC and Peak Credit Maritime Lien Claims | Plan Sponsor Contribution may be satisfied in cash, or in waiver of allowed maritime lien claims held by 507 Summit LLC or Peak Credit LLC.  507 Summit LLC and Peak Credit LLC shall also be allowed a claim for postpetition interest of 1.5%/month on their maritime lien claims. |
| Plan Sponsor Exit Loan | Plan Sponsors shall extend a second lien loan to Reorganized Debtors, in the principal amount of $31 million, of which up to $10 million may be used to satisfy allowed administrative and priority non-tax claims on the Effective Date or as soon as practicable thereafter and at least $21 million of which shall be allocated to fund post-Effective Date operating expenses.  Said loan shall bear interest at the Cramdown Rate plus 250 bps, and mature 6 years from the Effective Date.  Interest shall be paid in kind for the first 2 years following the Effective Date and paid in cash thereafter. |
| **Additional Provisions** | |
| Plan Administrator | N/A.  Reorganized Debtors (not Plan Administrator) to implement Amended Plan. |
| Litigation Trust Funding Amount; Initial Litigation Trust Cash Amount | Not greater than $1,000,000. |
| Litigation Trustee | Selected by the Committee. |
| Post-Effective Date Claim Transfer | Amended Plan to prohibit post-Effective Date amendment of filed claims but permit the post-Effective Date transfer of filed claims pursuant to Rule 3001(e)(2). |