**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BOUCHARD TRANSPORTATION CO., INC., et al., | ) | Case No. 20-34682 (DRJ) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

## LIMITED OBJECTION TO SALE OF DEBTORS' ASSETS

A.R.M. Marine Supply LLC ("A.R.M." or "Creditor") files this limited objection to the sale of certain of the Debtors' assets, adopting those reasons set forth in the Limited Objection to Sale of Debtors' Assets filed on behalf of ST Engineering Halter Marine & Offshore, Inc. ("STEHMO") (DN 1092) in accordance with the Bid Procedures Order (as hereinafter defined), as follows:

1.     A.R.M. is similarly situated to STEHMO to the extent it holds valid, perfected maritime liens for necessaries filed with the U.S. Coast Guard against certain Bouchard vessels as set forth in its Proof of Claim (Claim 46).

2.     On September 28, 2020 and September 29, 2020, each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in these cases.

3.     In April 2021, the Debtors obtained Court approval of a replacement debtor in possession financing facility from JMB Capital Partners Lending, LLC ("JMB") in the principal amount of $90 million (the "JMB DIP Facility"). The JMB DIP Facility was secured by, among

other things, a first lien on all of the Debtors' vessels that secured the original debtor in possession financing facility with Hartree Partners, LP (the "Hartree DIP Facility") and all of the other Debtors' vessels that were not encumbered by liens securing either the Hartree DIP Facility or Wells Fargo Bank, National Association's prepetition revolving credit facility (the "Wells Fargo Facility") (in total, twenty-nine (29) vessels) (collectively, the "JMB First Lien Vessel Collateral"), as well as a second lien on all vessels securing the Wells Fargo Facility (the "Wells Vessel Collateral" and, collectively, the "Vessel Collateral")

4.      A.R.M. has valid, enforceable, perfected maritime liens in certain vessels that are part of the Vessel Collateral, and A.R.M.'s maritime liens are senior in priority.

5.      On June 8, 2021, the Court entered the *Order (i) Approving Bidding Procedures for the Sale of the Debtors' Assets, (ii) Approving Bid Protections, (iii) Scheduling Certain Dates with Respect Thereto, (iv) Approving the Form and Manner of Notice Thereof, and (v) Approving Contract Assumption and Assignment Procedures* [Docket No. 956] (the "Bid Procedures Order") approving bidding procedures and establishing a schedule governing the sale of the Debtors' assets.

6.      The Debtors conducted an auction for the sale of their assets on July 19, 2021 (the Auction").  At the Auction, JMB, the current DIP lender, bid $115.3 million for the JMB First Lien Vessel Collateral, which consisted of (i) cash and a "credit bid" of the outstanding amount of the DIP obligations to the extent that the outstanding obligations owed to JMB were secured by the JMB First Lien Vessel Collateral (the "DIP Collateral Bid").  The Auction concluded with DIP Collateral Bid being determined to be the highest and best bid on the JMB First Lien Vessel Collateral.

7.      In order for a credit bid to constitute a "Qualified Bid," such bid must also include sufficient cash to pay in full, in cash, all claims for which there are valid, perfected, and unavoidable liens on any assets included in such bid that are senior in priority to those of the secured party seeking to credit bid such liens ("Senior Liens"). (Docket No. 956, Exhibit 1 – Bidding Procedures, at Art. X).

8.      A.R.M.'s maritime liens in the subject vessels are senior liens that must be accounted for in the DIP Collateral Bid.

## **Limited Objection**

Accordingly, A.R.M. respectfully joins in STEHMO's limited objection and request that the Court determine that the cash component of the DIP Collateral Bid is sufficient to pay Senior Liens in the JMB First Lien Vessel Collateral.  As a general matter, A.R.M. does not oppose the sale of the JMB First Lien Vessel Collateral to JMB based on the information available to A.R.M. regarding the DIP Collateral Bid. Rather, A.R.M. files this limited objection to the extent that the cash component of the DIP Collateral Bid is insufficient to pay its senior maritime liens in the vessels.  This determination must be made before the sale of the JMB First Lien Vessel Collateral to JMB pursuant to the DIP Collateral Bid can be approved or consummated.

For the foregoing reasons, A.R.M. respectfully requests that the Court determine that the cash component of the DIP Collateral Bid is sufficient to pay Senior Liens in the JMB First Lien Vessel Collateral, including A.R.M.'s senior maritime liens, as required by the Bid Procedures Order prior to approving the sale of the JMB First Lien Vessel Collateral to JMB pursuant to the DIP Collateral Bid.

Dated: July 29, 2021

NICOLETTI HORNIG & SWEENEY

*/s/ Val Wamser*

By: _____

VAL WAMSER (Admitted *Pro Hac Vice*)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
vwamser@nicolettihornig.com
*Attorneys for A.R.M. Marine Supply LLC*