# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | ) | Case No. 20-34682 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DEBTORS' SECOND OMNIBUS OBJECTION
## TO CERTAIN PROOFS OF CLAIM (OVERSTATED CLAIMS, SATISFIED CLAIMS, EXACT DUPLICATE CLAIM, RECLASSIFIED CLAIMS, AMENDED CLAIMS, AND NO LIABILITY CLAIM)

> **This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **Represented parties should act through their attorney.**
>
> **A hearing will be conducted on this matter on September 14, 2021, at 1:00 p.m. (prevailing Central Time) in Courtroom 400, 4th Floor United States Bankruptcy Court for the Southern District of Texas, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click Here" to submit "Electronic Appearance." Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

---

[1]   Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

> **If you object to the relief requested, you must respond in writing.  Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this Objection was filed.  Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**
>
> **This objection seeks to disallow certain proofs of claim.  Claimants receiving this objection should locate their names and claims on the exhibits attached to the proposed order attached to this objection.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") represent as follows in support of this omnibus claims objection (this "<u>Objection</u>").

## <u>Relief Requested</u>[2]

1.     By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"),

   a.     reclassifying, adjusting, and modifying each proof of claim identified on (a) <u>Exhibit A</u> to the Order (the "<u>Overstated Claims</u>"), that the Debtors have determined should be reduced as set forth in the "Modified Status" column of <u>Exhibit A</u> to more accurately reflect the true liability of the applicable Debtor to the applicable Claimant;

   b.     disallowing or reducing, as applicable, each proof of claim identified on <u>Exhibit B</u> to the Order (the "<u>Satisfied Claims</u>"), that the Debtors have determined that they do not owe because such claims, or portions of such claims, have been satisfied or released during the Debtors' chapter 11 cases in accordance with the Bankruptcy Code, applicable rules, or an order of the Court;

   c.     disallowing the proof of claim identified on <u>Exhibit C</u> to the Order (the "<u>Exact Duplicate Claim</u>"), that the Debtors have determined exactly duplicates another claim;

   d.     reclassifying each proof of claim listed <u>Exhibit D</u> to the Order (the "<u>Reclassified Claims</u>"), that the Debtors have determined should be reclassified to a general unsecured claim;

   e.     disallowing each proof of claim identified on <u>Exhibit E</u> to the Order (the "<u>Amended Claims</u>"), that the Debtors have determined have been amended by subsequently filed proofs of claim; and

---

[2]     This Objection is limited to the grounds stated herein.  It is without prejudice to the rights of the Debtors or any other party in interest to object to the Overstated Claims, Satisfied Claims, Exact Duplicate Claim, Reclassified Claims, Amended Claims, and No Liability Claim on any grounds whatsoever.  The Debtors expressly reserve all further substantive or procedural objections they may have.

f.      disallowing the proof of claim identified on <u>Exhibit F</u> to the Order (the "<u>No Liability Claim</u>"), that the Debtors have determined does not represent a valid liability of the Debtors and the support provided with the proof of claim (or lack thereof) is insufficient to show liability.

2.      The Debtors' determinations with respect to the Overstated Claims, Satisfied Claims, Exact Duplicate Claim, Reclassified Claims, Amended Claims, and No Liability Claim (collectively, the "<u>Disputed Claims</u>") are based on a review of the Debtors' claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation, if any, provided by each relevant claimant (each, a "<u>Claimant</u>").  The Debtors do not believe that they owe the Disputed Claims as asserted.  As such, the Disputed Claims should be modified or disallowed in their entirety, as applicable.

3.      In support of this Objection, the Debtors submit the Declaration of Jeffrey Gasbarra, Interim Chief Administrative Officer of the Debtors, in Support of the *Debtors' Second Omnibus Objection to Certain Proofs of Claim (Overstated Claims, Satisfied Claims, Exact Duplicate Claim, Reclassified Claims, Amended Claims, and No Liability Claim)* (the "<u>Gasbarra Declaration</u>"), attached hereto as **Exhibit A**.

<u>**Jurisdiction and Venue**</u>

4.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the entry of a final order by the Court.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Bankruptcy Rule

3007, rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Order Approving Claims Objection Procedures and the Form of Notice* [Docket No. 993] (the "Objection Procedures Order").

## Background

7.      The Debtors comprise one of the nation's largest independently-owned ocean-going petroleum barge companies.

8.      On September 28, 2020 and September 29, 2020 (as applicable to each Debtor, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Matthew Ray of Portage Point Partners, LLC in Support of the Chapter 11 Petitions and the First Day Motions* [Docket No. 79], filed on October 12, 2020.   The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On September 30, 2020, the Court entered orders [Docket Nos. 30, 31] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Bankruptcy Local Rules.   On February 25, 2021, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 563].   No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**The Claims Reconciliation Process**

9.      On February 10, 2021, the Debtors filed their statements of financial affairs and schedules of assets and liabilities[3] pursuant to Bankruptcy Rule 1007.

10.      On March 12, 2021, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 650] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases.  The Bar Date Order established, among other things, April 9, 2021, at 5:00 p.m. prevailing Central Time, as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file proof of such claim in writing, and April 26, 2021, at 5:00 p.m. prevailing Central Time, as the deadline for all governmental entities holding or wishing to assert a claim against any of the Debtors that arose before the Petition Date to file proof of such claim in writing.

11.      As of the filing of this Objection, over 500 proofs of claim have been filed against the Debtors, totaling over $1 billion in the aggregate.[4]  The Debtors sought and were granted approval to file omnibus objections to certain claims in accordance with the procedures set forth in the Objection Procedures Order.

---

[3]      *See* Docket Nos. 431, 441, 444, 447, 451, 453, 456, 458, 459, 462, 464, 466, 468, 470, 471, 474, 476, 479, 481, 482, 484, 487, 489, 491, 493, 496, 499–510, 512–524.

[4]      The Debtors also anticipate additional claims may be filed in the form of rejection damages claims.

12.     The Debtors and their advisors (collectively, the "Reviewing Parties") have diligently reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any. For the reasons set forth below, and based on their review to date, the Reviewing Parties have determined that Disputed Claims should be adjusted, modified, or disallowed, as applicable as set forth herein.

## Objection

13.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Further, section 502(b)(1) of the Bankruptcy Code provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1). Moreover, Bankruptcy Rule 3007(d) provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which includes when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they duplicate other claims . . . they have been amended by subsequently filed proofs of claim . . . they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order . . . [or] they were presented in a form that does not comply with applicable rules, and the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d).

14.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, a proof of claim loses the presumption of *prima facie* validity

under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd*., 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *See id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

### The Overstated Claims

15.     The Debtors object to the Overstated Claims listed in <u>Exhibit A</u> attached to the Order. As set forth in the Gasbarra Declaration, the Reviewing Parties have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and have determined that the amounts owed in respect of the Overstated Claims are less than the amounts asserted in the filed Proofs of Claim. In the event the Overstated Claims are not disallowed or limited to, at most, the reduced amount set forth on <u>Exhibit A</u> to the Order in the "Modified Status" column, the applicable claimants would receive recoveries for which they are not entitled—to the detriment of other similarly situated creditors. The reduction of the Overstated Claims will streamline the claims reconciliation process and enable the Debtors to maintain a more accurate claims register.

16.     The Debtors request that the Court enter an order reducing or disallowing, as applicable, the Overstated Claims identified on <u>Exhibit A</u> as set forth in the "Modified Status" column of <u>Exhibit A</u>.

### The Satisfied Claims

17.     The Debtors object to the Satisfied Claims listed in <u>Exhibit B</u> attached to the Order. As set forth in the Gasbarra Declaration, the Reviewing Parties have thoroughly reviewed the

Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and have determined that the Satisfied Claims have been fully or partially paid or otherwise satisfied prior to or during these chapter 11 cases, in accordance with the Bankruptcy Code, any applicable Bankruptcy Rules, Bankruptcy Local Rules, or Court orders, or in the ordinary course of the Debtors' business, and in the manner (*e.g.*, check payment or wire transfer) set forth on Exhibit B to the Order. The Debtors do not believe that they owe the amounts claimed. Failure to disallow the Satisfied Claims to the extent provided in Exhibit B to the Order would result in the applicable Claimants receiving an unwarranted or duplicate recovery against the Debtors to the detriment of other similarly situated creditors.

18.     The Debtors request that the Court enter an order reducing or disallowing, as applicable, the Satisfied Claims identified on Exhibit B to the Order as set forth in the "Modified Status" column of Exhibit B.

**The Exact Duplicate Claim**

19.     The Debtors object to the Exact Duplicate Claim listed in Exhibit C attached to the Order. As set forth in the Gasbarra Declaration, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any, and have determined that the Exact Duplicate Claim duplicates another proof of claim filed by or on behalf of the same Claimant with respect to the same liability. Disallowing the Exact Duplicate Claim will provide the Debtors and the affected Claimant with certainty regarding which claims will control for distribution purposes. If the Exact Duplicate Claim is not disallowed, the creditor filing such claims may stand to recover twice for the same liability.

20.     The Debtors request that the Court enter an order disallowing the Exact Duplicate Claim identified on Exhibit C to the Order in its entirety.

## The Reclassified Claims

21.    The Debtors object to the Reclassified Claims listed in Exhibit D attached to the Order.  As set forth in the Gasbarra Declaration, the Reviewing Parties have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and have determined that the Reclassified Claims identified on Exhibit D to the Order, as filed, do not accurately reflect the correct classification for each claim.  Instead, the Debtors believe that the asserted classification of the Reclassified Claims should be modified to general unsecured claims, as provided in Exhibit D to the Order.  Based on their review of the Reclassified Claims and the Debtors' books and records, the Debtors believe that each of such Reclassified Claims must be modified, in whole or in part, from a secured claim, priority claim, administrative claim, or section 503(b)(9) claim to a general unsecured claim as further specified on Exhibit D to the Order.  The Debtors assert that the "Modified Status" listed on Exhibit D to the Order represents the appropriate classification for each respective Proof of Claim.  Failure to modify and reclassify the Reclassified Claims could potentially result in the applicable claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.

22.    The Debtors request that the Court enter an order reclassifying the Reclassified Claims identified on Exhibit D to the Order as set forth in the "Modified Status" column of Exhibit D.

## The Amended Claims

23.    The Debtors object to the Amended Claims listed in Exhibit E attached to the Order. As set forth in the Gasbarra Declaration, the Reviewing Parties have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and have determined that subsequently filed

proofs of claim have amended and superseded the Amended Claims.  The subsequently filed proofs of claim changed asserted claim amounts and other information filed in the Amended Claims. The Amended Claims should be disallowed.  If the Amended Claims are not disallowed, creditors filing such claims may stand to recover twice for the same liability.

24.      The Debtors request that the Court enter an order disallowing the Amended Claims identified on <u>Exhibit E</u> to the Order in their entirety.

### **The No Liability Claim**

25.      The Debtors Object to the No Liability Claim listed in <u>Exhibit F</u> attached to the Order.  As set forth in the Gasbarra Declaration, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proof of claim, and the Debtors' books and records and have determined that the Debtors' books and records reflect no outstanding liability on the grounds asserted in the No Liability Claim, and, therefore, the Debtors do not owe any amounts on account thereof.  The Debtors do not believe that they owe the amounts claimed.  Additionally, the No Liability Claim does not include sufficient information or supporting documentation to allow the Debtors to ascertain the validity of the claim.  Failure to disallow the No Liability Claim could result in an improper recovery to the Claimant on account of the No Liability Claim.  Disallowing the No Liability Claim will enable the Debtors to maintain an accurate claims register in these chapter 11 cases.

26.      The Debtors request that the Court enter an order disallowing the No Liability Claim identified on <u>Exhibit F</u> to the Order in its entirety.

**Compliance with the Objection Procedures and the Bankruptcy Rules**

27.     The contents of this Objection are in full compliance with the Bankruptcy Rules and the Objection Procedures.

28.     Notice and service of this Objection will be in full compliance with the Objection Procedures and the Bankruptcy Rules for the following reasons:

(a)     this Objection will be filed with the Court and served electronically using the Court's electronic filing system;

(b)     with respect to service on the Claimants affected by this Objection, the Debtors will also serve each such Claimant with a customized objection notice tailored, as appropriate, to address the particular creditor, claim, and objection; and

(c)     this Objection will be set for hearing at least 30 days after the filing of this Objection.

**Reservation of Rights**

29.     This Objection is limited to the grounds stated herein.  It is without prejudice to the rights of the Debtors or any other party in interest to object to the Disputed Claims on any grounds whatsoever.  The Debtors expressly reserve all further substantive or procedural objections they may have.  Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as

to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

### Notice

30.     Notice of the hearing on the relief requested in this Objection will be provided by the Debtors in accordance and compliance with Bankruptcy Rule 3007, as well as the Bankruptcy Local Rules and the Objection Procedures Order, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including:  (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) Wells Fargo Bank, National Association, and counsel thereto; (d) JMB Capital Partners Lending, LLC, and counsel thereto; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Claimants; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (l) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request that the Court enter the Order, granting the relief requested in this Objection and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
August 4, 2021

/s/ Matthew D. Cavenaugh

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Genevieve M. Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:    mcavenaugh@jw.com
     ggraham@jw.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Ryan Blaine Bennett, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac* vice)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    ryan.bennett@kirkland.com
     whitney.fogelberg@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christine A. Okike, P.C. (admitted *pro hac* vice)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    christine.okike@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on August 4, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Exhibit A</u>**

**Gasbarra Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BOUCHARD TRANSPORTATION CO., INC., *et al*.,[1] | ) | Case No. 20-34682 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF JEFFREY GASBARRA, CHIEF ADMINISTRATIVE OFFICER OF THE DEBTORS, IN SUPPORT OF THE DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (OVERSTATED CLAIMS, SATISFIED CLAIMS, EXACT DUPLICATE CLAIM, RECLASSIFIED CLAIMS, AMENDED CLAIMS, AND NO LIABILITY CLAIM)**

I, Jeffrey Gasbarra, hereby declare under penalty of perjury:

1.      I currently serve as Chief Administrative Officer to the above-captioned debtors and debtors in possession, (collectively, the "Debtors").  Additionally, I am a Senior Director at Portage Point Partners, LLC ("Portage Point"), restructuring advisors to the Debtors.  I, along with my colleagues at Portage Point, have been engaged by the Debtors to provide various restructuring services.

2.      As part of my current position, I am responsible for certain claims management and reconciliation matters.  I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.  I have read the *Debtors' Second Omnibus Objection to Certain Proofs of Claim (Overstated Claims, Satisfied*

---

[1]      Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard.  The location of the Debtors' service address is:  58 South Service Road, Suite 150, Melville, New York 11747.

*Claims, Exact Duplicate Claim, Reclassified Claims, Amended Claims, and No Liability Claim)* (the "Objection").[2]

3.      To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.  In evaluating the Disputed Claims, my team at Portage Point, along with the Reviewing Parties, thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any, and determined that each claim should be disallowed.  To the best of my knowledge, the claims register and the Debtors' books and records are as accurate as is reasonably possible under the circumstances.  I believe that the reduction or disallowance, as applicable, of the Disputed Claims on the terms set forth in the Objection is appropriate.

## The Overstated Claims

4.      In evaluating the Overstated Claims, my team at Portage Point, along with the Reviewing Parties, have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any. To the best of my knowledge, information, and belief, the amounts owed in respect of the Overstated Claims are less than the amounts asserted in Overstated Claims identified on Exhibit A to the Order.  I do not believe that the Debtors owe the full amounts claimed.  I understand that, in the event the Overstated Claims are not disallowed or limited to the reduced amount set forth on Exhibit A to the Order in the "Modified Status" column, the applicable claimants would receive recoveries for which they are not entitled to the detriment of other similarly situated creditors.  I further understand that the reduction or disallowance, as applicable, of the Overstated Claims will

---

[2]      Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Objection.

streamline the claims reconciliation process and enable the Debtors to maintain a more accurate claims register. As such, I believe that the reduction or disallowance, as applicable, of the Overstated Claims on the terms set forth in the Objection and <u>Exhibit A</u> to the Order is appropriate.

## The Satisfied Claims

5.      In evaluating the Satisfied Claims, my team at Portage Point, along with the Reviewing Parties, have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any. To the best of my knowledge, information, and belief, the Satisfied Claims have been previously paid or otherwise satisfied prior to or during these chapter 11 cases, in accordance with the Bankruptcy Code, any applicable Bankruptcy Rules, Bankruptcy Local Rules, or Court orders, or in the ordinary course of the Debtors' business, and in the manner (*e.g.*, check payment or wire transfer) set forth on <u>Exhibit B</u> to the Order. I do not believe that the Debtors owe the full amounts claimed. I understand that failure to reduce or disallow, as applicable, the Satisfied Claims would result in the applicable Claimants receiving an unwarranted or duplicate recovery against the Debtors to the detriment of other similarly situated creditors. As such, I believe that the reduction or disallowance, as applicable, of the Satisfied Claims on the terms set forth in the Objection and <u>Exhibit B</u> to the Order is appropriate.

## The Exact Duplicate Claim

6.      In evaluating the Exact Duplicate Claim, my team at Portage Point, along with the Reviewing Parties, have thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any. To the best of my knowledge, information, and belief, each of the Exact Duplicate Claim duplicates another proof of claim filed by or on behalf of the same Claimant with respect to the same liability. I understand that disallowing the Exact Duplicate Claim will provide the Debtors and the affected

Claimant with certainty regarding which claims will control for distribution purposes.  I understand that if the Exact Duplicate Claim is not disallowed, the creditor filing such claim may stand to recover twice for the same liability.  As such, I believe that the disallowance of the Exact Duplicate Claim on the terms set forth in the Objection and Exhibit C to the Order is appropriate.

**The Reclassified Claims**

7.      In evaluating the Reclassified Claims, my team at Portage Point, along with the Reviewing Parties, have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any. To the best of my knowledge, information, and belief, the Reclassified Claims identified on Exhibit D to the Order, as filed, do not accurately reflect the correct classification for each claim. Instead, the I believe that the asserted classification of the claims should be modified to general unsecured claims, as provided in Exhibit D to the Order.  Based on my team at Portage Point's review of the Reclassified Claims and the Debtors' books and records, I believe that each such reclassified claim must be modified, in whole or in part, from a secure claim, priority claim, administrative claim, or section 503(b)(9) claim to general unsecured claim as further specified on Exhibit D to the Order.  I believe that the "Modified Status" listed on Exhibit D to the Order represents the appropriate classification for each respective Proof of Claim.  I understand that failure to modified and reclassify the Reclassified Claims could potentially result in the applicable claimants receiving a better recovery than other similarly situation creditors, even though such recovery is not warranted.  As such, I believe that the reclassification of the Reclassified Claims on the terms set forth in the Objection and Exhibit D to the Order is appropriate.

**The Amended Claims**

8.      In evaluating the Amended Claims, my team at Portage Point, along with the Reviewing Parties, have thoroughly reviewed the Debtors' books and records, the claims register,

5

the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any. To the best of my knowledge, information, and belief, I believe that subsequently filed proofs of claim have amended and superseded the Amended Claims. I understand that subsequently filed proofs of claim changed asserted claim amounts and other information filed in the Amended Claims. As such, I believe the Amended Claims should be disallowed. I understand that if the Amended Claims are not disallowed, creditors filing such claims may stand to recover twice for the same liability. As such, I believe that the disallowance of the Amended Claims on the terms set forth in the Objection and Exhibit E to the Order is appropriate.

### The No Liability Claim

9.      In evaluating the No Liability Claim, my team at Portage Point, along with the Reviewing Parities, thoroughly reviewed the Debtors' books and records, the claims register, the relevant proof of claim, and the supporting documentation provided by the Claimant. To the best of my knowledge, information, and belief, the Debtors' books and records reflect no outstanding liability on the grounds asserted in the No Liability Claim, and I have determined the Debtors do not owe any amount on account thereof. To the best of my knowledge, information, and belief, the No Liability Claim does not represent an obligation properly owed by the Debtors, and the Debtors are not liable for the No Liability Claim. Additionally, to the best of my knowledge, information, and belief, the No Liability Claim does not include sufficient information or supporting documentation to allow the Debtors to ascertain the existence or validity of the claim. I understand that failure to disallow the No Liability Claim could result in an improper recovery to the Claimants on account of the No Liability Claim. I understand that disallowance of the No Liability Claim will enable the Debtors to maintain an accurate claims register in these chapter 11 cases. As such, I believe that the disallowance of the No Liability Claim on the terms set forth in the Objection and Exhibit F is appropriate.

10.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated: August 4, 2021

*/s/ Jeffrey Gasbarra*
Jeffrey Gasbarra
Interim Chief Administrative Officer to the Debtors
Senior Director
Portage Point Partners, LLC