IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) ) ) BOUCHARD TRANSPORTATION CO., INC.., *et al.*,[1] ) ) Debtors. ) ) ) | Chapter 11 Case No. 20-34682 (DRJ) **(Jointly Administered)** |

### ORDER AUTHORIZING AND APPROVING (I) THE SELECTION OF HARTREE PARTNERS, LP AS THE STALKING HORSE BIDDER, (II) ENTRY INTO THE STALKING HORSE AGREEMENT, (III) THE GRANTING OF RELATED BID PROTECTIONS, AND (IV) GRANTING RELATED RELIEF

Upon consideration of the *Notice of Selection of Stalking Horse Bidder* [Docket No. 1077] (the "Stalking Horse Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in connection with the *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures* (the "Bidding Procedures Order"),[2] which was entered by this Court on June 8, 2021 [Docket No. 956]; and upon the full record in support of the relief requested by Hartree in *Hartree Partners, LP's Reply to Objection of Official Committee of Unsecured Creditors to Designation of Hartree Partners, LP as Stalking Horse Bidder and Approval of Break-Up Fee and Expense Reimbursement in Connection Therewith* (the "Reply"), specifically, the approval of the Debtors' (i) designation of Hartree Partners, LP ("Hartree" or the

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is:  58 South Service Road, Suite 150, Melville, New York 11747.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Bidding Procedures Order.

"Stalking Horse Bidder") as the Stalking Horse Bidder, (ii) entry into the Stalking Horse Agreement attached hereto as **Exhibit 1**, and (iii) provision of the Bid Protections therein, in each case, pursuant to the Bidding Procedures Order; and this Court having reviewed the Stalking Horse Notice, the *Objection of Official Committee of Unsecured Creditors to Designation of Hartree Partners, LP as Stalking Horse Bidder and Approval of Break-Up Fee and Expense Reimbursement in Connection Therewith* (the "Committee Objection"), and the Reply; and having heard the statements and accepted evidence in support of the relief requested therein at a hearing before this Court on August 12, 2021 (the "Bid Protections Hearing"); and upon the record of the Bid Protections Hearing; and all objections, including the Committee Objection, to the requested relief have been withdrawn, resolved or overruled; and this Court having determined that the legal and factual bases set forth in the Reply and at the Bid Protections Hearing establish just cause for the relief granted herein and it appearing that the relief requested by Hartree as Stalking Horse Bidder is in the best interests of the Debtors and their respective estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, **THE COURT HEREBY FINDS AS FOLLOWS**:[3]

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

    B.    The statutory and other legal bases for the relief provided herein are sections 105(a), 363, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9007, and Bankruptcy Local Rules 2002-1 and 4002-1. The consummation of the transactions contemplated

---

[3] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052 made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

by the Stalking Horse Agreement are legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and the Debtors and the Stalking Horse Bidder have complied with all of the applicable requirements of such sections and rules in respect of such transactions.

      C.      The Debtors have articulated good and sufficient bases for (i) the designation of Hartree as Stalking Horse Bidder; (ii) the arm's-length negotiation of and entry into the Stalking Horse Agreement with the Stalking Horse Bidder; and (iii) the agreement to pay the Bid Protections therein, as required by section 363(b) of the Bankruptcy Code, as necessary to induce the Stalking Horse Bidder to submit and agreed to be bound by the Stalking Horse Agreement. All such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their creditors, their estates and other parties in interest. Approval of the designation of Hartree as Stalking Horse Bidder, the Stalking Horse Agreement, and the payment of the Bid Protections pursuant thereto is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest.

      D.      The process for filing a notice including (a) the identification of the Stalking Horse Bidder; (b) a copy of the Stalking Horse Agreement; (c) the purchase price and assets subject to the Stalking Horse Bid; and (d) the amount and terms of any Bid Protections offered to the Stalking Horse Bidder, was appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the designation of any Stalking Horse Bidder and Stalking Horse Agreement. No other or further notice is required of the foregoing, beyond the Debtors' filing of the Stalking Horse Notice.

      **IT IS HEREBY ORDERED THAT**:

      1.      The relief sought in the Reply is granted as set forth herein.

2. All objections to the relief provided herein, including the Committee Objection, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3. The Debtors' designation of Hartree as the Stalking Horse Bidder is hereby approved.

4. The Debtors' entry into the Stalking Horse Agreement with Hartree, including the granting of the Bid Protections and Expense Reimbursement therein, is hereby approved, and the Bid Protections and Expense Reimbursement are hereby approved as set forth in this Order.

5. The Debtors are authorized and directed to pay the Breakup Fee in an amount equal to $3.3 million (3% of the amount of the Stalking Horse Bid) as provided in the Stalking Horse Agreement, subject to the terms and conditions set forth therein, in the Bidding Procedures Order, and this Order.

6. The Debtors are authorized and directed to pay the Expense Reimbursement in an amount equal to all reasonable and documented out-of-pocket expenses incurred by the Stalking Horse Bidder in connection with its legal, financial advisory, accounting, and other similar costs fees, and expenses incurred in connection with the preparation and negotiation of the Stalking Horse Agreement and the transaction contemplated thereby, and any other amounts incurred in connection with the Sale and the entry of this Order, up to an aggregate maximum amount of $1,500,000, as provided in the Stalking Horse Agreement, subject to the terms and conditions set forth therein, in the Bidding Procedures Order, and in this Order

7. As soon as practicable following entry of this Order, but not later than three (3) business days following entry of this Order, the Debtors shall transfer to Hartree all amounts necessary to satisfy the Breakup Fee and Expense Reimbursement from the $4.8 million held in a

segregated reserve account pursuant to the *Order (I) Authorizing the Sale of the Acquired Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Enter Into and Perform Under the Asset Purchase Agreement, (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Sale Order") [Docket No. 1194], ¶37.

8. Absent a subsequent order of this Court to the contrary, this Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtors' bankruptcy cases or upon a conversion to chapter 7 under the Bankruptcy Code.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective immediately and enforceable upon its entry.

10. In the event of any conflict between this Order and the Sale Order and/or the Bidding Procedures, this Order shall govern in all respects.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order.

Signed: August 12, 2021

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT 1**

**Stalking Horse Agreement**