IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., | § | |
| et al.[1], | § | Case No. 20-34682 (DRJ) |
| | § | |
| Debtors | § | (Jointly Administered) |

**ROBERT DUNHAM, TIMOTHY LERETTE, AND LONNIE ROBERTS'
LIMITED OBJECTION TO THE JOINT PLAN OF
BOUCHARD TRANSPORTATION CO., INC. AND ITS DEBTOR AFFILIATES
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
[Relates to ECF 1049]**

Robert Dunham (Dunham), Timothy Lerette (Lerette), and Lonnie Roberts (Roberts) (collectively Claimants) file this limited objection (Objection) to the *Joint Plan of Bouchard Transportation Co., Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (Plan) [Docket No. 1049] as the Plan fails to provide a means for the Claimants to adjudicate their claims outside the bankruptcy case.

### I. FACTUAL BACKGROUND

1. Dunham, Lerette, and Roberts are maritime tort claimants with claims pending against Debtor Bouchard Transportation Co., Inc. (Debtor) in *Dunham v. Am. Bur. of Shipping, et al.*, No. 2019-85459, 127th Judicial District Court of Harris County, Texas (the Harris County Case). *See* **Exhibit A**, First Amend. Pet., Dec. 04, 2019. These claims are based on severe injuries Claimants incurred in a fire and

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, New York 11747.

**DUNHAM, LERETTE, AND ROBERTS' LIMITED OBJECTION TO THE JOINT CHAPTER 11 PLAN—PAGE 1**

explosion on Debtor's vessels, the B.255 and Buster Bouchard, in October of 2017 (2017 Explosion). These claims are unliquidated.

2. Debtor voluntarily filed for chapter 11 bankruptcy on September 28, 2020, which stayed Claimants' pending claims. Claimants timely filed proofs of claim to preserve their claims against the Debtor. *See* POC Nos. 19 (Dunham), 20 (Roberts), 21 (Lerette). Claimants also reserved their rights to adjudication of their claims outside of the bankruptcy case and by jury trial.

3. On July 12, 2021, the Court entered the *Stipulation and Agreed Order By and Among Debtors and Robert Dunham, Timothy Lerette, and Lonnie Roberts Granting Relief from Automatic Stay*, which lifted the stay to allow Claimants to adjudicate their claims to final judgment outside of the bankruptcy case. *See* Stipulation and Agreed Order [Dkt. No. 1053].

4. The terms of the Plan currently do not provide for the adjudication of unliquidated personal injury claims outside of the bankruptcy case. Instead, the terms of the Plan are limited to releasing and enjoining pending claims. *See* Plan §§ X(A), (E), (G); XIV(1), (5), (13).

## II.  ARGUMENTS AND AUTHORITIES

5. For confirmation of the Plan, Debtor must demonstrate by a preponderance of the evidence that the Plan complies with section 1129 of the Bankruptcy Code. *See In re Briscoe Enters., Ltd. II*, 994 F.2d 1160, 1165 (5th Cir. 1993) (finding "preponderance of the evidence is the debtor's appropriate standard of proof both under § 1129(a) and in a cramdown."); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009) (finding debtor as the proponent of the plan has the burden of proving all elements of section 1129 are met); *In re J T Thorpe Co.*, 308 B.R. 782, 785

(Bankr. S.D. Tex. 2003). Section 1129 requires the Debtor to establish its Plan complies with all applicable provisions of the Bankruptcy Code, is proposed in good faith, and is not proposed by any means forbidden by law. *See* 11 U.S.C. § 1129(a)(1), (3). As drafted, Debtor has not met its burden as the Plan fails to comply with provisions of the Bankruptcy Code and other requirements of law.

6. Specifically, the Plan does not address or provide for the adjudication and liquidation of personal injury claims. Rather, the terms of the Plan are limited to releasing and enjoining pending claims and reserving the adjudication of such claims to the bankruptcy case. *See* Plan, §§ X (A) (Compromise and Settlement of Claims, Interests, and Controversies), X (B) (Discharge of Claims), X(E) (Third Party Release), X(G) (Injunction), XI (1), (5), (13) (reserving jurisdiction in the bankruptcy court for the adjudication of claims). As personal injury claimants, the liquidation of Claimants' claims is expressly excluded from core proceedings arising under Title 11. *See* 28 U.S.C. § 157(b)(2)(B). Claimants timely opted out of the Plan releases and object to any release of their claims herein. Claimants have reserved their rights to adjudication and jury trial outside of the bankruptcy case. Currently, under these terms, the Plan fails to provide for this adjudication as required by law. *See* 11 U.S.C. § 1129(a)(3). As such, Claimants file this limited objection to the Plan.

## V.   PRAYER

WHEREFORE, Robert Dunham, Timothy Lerette, and Lonnie Roberts respectfully request the Court enter an order denying confirmation of the approval of the *Joint Plan of Bouchard Transportation Co., Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and grant Dunham, Lerette, and Roberts such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of August 2021.

      /s/ Ryan E. Chapple
Ryan E. Chapple
State Bar No. 24036354
Email: rchapple@cstrial.com
Randy W. Williams
State Bar No. 21566850
Email: rwilliams@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR ROBERT DUNHAM, TIMOTHY LERETTE, AND LONNIE ROBERTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 12th day of August 2021.

      /s/ Ryan E. Chapple
Ryan E. Chapple