IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | Chapter 11 |
| BOUCHARD TRANSPORTATION CO., INC., *et al.*,[1] | Case No. 20-34682 (DRJ) |
| Debtors. | (Jointly Administered) |
|   | (Emergency Relief Requested) |

**DEBTORS' EMERGENCY MOTION TO
MODIFY THE OMNIBUS CLAIMS OBJECTION PROCEDURES**

> **Emergency relief has been requested.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must file a written response prior to the below date by which relief is requested. Otherwise, the Court may treat the request as unopposed and grant the relief requested.**
>
> **Relief is requested no later than August 20, 2021.**

The above captioned debtors and debtors in possession (the "Debtors") state the following in support of this motion:

**Relief Requested**

1.  The Debtors seek entry of an order modifying the Debtors' omnibus objection procedures (the "Objection Procedures"), which the Court approved by its *Order Approving Claims Objection Procedures and the Form of Notice* [Docket No. 993] (the "Objection Procedures Order").[2]

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/bouchard. The location of the Debtors' service address is: 58 South Service Road, Suite 150, Melville, NY 11747.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Objection Procedures Order.

1

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 60 of the Federal Rules of Civil Procedure, and sections G, H, I, and M of the *Procedures for Complex Cases in the Southern District of Texas*, as effective on August 1, 2021 (the "Complex Rules").

**Background**

5. On September 28, 2020 and September 29, 2020, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Matthew Ray of Portage Point Partners, LLC in Support of the Chapter 11 Petitions and the First Day Motions* [Docket No. 79]. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 30, 2020, the Court entered orders [Docket Nos. 30, 31] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On February 25, 2021, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors [Docket No. 563]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. On June 21, 2021, the Court approved the Debtors' Objection Procedures by its Objection Procedures Order.

7. The Debtors now seek modification of the Objection Procedures to comport with sections G, H, I, and M of the Complex Procedures.

**The Complex Procedures and Modification of the Omnibus Claims Objection Procedures**

8. The Court published the new Complex Procedures that became effective on August 1, 2021. The Complex Procedures provide for various methods of hearing participation including virtual, remote, and in-person hearings. Movants largely have discretion, with certain exceptions, to decide the method of participation for their hearings.

9. In order to provide clarity and reduce confusion, the Debtors seek to modify the Objection Procedures to allow hearing participation as follows:

   a. All initial settings on an Omnibus Objection will be virtual hearings consistent with section I of the Complex Procedures (i.e., no in-person participation will be permitted).

   b. All subsequent settings on an Omnibus Objection will be remote hearings consistent with section H of the Complex Procedures (i.e., all parties may elect to appear either in person or virtually).

   c. Parties may stipulate that they will only participate remotely at a hearing. The stipulating parties will be bound by any such stipulation that is filed on the record prior to the commencement of the hearing.

   d. The above modifications will apply to all future omnibus hearings in the above-captioned case absent Court order to the contrary.

10. The Debtors believe that these modifications are appropriate and consistent with the new Complex Procedures. These modifications will also provide clarity to all participating parties regarding the appropriate methods of hearing attendance.

**Emergency Consideration**

11. The Debtors request emergency consideration of this motion to streamline the claims objection process and give claimants sufficient notice of hearing procedures. This motion seeks only procedural relief and does not impact the substantive rights of any claimant in these cases. The Debtors have a number of hearings in the coming weeks to which these modifications will apply. To provide claimants clarity on the manner by which they may attend and participate in any upcoming hearing on claims objections, the Debtors request that the Court approve the relief requested on an emergency basis by August 20, 2021.

**Notice**

12. This motion will be served on: (a) the Office of the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) Wells Fargo Bank, National Association, and counsel thereto; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (h) the state attorneys general for states in which the Debtors conduct business; (i) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (j) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request that the Court grant the relief requested in this motion and grant the Debtors such other and further relief to which they may be entitled.

Houston, Texas
August 19, 2021

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve M. Graham (TX Bar No. 24085340) | Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | Whitney Fogelberg (admitted *pro hac* vice) |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone:   (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile:   (713) 752-4221 | Telephone:   (312) 862-2000 |
| Email:   mcavenaugh@jw.com | Facsimile:   (312) 862-2200 |
|   ggraham@jw.com | Email:   ryan.bennett@kirkland.com |
| |    whitney.fogelberg@kirkland.com |

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christine A. Okike, P.C. (admitted *pro hac* vice)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   christine.okike@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

## Certificate of Service

I certify that on August 19, 2021 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

29771594v.1