**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

Hearing Date: January 18, 2022 at 2:00 p.m.



JAN 1 4 2022

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

-----------------------------------------------------------------x

In re:                                                    Chapter 11

BOUCHARD TRANSPORTATION CO., INC., *et al.*,              Case No. 20-34682 (DRJ)

                                                          (Jointly Administered)

                    Debtors.
-----------------------------------------------------------------x

### RESPONSE OF HAFNIA TANKERS SHIPHOLDING MALTA LTD. TO THE DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIMS (AMENDED CLAIMS, DUPLICATIVE CLAIMS, INSUFFICIENT DOCUMENTATION CLAIMS, LATE FILED CLAIMS, NO LIABILITY CLAIMS, AND SATISFIED CLAIMS)

**TO:    THE HONORABLE DAVID R. JONES**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Hafnia Tankers Shipholding Malta Ltd. ("Claimant"), by its attorneys, LaMonica Herbst & Maniscalco, LLP, submits this response ("Response") to the first omnibus objection ("Omnibus Objection") to certain proofs of claim (amended, claims, exact duplicate claims, insufficient documentation claims, late filed claims, no liability claims, satisfied claims) of the jointly administered debtors, Bouchard Transportation Co., Inc., *et al.* ("Debtors"), to the claims filed by Claimant as follows: (collectively, the "Claims"), and respectfully represents a follows:

1

**CLAIMANT'S RESPONSE TO DEBTOR'S OMNIBUS OBJECTION**

1.      On or about April 7 and April 8, 2021, Claimants filed timely claims in the respective Debtor estates each asserting a general unsecured claim in the amount of $655,320. As set forth more fully in the declaration of Edward Keane, Esq., on behalf of the Claimants ("Declaration"), each of the Claims were filed on account of a maritime accident that occurred on March 31, 2018 at NuStar's Linden New Jersey Terminal ("Nustar") and its loading marine arm and the Claimant's maritime vessel, Hafnia Kirsten ("Hafnia"). A copy of the Declaration is annexed as **Exhibit "A"**.

2.      Specifically, on March 31, 2018 the tanker vessel, Hafnia, owned and operated by the Claimant suffered an allision with the dock and associated area of the Nustar Terminal's berthing facility at Linden, New Jersey. The allision caused damage to the loading arm of the crane used by the Nustar's terminal to maneuver large hoses employed in loading and discharging sizable ocean-going tankers, such as the Hafnia. The allision was captured on CCTV owned by Nustar and it graphically shows the Hafnia and another vessel moored stern to its bow violently lifted and tossed shoreward into the dock and nearby loading crane by surging water. The entire complement of both ships can be seen rushing to the deck in the dead of night to try to assess the situation and no doubt in fear of their own safety. As a result, the Nustar Terminal's crane arm had to be removed, taken to Georgia for repair and then returned and re-installed and the Hafnia vessel incurred substantial damage. See Exhibit "A".

3.      On or about June 22, 2021, the Debtors filed the Omnibus Objection, in which the basis for the Debtors to object to the Claimant's Claims was "insufficient documentation". See Omnibus Objection, p. 8, ¶ 18. In the Omnibus Objection, the Debtors assert that the necessary parties have thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors'

books and records and have determined that each of the insufficient documentation claims, including, the Claimant's Claims, failed to include sufficient information or supporting documentation to allow the Debtors to ascertain the validity of the claims listed in the Omnibus Objection. Id. This was the only basis in which the Debtors objected to the Claims. The Debtors never filed a substantive objection to the Claims.

4.      It worth noting, however, that the Debtors were certainly aware of these Claims since shortly after the date of the accident, the Debtors were involved in the survey of damage from the outset. The Debtors' appointed maritime surveyors attended the crane arm at various stages (*e.g.* while it was dismantled, prepared to be moved for repairs in Georgia, repaired and reinstalled in New Jersey). The Debtors' maritime counsel, Freehill Hogan & Mahar, LLP, also appointed another expert, which Claimants believed to be a mechanical engineer. Moreover, the Debtors, through their maritime counsel were also provided with CCTV video of the surging damage to the Hafnia and the passing tug and barge unit alleged to be the Debtors' maritime vessels. Various emails and calls were exchanged regarding the Claimant's claim between maritime counsel for the Claimant and the Debtor, all of which left no doubt that the Debtors were fully aware of the basis for the Claims and their details as more fully explained in the Declaration. See Exhibit "A".

5.      Since filing the Omnibus Objection, the Debtors and the Claimants, through counsel, have been in communication in an effort to resolve these objections in an efficient manner. Prior to the confirmation of the Debtors' Joint Plan of Pursuant to Chapter 11 of the Bankruptcy Code ("Plan") [dkt no. 988], the Claimants were communicating with the Debtors' general counsel, Kirkland & Ellis LLP. The parties had extensive communications about the Claims for months, and more specifically the Claimants, through bankruptcy counsel, provided

Debtors' general counsel with the same documentation in support of the Claims that was provided to the Debtors prior to the bankruptcy filing. Indeed, on July 2, 2021, the Claimant's bankruptcy counsel forwarded to the Debtors' general counsel all the email correspondence between the parties in support of the Claims that occurred prior to the bankruptcy filing. A copy of the extensive correspondence between the Debtors and the Claimants, through their retained professionals, is annexed as **Exhibit "1" of the Declaration**.

6.      After providing the supportive documentation to the Debtors' general counsel, the Claimants never received a written response challenging the adequacy of the information provided. Moreover, despite the many follow-ups by Claimant's counsel throughout July, August, and September, 2021, the Debtors counsel never requested any further documentation regarding the Claims, nor did they make any additional inquiries as to the information provided.  Moreover, while the information was under review, the hearing on the objection to the Claims was continuously adjourned.

7.      After the confirmation of the Plan, the Claimant was advised that local counsel, Jackson Walker, LLP, would now be handling the post-confirmation services on behalf of the Debtors, including, the pending Omnibus Objection. The Claimant followed-up with Debtors' local counsel to obtain an update about the allowance of the Claims.

8.      Then on October 21, 2021, at the request of local counsel, the Claimants re-sent the same documentation in support of the Claims in an effort to resolve the pending objection. The Claimants have now been advised by local counsel that they intend to move forward with the objections to the Claims. Again, Claimants have not been provided with any substantive basis for the objections.

9.      The burden-shifting framework for objections to claims filed under the Bankruptcy

Code is well-settled. Under Bankruptcy Code section 502(a) a proof of claim "is deemed allowed, unless a party in interest ... objects." Federal Rule of Bankruptcy Procedure 3001 states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); (*In re Heisler*, 2021 Bankr LEXIS 2218 [Bankr ED La Aug. 13, 2021, No. 20-11509]) ("If a proof of claim has prima facie validity, the objecting party must produce sufficient evidence to overcome the proof of claim's prima facie validity."); *In re Today's Destiny, Inc.*, 2008 Bankr. LEXIS 3577, 2008 WL 5479109, at *4 (citing 11 U.S.C. § 502(a); *In re Armstrong*, 320 B.R. 97, 102-03 (N.D. Tex. 2005)). "The objecting party must put forth evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* (internal quotations and citations omitted). Thus, "[m]ere allegations, unsupported by evidence, are insufficient to rebut the [claimant's] prima facie case." *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992).

10.     In this instance, the Claimant has put forth substantial information to make a prima facie case for the validity of its Claims. See Exhibit "A". The burden now shifts back to the Debtors, as the objecting parties, to put forth sufficient evidence to refute such Claims. The Debtors have failed to provide the Claimant any support or basis to refute the Claims during the many months of informal discovery.

11.     Despite having knowledge and information about the Claims, the only position the Debtors have taken is that the Claimant failed to provide sufficient information. Yet, the Claimants provided such information to maritime counsel prior to the bankruptcy proceeding, and then to bankruptcy counsels in July, 2021 and again in October, 2021. See Exhibit "1" of the Declaration.

The Claimants have never been provided with a substantive basis for the objections to the Claims.

12.     Accordingly, the Omnibus Objection as it pertains to the Claims should be denied, and the Claims should be deemed allowed general unsecured claims in the respective Debtor estates.

13.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, that the Omnibus Objection as it pertains to the Claims should be denied, and the Claims should be deemed allowed general unsecured claim in the respective Debtor estates, and for such other, further and different relief as this Court deems just and proper.

Dated:  January 11, 2022                    Respectfully submitted,
        Wantagh, New York

                                            **LaMONICA HERBST & MANISCALCO, LLP**
                                            Counsel to Hafnia Tankers Shipholding Malta Ltd.


                                    By:     *s/ Jacqulyn S. Loftin*
                                            Jacqulyn S. Loftin, Esq.
                                            3305 Jerusalem Avenue, Suite 201
                                            Wantagh, New York 11793
                                            Tel: 516.826.6500

<u>**Exhibit "A"**</u>

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

-----------------------------------------------------------x

In re:                                                                                  Chapter 11

BOUCHARD TRANSPORTATION CO., INC., *et al.*,                Case No. 20-34682 (DRJ)

                                                                                        (Jointly Administered)

              Debtors.

-----------------------------------------------------------x

**DECLARATION OF EDWARD A. KEANE IN SUPPORT OF HAFNIA TANKERS**
**SHIPHOLDING MALTA LTD.  RESPONSE TO THE DEBTOR'S FIRST OMNIBUS**
**OBJECTION TO CERTAIN PROOFS OF CLAIMS (AMENDED CLAIMS, DUPLICATIVE**
**CLAIMS, INSUFFICIENT DOCUMENTATION CLAIMS, LATE FILED**
**CLAIMS, NO LIABILITY CLAIMS, AND SATISFIED CLAIMS)**

TO:    **THE HONORABLE DAVID R. JONES**
          **UNITED STATES BANKRUPTCY JUDGE:**

I, Edward A. Keane, hereby affirm, under the penalty of perjury, as follows:

          1.       I am a partner in the law firm Mahoney & Keane, LLP, and duly admitted to

practice law in the courts of New York and New Jersey, as well as *inter alia* the Federal District

courts in the Southern District of New York, Eastern District of New York and District of New

Jersey. I have been involved, as counsel, for the subject Claimant[1] concerning the casualty

involving the Claimant's tanker vessel, Hafnia, and a crane since on or about the date of the

allision. As such I am fully familiar with the matters referred to below.

          2.       On March 31, 2018 the tanker vessel, Hafnia, owned and operated by the Claimant,

Hafnia Tankers Shipholding Malta Ltd. suffered an allision with the dock and associated area of

the Nustar Terminal's berthing facility at Linden, New Jersey. The allision caused damage to the

---
[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Response.

loading arm of the crane used by the Nustar's terminal to maneuver large hoses employed in loading and discharging sizable ocean-going tankers, such as the Hafnia.

3.      The allision was captured on CCTV owned by Nustar and it graphically shows the Hafnia and another vessel moored stern to its bow violently lifted and tossed shoreward into the dock and nearby loading crane by surging water. The entire complement of both ships can be seen rushing to the deck in the dead of night to try to assess the situation and no doubt in fear of their own safety.

4.      Both vessels had been still in quiet waters moments before the allision.

5.      The most obvious cause of the sudden surging water and upheaval of two very large ships was the negligent navigation of a tug and barge unit which passed the berth at the time of the surging, both too close and too fast for those waters. That flotilla was made up of the  tug Jane A. Bouchard and its tow, Barge B. 225, which were operated, managed and manned by the Debtors. The negligent nature of the navigation of the tug and barge was subsequently further confirmed by reviewing US Coast Guard GPS data concerning the flotilla's action, which data demonstrate both the excessively close passing and high rate of speed of the offending Debtor vessels.

6.      Due to the allision, Nustar advised both the Claimant, as well as the Debtors, that the loading crane arm of the terminal's shore crane had suffered extensive damage and invited both parties, the Claimant and Debtors, to attend a joint survey of the damage.

7.      After the accident, but prior to the bankruptcy filing, the Debtors retained Freehill Hogan & Mahar ("FHM"), a well-respected New York Maritime counsel to represent their interests. Although a number of attorneys at that firm were involved at various stages Mr. Wayne Meehan, Esq. was principally involved.

8.      In one email responding to Nustar's notice of survey, Mr. Meehan advised that his firm had appointed a surveyor to assess damages See Exhibit "1", email correspondence dated Aug.8, 2018. The appointed surveyors, Martin & Ottaway ("M&O"), attended the initial damage survey and many others that followed as the loading arm of the shore crane had to be taken to Georgia for repairs and then returned and reinstalled. That process took about one year to complete.

9.      While M&O did not attend every survey they did, in my estimation, attend all important surveys. Equally as important The Debtors' maritime counsel, FHM also appointed an expert in maritime casualties, London Offshore Consultants ("LOC"), which is another well regarded marine engineering/consulting firm often involved in forensic matters.

10.      At all times, FHM, M&O and LOC, as the Debtors' representatives, were fully involved in the matter and well knew the reasons for the Debtors' involvement. Specifically, that the Claimant, as well as Nustar were seeking to recover damages for the maritime vessel incident that occurred on March 31, 2018, due to the asserted negligent navigation of the Debtors' flotilla of the tug Jane A. Bouchard and Barge B. 225.

11.      The undersigned had many correspondences and several conversations with counsel at FHM concerning the claim for indemnity that the Claimant was asserting and, indeed, requested security for the claim from the Debtors.

12.      Moreover, I hand delivered a copy of the CCTV footage of the casualty at the request of FHM. That and the general statements made herein are graphically demonstrated by the various emails to and from the undersigned and FHM on the subject of the Claimant's Claims against the Debtors. A copy of the extensive correspondence is annexed as **Exhibit "1"**.

13.      There were, however, other communications between the undersigned and FHM in which the Claim, which is now at issue, was fully discussed and acknowledged by FHM. We

provide only a sampling as we see the issue as too clear to require more, but should the Court desire we can provide all written correspondence of relevance.

I declare under the penalty of perjury that the foregoing statements are true and correct.


Dated: January 11, 2022
        New York, New York

                                        *s/ Edward A. Keane*
                                        Edward A. Keane

## Exhibit "1"

| | |
|---|---|
| **From:** | Ed Keane |
| **To:** | "Ed Keane" |
| **Subject:** | FW: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar 2018 |
| **Date:** | Wednesday, June 30, 2021 4:22:52 PM |

-----Original Message-----
From: MEEHAN, WAYNE [mailto:MEEHAN@FREEHILL.COM]
Sent: Thursday, May 31, 2018 6:29 PM
To: Edward Keane <ekeane@mahoneykeane.com>
Cc: FITZGERALD, DANIEL <Fitzgerald@FREEHILL.COM>
Subject: Re: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA
KIRSTEN; DOI: 31 Mar 2018

Thanks Ed - we got it.  Will call you tomorrow about the security.

Wayne D. Meehan
Freehill Hogan & Mahar
80 Pine Street
New York, NY 10005
Office. 212-425-1900
Mobile 917-744-6562


On May 31, 2018, at 18:03, Edward Keane
<ekeane@mahoneykeane.com<mailto:ekeane@mahoneykeane.com>> wrote:

Guys,

For good order I confirm I dropped off a thumb drive today at your office
(messenger center). If you don't have it let me know.
Also, I look forward to your views on providing security without the need
for legal proceedings.
Best regards,
Ed


Edward A. Keane

Mahoney & Keane, LLP

61 Broadway, Suite 905
New York, New York 10006

Telephone: 212-385-1422
Mobile:  917-767-7869
Fax: 212-385-1605

From: MEEHAN, WAYNE [mailto:MEEHAN@FREEHILL.COM]
Sent: Wednesday, May 30, 2018 5:46 PM
To: Edward Keane <ekeane@mahoneykeane.com<mailto:ekeane@mahoneykeane.com>>
Subject: RE: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA
KIRSTEN; DOI: 31 Mar 2018

Ed,

My apologies on the security front. I will reach out to the club in the morning and let you know.

Wayne

WAYNE D. MEEHAN | FREEHILL HOGAN & MAHAR LLP
80 Pine Street, New York, N.Y. 10005-1759
Tel: 212-425-1900 | Fax: 212-425-1901
Direct: 212-381-3011| Cell: 917-744-6562
E-mail: meehan@freehill.com<mailto:canevari@freehill.com>

From: Edward Keane [mailto:ekeane@mahoneykeane.com]
Sent: Wednesday, May 30, 2018 5:14 PM
To: FITZGERALD, DANIEL; MEEHAN, WAYNE
Subject: RE: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA
KIRSTEN; DOI: 31 Mar 2018

Dan/Wayne,

I refer to the above referenced matter.

With my limited techno skills I have finally moved 14 files, which I believe
to be all of the video footage provided to me by NuStar, to a thumb drive. I
will drop it off or see it dropped off tonight or tomorrow at your
building's security desk and with luck it will be viewable to you as well
once in hand. I will confirm once that is done.

I will be chased very soon by my side on the issue of security. I would
appreciate your views on same as soon as possible. Thanks.
Best regards,
Ed


Edward A. Keane

Mahoney & Keane, LLP

61 Broadway, Suite 905
New York, New York 10006

Telephone: 212-385-1422
Mobile: 917-767-7869
Fax: 212-385-1605

From: FITZGERALD, DANIEL [mailto:Fitzgerald@FREEHILL.COM]
Sent: Tuesday, May 22, 2018 2:00 PM
To: Edward Keane <ekeane@mahoneykeane.com<mailto:ekeane@mahoneykeane.com>>;
MEEHAN, WAYNE <MEEHAN@FREEHILL.COM<mailto:MEEHAN@FREEHILL.COM>>
Subject: RE: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA
KIRSTEN; DOI: 31 Mar 2018

Ed-

We note the below. Wayne has been out of the office but I will bring this
matter to his attention later this week upon his return.

In the meantime, has NuStar provided you with a survey or any records in support of the alleged damage? If so, please forward. We have not received anything from NuStar. Also, our paralegal could not download the video footage from the provided link. Can NuStar provide us with a copy of the video footage on a compact disk for viewing?

DANIEL J. FITZGERALD | FREEHILL HOGAN & MAHAR LLP
80 Pine Street, New York, N.Y. 10005-1759
Tel: 212-425-1900 | Direct: 212-381-3047 | Fax: 212-425-1901 | E-mail:
fitzgerald@freehill.com<mailto:fitzgerald@freehill.com>

From: Edward Keane [mailto:ekeane@mahoneykeane.com]
Sent: Tuesday, May 22, 2018 1:05 PM
To: FITZGERALD, DANIEL; MEEHAN, WAYNE
Subject: RE: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA
KIRSTEN; DOI: 31 Mar 2018

Dan/Wayne,

In the above, I have been asked by the Owner of the Hafnia Kristen and its P
& I Club, Britannia, to obtain security from Bouchard Transportation for
the damages allegedly experienced by the NuStar terminal on March 31, 2018,
estimated to be about $900,000.00. NuStar claims its equipment was damaged
by the Hafnia Kristen, which, in turn, claims indemnity from Bouchard. I
have suggested trying to reach an agreement regarding security and so I
write.

Please call to discuss or provide your comments concerning same at your
earliest opportunity.

Thanks and best regards,
Ed

Edward A. Keane

Mahoney & Keane, LLP

61 Broadway, Suite 905
New York, New York 10006

Telephone: 212-385-1422
Mobile: 917-767-7869
Fax: 212-385-1605

_____
-------------------------------------------
PLEASE NOTE: The information contained in this message is privileged and
confidential, and is intended only for the use of the individual named above

and others who have been specifically authorized to receive such. If you are
not the intended recipient, you are hereby notified that any dissemination,
distribution or copy of this communication is strictly prohibited. If you
received this communication in error, or if any problems occur with
transmission, please notify us immediately by telephone - (212) 425-1900.
Thank you.

| | |
|---|---|
| **From:** | Ed Keane |
| **To:** | "Ed Keane" |
| **Subject:** | FW: Re: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar 2018 |
| **Date:** | Wednesday, June 30, 2021 4:20:52 PM |

**From:** Edward Keane [mailto:ekeane@mahoneykeane.com]
**Sent:** Wednesday, July 11, 2018 4:58 PM
**To:** 'MEEHAN, WAYNE' <MEEHAN@FREEHILL.COM>
**Subject:** Re: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar 2018

**Wayne**

**W/O Prejudice**

**I think the below is what was read previously.**


**Description of Damage:** Damage sustained to marine loading arm unit, bent arm structure, bent connection joint and leaking swivel joints.
Damage sustained to various other dock equipment
including electrical power controller for loading arm, pipe
support, electrical conduit, handrailing and misc. piping.
Damage sustained to dock gangway, severed in two pieces
with various crushed/torn members and numerous torn
gangway treads.
**Nature of Repairs:** Complete replacement of loading arm and hydraulics (likely required as current hydraulic system incompatible).
General repair, testing & assessment of misc. damages.
Complete replacement of gangway unit.
**Status of Repairs:** Emergency temporary repairs effected.
Estimated time for permanent repairs: 9 months
**Estimated Cost of Repairs:** Permanent Repairs: USD 600,000.00
Temporary Repairs: USD 300,000.00


Edward A. Keane

Mahoney & Keane, LLP

61 Broadway, Suite 905
New York, New York 10006

Telephone: 212-385-1422
Mobile:  917-767-7869
Fax:  212-385-1605

| | |
|---|---|
| From: | Ed Keane |
| To: | "Ed Keane" |
| Subject: | FW: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar 2018 |
| Date: | Wednesday, June 30, 2021 4:23:35 PM |

**From:** MEEHAN, WAYNE [mailto:MEEHAN@FREEHILL.COM]
**Sent:** Wednesday, August 08, 2018 5:11 PM
**To:** Weigel, Alan M. <aweigel@BlankRome.com>; Edward Keane <ekeane@mahoneykeane.com>
**Cc:** Letourneau, Keith <KLetourneau@BlankRome.com>; FITZGERALD, DANIEL <Fitzgerald@FREEHILL.COM>; Kyle Antonini
<kantonini@martinottaway.com>; Patrick Darjon <p.darjon@loc-group.com>
**Subject:** RE: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar 2018

Alan,

With reference to your email of August 2 inviting us to participate in an inspection of the loading arm, we accept your invitation to
participate. The following are the contact details for the representatives who will be intending the inspection on our behalf. We ask that
you have your representative contact them directly to make the necessary arrangements.

Kyle Antonini
Martin Ottaway
Tel: 732 224 1133
Cell: 908 568 7869
kantonini@martinottaway.com

Patrick Darjon
London Offshore Consultants
Tel: 281 987 7400
Cell: 281 678 7642
p.darjon@loc-group.com

If there are any plans or documentation which is going to be referenced during the inspections, we would appreciate it if you would
provide us (and our representatives) with copies in advance.

We look forward to hear from you.

Best regards,

Wayne

**WAYNE D. MEEHAN | FREEHILL HOGAN & MAHAR LLP**
80 Pine Street, New York, N.Y. 10005-1759
Tel: 212-425-1900| Fax: 212-425-1901
Direct: 212-381-3011| Cell: 917-744-6562
E-mail: meehan@freehill.com

> **From:** Weigel, Alan M. [mailto:aweigel@BlankRome.com]
> **Sent:** Thursday, August 02, 2018 4:15 PM
> **To:** Edward Keane; MEEHAN, WAYNE
> **Cc:** Letourneau, Keith; FITZGERALD, DANIEL
> **Subject:** NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar 2018
>
> Gentlemen.
>
> We have been advised that the loading arm manufacturer's rep will be attending NuStar's Linden NJ terminal on August 22 or 23 to
> decide whether the loading arm can be repaired or whether it needs to be replaced. You are invited to attend. I will provide further
> details as soon as I have them. Please let us know who will be attending for the vessel and the tug interests.
>
> Best regards,
>
> Alan M. Weigel | Blank Rome LLP
> The Chrysler Building 405 Lexington Avenue | New York, NY 10174-0208
> Phone: 212.885.5350 | Fax: 917.332.3836 | Cell: 860.334.7431 | Email: AWeigel@BlankRome.com

*************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*************************************************************************************

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

| | |
|---|---|
| **From:** | Ed Keane |
| **To:** | "Ed Keane" |
| **Subject:** | FW: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar 2018-- Braemar Ref. 325838 |
| **Date:** | Wednesday, June 30, 2021 4:19:48 PM |

**From:** MEEHAN, WAYNE [mailto:MEEHAN@FREEHILL.COM]
**Sent:** Tuesday, January 08, 2019 3:00 PM
**To:** 'Weigel, Alan M.' <aweigel@BlankRome.com>; Edward Keane <ekeane@mahoneykeane.com>
**Cc:** KLetourneau@BlankRome.com; FITZGERALD, DANIEL <Fitzgerald@FREEHILL.COM>;
bobby.surendra@braemar.com; Patrick Darjon <p.darjon@loc-group.com>
**Subject:** RE: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31 Mar
2018-- Braemar Ref. 325838

Dear Alan,

Our experts are also looking for a specific date.

Also, we are still looking for the documents which we requested earlier.  We previously advised that
our experts need those documents to perform a full and fair analysis and look forward to receipt of
those documents before any further inspections so that our people can fairly comment on the
reasonableness of your decisions regarding mitigation of this loss.

Regards,

Wayne

P.S. I have copied our expert (Patrick Darjon) so that he will be a aware of the dates for any
inspections.

**WAYNE D. MEEHAN | FREEHILL HOGAN & MAHAR LLP**
80 Pine Street, New York, N.Y. 10005-1759
Tel:  212-425-1900 | Fax: 212-425-1901
Direct: 212-381-3011| Cell: 917-744-6562
E-mail: meehan@freehill.com

> **From:** Edward Keane [mailto:ekeane@mahoneykeane.com]
> **Sent:** Tuesday, January 08, 2019 2:23 PM
> **To:** 'Weigel, Alan M.'
> **Cc:** KLetourneau@BlankRome.com; MEEHAN, WAYNE; FITZGERALD, DANIEL;
> bobby.surendra@braemar.com
> **Subject:** RE: NuStar Linden, New Jersey Terminal - Allision by Vessel HAFNIA KIRSTEN; DOI: 31
> Mar 2018-- Braemar Ref. 325838

Dear Alan,

Happy New Year to you.

In the above, we on behalf of the Owner of the M/V Hafnia Kirsten, have appointed Capt. Bobby Surendra of Braemar Technical Services, Inc.'s New Orleans office to attend the inspection of the disassembled Linden loading arm at North Winds Shop, 12520 Glasscock Rd, Gulfport, MS 39501.

Capt. Surendra's, who reads in copy, contact details are below or if more information is needed it may be found at the provided website link.

Captain Bobby Surendra
Principal Surveyor - New Orleans
Mobile: 504 259 3643
bobby.surendra@braemar.com
www.braemartechnical.com

We mention we still need a specific date for the inspection. Additionally, we continue to request the repair documents that exist concerning the subject casualty.
Should there be any question please also feel free to contact the undersigned.

Thank you and best regards,

Ed


Edward A. Keane

Mahoney & Keane, LLP

61 Broadway, Suite 905
New York, New York 10006

Telephone: 212-385-1422
Mobile: 917-767-7869
Fax: 212-385-1605

-------------------------------------------
PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.